UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO. 21-CV-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a foreign corporation, EPIC SPORTS AND ENTERTAINMENT, INC., a Florida corporation, and JOHN DOES 1 - 5,

    Defendants.

_____/

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT EPIC SPORTS AND ENTERTAINMENT, INC.

Plaintiff, Mahmoud Charr ("Charr"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 55(b), hereby files this Motion for Final Default Judgment Against Defendant, Epic Sports and Entertainment, Inc. ("Epic"), and in support thereof states:

### INTRODUCTION

On November 30, 2021, the Court, *sua sponte*, entered an Order to Show Cause for Lack of Prosecution requiring Plaintiff, "on or before December 7, 2021, [to] either move for . . . entry of [Final Default Judgment against] Defendant Epic Sports and Entertainment, Inc. or show cause why this action should not be dismissed as to Defendant Epic . . . for a lack of prosecution . . . ." Nov. 30, 2021 Ct. Order. [Dkt. No. 25]. Accordingly, Plaintiff now moves for entry of final default

judgment against Defendant Epic with respect to Count I of the Complaint (breach of contract) for actual damages in the amount of $1 million and costs in the amount of $1,378.63.

## PROCEDURAL POSTURE

1. On August 10, 2021, Plaintiff filed the instant lawsuit against Defendants, Don King, Don King Productions, Inc., Epic Sports and Entertainment, Inc., and John Does 1 – 5 (the "Complaint"). [Dkt. No. 1].

2. Plaintiff's lawsuit asserts a single claim for breach of contract against Defendant Epic (Count I) for actual damages in the amount of $1 million as well as costs. *See* Pl.'s Cmpl. at 12 - 13 [Dkt. No. 1].[1]

3. On August 26, 2021, Plaintiff served a copy of the Complaint on Defendant Epic such that Defendant was required to enter an appearance in this case, file an answer, or otherwise respond by or before September 16, 2021. [Dkt. No. 19].

3. On November 18, 2021, Plaintiff filed a Motion for Clerk's Entry of Default Against Defendant Epic after Defendant failed to take any such action. The motion was granted, and a Clerk's Default was entered against Defendant Epic the same day. [Dkt. Nos. 22 and 23].

4. On November 30, 2021, the Court entered an Order to Show Cause for Lack of Prosecution requiring Plaintiff to move for final default judgment against Defendant Epic on or before December 7, 2021 or show cause why Plaintiff's claim against Defendant Epic should not be dismissed for lack of prosecution. [Dkt. No. 25].

---

[1] On November 30, 2021, the Court entered an order denying, in part, Defendant Don King's and Don King Productions, Inc.'s Motion to Dismiss the Complaint, which struck Plaintiff's claim for attorney's fees under Count I after Plaintiff conceded in response to Defendants' motion that the allegations in the Complaint, as currently pled, do not support a claim for attorney's fees under this count.



5. Plaintiff has since complied with the November 30, 2021 order by moving for entry of final default judgment against Defendant Epic with respect to Plaintiff's breach of contract claim under Count I of the Complaint.

## **FINAL DEFAULT JUDGMENT**

6. The Court should grant Plaintiff's Motion for Final Default Judgment Against Defendant Epic as the Federal Rules provide that the Court may enter a default judgment against any defendant "who has been defaulted for not appearing" and is not "an infant or incompetent." Fed. R. Civ. P. 55(b); *see also Casandra Pastrana, et al. v. Level up Fitness, LLC*, 2021 WL 5631776, at *2 (S.D. Fla. Dec. 1, 2021) ("Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings.").

7. Fed. R. Civ. P. 55 sets forth the procedure for obtaining a default judgment in these instances: "First, when a defendant fails to plead or otherwise defend the lawsuit, [a party must obtain] a clerk's default . . . Second, after entry of a clerk's default, if the defendant is not an infant or incompetent, [a party must move the Court to] enter a default judgment against the defendant for not appearing or defending the lawsuit." *Hue v. Samuel's Auto Fl., LLC*, 2021 WL 5707539, at *2 (S.D. Fla. Dec. 1, 2021).

8. Plaintiff has complied with Fed. R. Civ. P. 55 by moving for and obtaining a Clerk's Entry of Default against Defendant Epic on November 18, 2021. Having obtained a Clerk's Default, Plaintiff now moves for final default judgment against Defendant Epic for "not appearing or defending [this] lawsuit." *Id.*

9. In addition to following the appropriate procedure, Plaintiff is entitled to final default judgment because the factual allegations in the Complaint support Plaintiff's claim for breach of contract against Defendant Epic. *See Hue*, 2021 WL 5707539, at *2 ("After a default has been entered . . . the Court must review the sufficiency of the complaint before determining whether the moving party is entitled to a default judgment pursuant to Rule 55(b)").

10. While "a default is not 'an absolute confession by the defendant of his liability and of the plaintiff's right to recover . . . [it] acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint." *Casandra Pastrana, et al., LLC*, 2021 WL 5631776, at *2 (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009)); *see also* Nov. 30, 2021 Ct. Order [Dkt. No. 24].

10. Plaintiff is thus entitled to recover actual damages from Defendant Epic under Count I in the amount of $1 million as well as costs in the amount of $1,378.63, which are sum certains supported by the attached Declaration (Exhibit A) such that the Court "must enter judgment for [this] amount and costs against [Defendant Epic] who has been defaulted for not appearing." Fed. R. Civ. P. 55(b).

11. Plaintiff attaches hereto (Exhibit B) a proposed order granting this Motion for Final Default Judgment against Defendant Epic Sports and Entertainment, Inc. pursuant to the Local Rules.

WHEREFORE, Plaintiff, Mahmoud Charr, respectfully requests entry of final default judgment against Defendant, Epic Sports and Entertainment, Inc. for actual damages in the amount

of $1 million and costs in the amount of $1,378.63, in addition to any other relief the Court deems just and proper.

Dated: December 7, 2021

Respectfully submitted,

BLACK SREBNICK, P.A.
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
305-371-6421 Telephone
305-358-2006 Fax

By: /s/ Jared Lopez
Jared Lopez, Esq.
Florida Bar No. 103616
Donald J. Hodson, Esq.
Florida Bar No. 120256
JLopez@RoyBlack.com
DHodson@RoyBlack.com
civilpleadings@royblack.com

*Counsel for Plaintiff Mahmoud Charr*

DINES AND ENGLISH LLC
685 Van Houten Avenue
Clifton, New Jersey 07013
973-778-7575 Telephone
973-778-7633 Fax

By: /s/ Patrick C. English
Patrick English, Esq.
New Jersey Bar No. 023811978
dinesandenglish@aol.com

*Counsel for Plaintiff Mahmoud Charr*



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY a true and correct copy of the foregoing was filed with the Court this 7th day of December 2021 and electronically served via the CM/ECF system on: Mr. Alejandro Brito, Esq., Zarco Einhorn Salkowski & Brito, P.A., One Biscayne Tower, 2 South Biscayne Blvd., 34th Floor, Miami, Florida 33131, abrito@zarcolaw.com and apirious@zarcolaw.com.

                                                     By: /s/ Jared Lopez
                                                          Jared Lopez, Esq.