UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 21-cv-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation, EPIC SPORTS AND
ENTERTAINMENT, INC., a Florida
corporation, and JOHN DOES 1 - 5,

    Defendants.
_____/

**DEFENDANT EPIC SPORTS AND ENTERTAINMENT, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Epic Sports And Entertainment, Inc. ("Epic"), by and through undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby file this Answer and Affirmative Defenses to Plaintiff's Complaint [DE 1], as follows:

**Answer**

1. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

2. Admitted.

3. Admitted.

4. Admitted.

5. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

6. Admitted that this Court possesses subject matter jurisdiction, but denied that Plaintiff is entitled to the requested relief.

7. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

8. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

9. Admitted that the Court possesses personal jurisdiction over Epic. All other allegations are denied.

10. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

11. Admitted that venue is proper.

12. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

13. Denied.

14. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

15. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

16. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

17. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

18. Admitted that the WBA issued the subject resolution and ordered a purse bid for the fight. All remaining allegations are denied.

19. Admitted.

20. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted that the terms of the WBA resolution referenced in this paragraph speaks for itself.

31. Denied.

32. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

33. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

40. Denied.

41. Epic is without knowledge or information sufficient to respond to these allegations and, therefore, denies the allegations.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. The emails attached as Exhibit J to the Complaint speak for themselves, but it is specifically denied that the statements made in those emails, and the characterization of those emails in this paragraph, are true and accurate.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Admitted that the boxing match referenced in this paragraph occurred. All remaining allegations are denied.

### Count I – Breach of Contract (Promoter Agreement)
### Charr v. DKP and Epic

54. Epic re-alleges and incorporates by reference the responses provided to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**WHEREFORE,** Epic Sports and Entertainment, Inc., having fully answered this Count, respectfully requests that the Court enter judgment in its favor and against Plaintiff and award Epic Sports and Entertainment, Inc. its costs in defending this action, along with any other relief that this Court deems just and proper.

### Count II – Breach of Contract (Purse Bid Agreement)
### Charr v. DKP

62. Epic re-alleges and incorporates by reference the responses provided to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

63. This Count has been dismissed by the Court. Thus, no response is required.

64. This Count has been dismissed by the Court. Thus, no response is required.

65. This Count has been dismissed by the Court. Thus, no response is required.

66. This Count has been dismissed by the Court. Thus, no response is required.

67. This Count has been dismissed by the Court. Thus, no response is required.

68. This Count has been dismissed by the Court. Thus, no response is required.

### Count III – Tortious Interference with Business Relationship
### Charr v. King and DKP

69. Epic re-alleges and incorporates by reference the responses provided to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

70. This Count is not directed at Epic. Thus, no response is required.

71. This Count is not directed at Epic. Thus, no response is required.

72. This Count is not directed at Epic. Thus, no response is required.

73. This Count is not directed at Epic. Thus, no response is required.

74. This Count is not directed at Epic. Thus, no response is required.

75. This Count is not directed at Epic. Thus, no response is required.

76. This Count is not directed at Epic. Thus, no response is required.

## Count IV – Civil Conspiracy
### Charr v. King and DKP

77. Epic re-alleges and incorporates by reference the responses provided to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

78. This Count is not directed at Epic. Thus, no response is required.

79. This Count is not directed at Epic. Thus, no response is required.

80. This Count is not directed at Epic. Thus, no response is required.

81. This Count is not directed at Epic. Thus, no response is required.

## Affirmative Defenses

1. Plaintiff's claim for breach of contract is barred on the grounds that the alleged Promoter Agreement does not impose the obligations upon Epic that Plaintiff relies upon as the basis for this claim.

2. Plaintiff's claim for breach of contract is barred on the grounds that the written instrument that Plaintiff is seeking to enforce is illegible.

3. While Epic denies that Plaintiff has sustained any damages, if it should be determined that Plaintiff has alleged legally cognizable claims, such damages must be reduced or denied in their entirety, to the extent that Plaintiff has failed to take reasonable action to mitigate his alleged damages.

4. The relief sought by Plaintiff is barred by Plaintiff's failure to perform his contractual obligations.

5. Any injuries or damages sustained by Plaintiff were not proximately caused by any act(s) or omission(s) on the part of Epic.

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
*Counsel for Epic Sports and Entertainment, Inc.*
One Biscayne Tower
2 South Biscayne Boulevard
34th Floor
Miami, FL 33131

By: /s/ Alejandro Brito
 ALEJANDRO BRITO
 Florida Bar No. 098442
 abrito@zarcolaw.com
 apiriou@zarcolaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 8, 2021 the foregoing was served via the

Court's CM/ECF System upon:

Patrick English, Esq.
New Jersey Bar No. 023811978
DINES AND ENGLISH, LLC
685 Van Houten Avenue
Clifton, New Jersey 07013
dinesandenglish@aol.com

Jared Lopez, Esq.
Florida Bar No. 103616
Donald Hodson, Esq.
Florida Bar 120256
BLACK SREBNICK, P.A.
201 S. Biscayne Boulevard,
Suite 1300 Miami, Florida 33131
JLopez@RoyBlack.com
DHodson@RoyBlack.com
civilpleadings@royblack.com

*Counsel for Plaintiff Mahmoud Charr*

By: /s/ *Alejandro Brito* _____