UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO. 21-CV-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation, EPIC SPORTS AND
ENTERTAINMENT, INC., a Florida
corporation, and JOHN DOES 1 - 5,

    Defendants.
_____/

## **PLAINTIFF'S RESPONSE TO DECEMBER 8, 2021 ORDER TO SHOW CAUSE**

Plaintiff, Mahmoud Charr ("Charr"), by and through his undersigned counsel, hereby files this Response to the December 8, 2021 Order to Show Cause and in support thereof states as follows:

### **INTRODUCTION**

On December 8, 2021, the Court entered an Order Denying as Premature Plaintiff's Motion for Final Default Judgment Against Defendant Epic Sports and Entertainment, Inc. [DE 28]. The Order states in part, "while the Court ordered Plaintiff to move for a clerk's entry of default judgement against Defendant Epic Sports and Entertainment, Inc. on or before December 7, 2021, *see* [DE 25], Plaintiff has filed a Motion for Final Default Judgment prior to filing a Motion for Clerk's Entry of Default." *Id.* At present, the record supports that Plaintiff moved for and obtained

a Clerk's Default against Defendant Epic Sports and Entertainment, Inc. on November 18, 2021 [DE 22 and 23] in response to a prior Order to Show Cause for Lack of Prosecution entered November 15, 2021 [DE 20]. *See* Ord. of Clerk's Default, Exhibit A.  Only after a Clerk's Default was entered, pursuant to Plaintiff's motion for entry of same, did Plaintiff file a Motion for Final Default Judgment Against Defendant Epic Sports and Entertainment, Inc. on December 7, 2021 [DE 26].

## PROCEDURAL POSTURE

1. On August 10, 2021, Plaintiff filed the instant lawsuit against Defendants, Don King, Don King Productions, Inc., Epic Sports and Entertainment, Inc., and John Does 1 – 5 (the "Complaint"). [DE 1].

2. On August 26, 2021, Plaintiff served a copy of the Complaint on Defendant Epic such that Defendant was required to enter an appearance in this case, file an answer, or otherwise respond by or before September 16, 2021. [DE 19].

3. On November 15, 2021, the Court entered an Order to Show Cause for Lack of Prosecution requiring Plaintiff, "on or before November 22, 2021, [to] either move for Clerk's Entry of Default against Defendant Epic Sports and Entertainment, Inc. or show cause why this case should not be dismissed for lack of prosecution . . . ." [DE 20].

4. On November 18, 2021, Plaintiff, pursuant to the November 15, 2021 order, filed a Motion for Clerk's Entry of Default Against Defendant Epic Sports and Entertainment, Inc. The motion was granted, and a Clerk's Default was entered pursuant to Plaintiff's motion against Defendant Epic the same day. DE 22 and 23].

2



5.  On November 30, 2021, the Court entered an Order to Show Cause for Lack of Prosecution requiring Plaintiff to move for final default judgment against Defendant Epic Sports and Entertainment, Inc. by or before December 7, 2021 after a Clerk's Default was entered against Defendant Epic Sports and Entertainment, Inc. [DE 25].

6.  Plaintiff has since complied with the November 30, 2021 order by moving for entry of final default judgment against Defendant Epic Sports and Entertainment, Inc. with respect to Plaintiff's breach of contract claim under Count I of the Complaint.

## FINAL DEFAULT JUDGMENT

7.  While the Court previously denied Plaintiff's motion for final default judgment against Defendant Epic Sports and Entertainment, Inc., Plaintiff respectfully requests the Court reconsider that order in light of the procedural posture of the case set forth above.

8.  Indeed, the Federal Rules provide that the Court may enter a default judgment against any defendant "who has been defaulted for not appearing" and is not "an infant or incompetent." Fed. R. Civ. P. 55(b); *see also Casandra Pastrana, et al. v. Level up Fitness, LLC*, 2021 WL 5631776, at *2 (S.D. Fla. Dec. 1, 2021) ("Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings.").

8.  Fed. R. Civ. P. 55 provides the procedure for obtaining a default judgment in instances where, as in this case, a defendant fails to appear: "First, when a defendant fails to plead or otherwise defend the lawsuit, [a party must obtain] a clerk's default . . . Second, after entry of a clerk's default, if the defendant is not an infant or incompetent, [a party must move the Court to]

3



enter a default judgment against the defendant for not appearing or defending the lawsuit." *Hue v. Samuel's Auto Fl., LLC*, 2021 WL 5707539, at *2 (S.D. Fla. Dec. 1, 2021).[1]

9. As noted in Plaintiff's Motion for Final Default Judgment, Plaintiff has complied with Fed. R. Civ. P. 55 by first moving for and obtaining a Clerk's Entry of Default against Defendant Epic Sports and Entertainment, Inc. on November 18, 2021.

10. After Plaintiff obtained a Clerk's Default against Defendant Epic Sports and Entertainment, Inc., Plaintiff then moved for final default judgment against Defendant Epic Sports and Entertainment, Inc. for "not appearing or defending [this] lawsuit" on December 7, 2021. *Id.*

WHEREFORE, Plaintiff, Mahmoud Charr, respectfully requests this Honorable Court grant Plaintiff's Motion for Final Default Judgment Against Defendant Epic Sports and Entertainment, Inc. and forward Plaintiff actual damages in the amount of $1 million and costs in the amount of $1,378.63, in addition to any other relief the Court deems just and proper.

Dated: December 10, 2021

---

[1] Counsel for Defendant Epic Sports and Entertainment, Inc. only filed a notice of appearance on December 7, 2021 after Plaintiff filed a Motion for Final Default Judgment Against Defendant Epic Sports and Entertainment, Inc. and subsequently filed an Answer and Affirmative Defenses to the Complaint on December 8th [DE 7 and 8].

Respectfully submitted,

BLACK SREBNICK, P.A.
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
305-371-6421 Telephone
305-358-2006 Fax

By:  /s/ Jared Lopez
    Jared Lopez, Esq.
    Florida Bar No. 103616
    Donald J. Hodson, Esq.
    Florida Bar No. 120256
    JLopez@RoyBlack.com
    DHodson@RoyBlack.com
    civilpleadings@royblack.com

*Counsel for Plaintiff Mahmoud Charr*

DINES AND ENGLISH LLC
685 Van Houten Avenue
Clifton, New Jersey 07013
973-778-7575 Telephone
973-778-7633 Fax

By:   /s/ Patrick C. English
    Patrick English, Esq.
    New Jersey Bar No. 023811978
    dinesandenglish@aol.com

*Counsel for Plaintiff Mahmoud Charr*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY a true and correct copy of the foregoing was filed with the Court this 10th day of December 2021 and electronically served via the CM/ECF system on: Mr. Alejandro Brito, Esq., Zarco Einhorn Salkowski & Brito, P.A., One Biscayne Tower, 2 South Biscayne Blvd., 34th Floor, Miami, Florida 33131, abrito@zarcolaw.com and apirious@zarcolaw.com.

By: /s/ Jared Lopez
     Jared Lopez, Esq.