UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 21-cv-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation, EPIC SPORTS AND
ENTERTAINMENT, INC., a Florida
corporation, and JOHN DOES 1 - 5,

    Defendants.
_____/

### DEFENDANTS DON KING AND DON KING PROMOTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, Don King ("King") and Don King Promotions, Inc. ("DKP") (collectively, the "King Defendants"), by and through undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby file this Answer and Affirmative Defenses to Plaintiff's Complaint [DE 1], as follows:

#### Answer

1. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

2. Admitted.

3. Admitted.

4. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

5. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

      6.      Admitted that this Court possesses subject matter jurisdiction, but denied that Plaintiff is entitled to the requested relief.

      7.      Admitted that the Court possesses personal jurisdiction over King. All other allegations are denied.

      8.      Admitted that the Court possesses personal jurisdiction over DKP. All other allegations are denied.

      9.      The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

      10.      The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

      11.      Admitted that venue is proper.

      12.      The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

      13.      Denied.

      14.      The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

      15.      Admitted that King owns and operates DKP. All remaining allegations are denied.

      16.      Denied. The allegations in this paragraph are irrelevant and are subject to being stricken.

      17.      Denied.

      18.      Admitted that the WBA issued the subject resolution and ordered a purse bid for the fight. All remaining allegations are denied.

      19.      Admitted.

20. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted that the WBA issued a Resolution on February 19, 20202, the terms of which speak for themselves.

31. Denied.

32. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

33. Admitted that DKP won the purse bid. The remaining allegations are denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

40. Denied.

41. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. The emails attached as Exhibit J to the Complaint speak for themselves, but it is specifically denied that the statements made in those emails, and the characterization of those emails in this paragraph, are true and accurate.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Admitted that the boxing match referenced in this paragraph occurred. All remaining allegations are denied.

**Count I – Breach of Contract (Promoter Agreement)**
**Charr v. DKP and Epic**

54. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**WHEREFORE,** Don King Promotions, Inc., having fully answered this Count, respectfully requests that the Court enter judgment in its favor and against Plaintiff and award Don King Promotions, Inc. its costs in defending this action, along with any other relief that this Court deems just and proper.

### Count II – Breach of Contract (Purse Bid Agreement)
### Charr v. DKP

62. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

63. This Count has been dismissed by the Court. Thus, no response is required.

64. This Count has been dismissed by the Court. Thus, no response is required.

65. This Count has been dismissed by the Court. Thus, no response is required.

66. This Count has been dismissed by the Court. Thus, no response is required.

67. This Count has been dismissed by the Court. Thus, no response is required.

68. This Count has been dismissed by the Court. Thus, no response is required.

### Count III – Tortious Interference with Business Relationship
### Charr v. King and DKP

69. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

**WHEREFORE,** Don King and Don King Promotions, Inc., having fully answered this Count, respectfully request that the Court enter judgment in their favor and against Plaintiff and award Don King and Don King Promotions, Inc. their costs in defending this action, along with any other relief that this Court deems just and proper

## Count IV – Civil Conspiracy
## Charr v. King and DKP

77. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

78. This Count has been dismissed by the Court. Thus, no response is required.

79. This Count has been dismissed by the Court. Thus, no response is required.

80. This Count has been dismissed by the Court. Thus, no response is required.

81. This Count has been dismissed by the Court. Thus, no response is required.

## Affirmative Defenses

1. Plaintiff's claim for breach of contract is barred on the grounds that the alleged Promoter Agreement does not impose the obligations upon DKP that Plaintiff relies upon as the basis for this claim.

2. Plaintiff's claim for breach of contract is barred on the grounds that the written instrument that Plaintiff is seeking to enforce is illegible.

3. Plaintiff's claim for tortious interference is barred on the grounds that any act alleged to have been engaged in by the King Defendants were legal acts in themselves and violated no rights of the Plaintiff.

4. Plaintiff's claim for tortious interference is barred on the grounds that the King Defendants did not owe a duty to Plaintiff and were entitled to conduct their business in a manner that they each determined to be in their own best interests.

5. Plaintiff's claim for tortious interference is barred on the grounds that to the extent that Plaintiff can establish the existence of a business relationship with the WBA, such a relationship is terminable at will and/or is subject to the rules set forth by the WBA, with which Plaintiff failed to comply.

6. While the King Defendants deny that Plaintiff has sustained any damages, if it should be determined that Plaintiff has alleged legally cognizable claims, such damages must be reduced or denied in their entirety, to the extent that Plaintiff has failed to take reasonable action to mitigate his alleged damages.

7. The relief sought by Plaintiff is barred by Plaintiff's failure to perform his contractual obligations.

**8.** Any injuries or damages sustained by Plaintiff were not proximately caused by any act(s) or omission(s) on the part of the King Defendants.

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
*Counsel for Defendants Don King and Don King Promotions, Inc.*
One Biscayne Tower
2 South Biscayne Boulevard
34th Floor
Miami, FL 33131

By: /s/ Alejandro Brito
    ALEJANDRO BRITO
    Florida Bar No. 098442
    abrito@zarcolaw.com
    apiriou@zarcolaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 13, 2021 the foregoing was served via the

Court's CM/ECF System upon:

Patrick English, Esq.
New Jersey Bar No. 023811978
DINES AND ENGLISH, LLC
685 Van Houten Avenue
Clifton, New Jersey 07013
dinesandenglish@aol.com

Jared Lopez, Esq.
Florida Bar No. 103616
Donald Hodson, Esq.
Florida Bar 120256
BLACK SREBNICK, P.A.
201 S. Biscayne Boulevard,
Suite 1300 Miami, Florida 33131
JLopez@RoyBlack.com
DHodson@RoyBlack.com
civilpleadings@royblack.com

*Counsel for Plaintiff Mahmoud Charr*

By: /s/ *Alejandro Brito* _____