UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO. 21-CV-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation, EPIC SPORTS AND
ENTERTAINMENT, INC., a Florida
corporation, and JOHN DOES 1 - 5,

    Defendants.
_____/

## JOINT DISCOVERY PLAN AND SCHEDULING REPORT

Plaintiff, Mahmoud Charr ("Charr" and/or "Plaintiff"), and Defendants, Don King ("King"), individually, Don King Productions, Inc. ("DKP"), and Epic Sports and Entertainment, Inc. ("Epic") (collectively "Defendants"), by and through their undersigned attorneys and pursuant to this Court's Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discovery Report [DE 7], Fed. R. Civ. P. 26, and Local Rule 16.1.B.2, hereby file this Joint Discovery Plan and Scheduling Report along with the attached Joint Proposed Scheduling Order, and state as follows:

### I. Fed. R. Civ. P. 26(F)(3) – Discovery Plan

**(A)** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

CASE NO. 21-CV-61654-WPD

> The Parties do not believe any changes should be made to the required disclosures and agree to serve the initial disclosures by **January 27, 2022.**

**(B)** **The subjects on when discovery may be needed, when discovery should be completed, and when discovery should be conducted in phases or be limited to or focused on particular issues:**

Plaintiff filed a four-count Complaint in this case asserting claims for Breach of Contract: Promoter Agreement against DKP and Epic (Count I); Breach of Contract: Purse Bid Agreement against DKP (Count II); Tortious Interference with Business Relationship against King and DKP (Count III); and Civil Conspiracy against King, DKP, and John Does 1 – 5 (Count IV).

The Complaint alleges King, DKP, and Epic breached separate promoter and purse bid agreements pertaining to Plaintiff's participation in various professional boxing matches including a World Boxing Association ("WBA") sponsored championship title bout, which resulted in Plaintiff incurring damages.

The Complaint further alleges King, DKP, and John Does 1 – 5 illegally conspired to prevent Plaintiff from participating in that title bout by exerting undue influence on the WBA such that Plaintiff incurred further damages including the loss of his title as the WBA Regular Heavyweight Champion.

On September 21, 2021, King and DKP filed a Motion to Dismiss Complaint and Motion to Strike (Plaintiff's Claim for Attorney's Fees and Consequential Damages) [DE 12], which the Court granted in part on November 30, 2021 [DE 24]: The order dismissed *without prejudice* Plaintiff's claims for Breach of Contract: Purse Bid Agreement against DKP (Count II) and Civil Conspiracy against King, DKP, and John Does 1 - 5 (Count IV) as well as Plaintiff's claim for attorney's fees.

At present, Plaintiff anticipates the need for extensive discovery in this case due to the number of parties involved and because Plaintiff expects to unearth evidence in discovery to support the addition of other defendants and claims to this lawsuit.

Defendants do not agree that extensive discovery will be necessary and instead anticipate that discovery will be commensurate with the existing claims in this action, which are only a breach of contract and a tortious interference claim.

The Parties agree this case is appropriately assigned to the **Standard Track** and submit that a scheduling order consistent with the attached Joint Proposed Scheduling Order is appropriate for this matter.

**(C)** **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**:

The Parties will propound written discovery, which they will work to conclude expeditiously. Such discovery will include the propounding of interrogatories, requests for production, and requests for admissions. Discovery shall be limited to the extent provided by the Federal Rules of Civil Procedure. Additionally, the Parties will take depositions, which likely be conducted via Zoom and/or some other method of videoconference.

CASE NO. 21-CV-61654-WPD

**(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order:**

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it immediately upon discovery of the privileged information and without retaining a copy. The Parties will comply with the Court's rules governing redaction of account and social security numbers as well as other similar information deemed sensitive or confidential.

**(E)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The Parties are not aware of any necessary changes at this time; however, the Parties respectively reserve their right to amend this response as necessary.

**(F)** **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

The Parties will raise any other matters with the Court via motion and/or a request for status conference, should such matters arise.

## II.  Local Rule 16.1.B.2 – Conference Report

**(A)** **The likelihood of settlement.**

The Parties have agreed to keep settlement discussions open.

**(B)** **The likelihood of appearance in the action of additional parties.**

Plaintiff expects additional defendants will be added to this lawsuit upon discovery.

**(C)** Defendants anticipate adding additional third parties to the action.

**Proposed limits on time:**

i.  Cutoff to join other parties and amend the pleadings: **July 1, 2022**

ii. Deadline for filing dispositive motions: **November 1, 2022**

All pretrial motions and *Daubert* motions (which include motions to strike experts) must be filed by this date. Each party is limited to filing one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.

iii. Deadline to complete discovery: **October 1, 2022**

CASE NO. 21-CV-61654-WPD

**(D)** **Proposals for the formulation and simplification of issues:**

The Parties agree to cooperate in trying to simplify the issues through discovery.

**(E)** **The necessity or desirability of amendments to the pleadings:**

The Parties anticipate amending the pleadings to include additional defendants and claims with such amendment(s) occurring by or before **July 1, 2022**.

**(F)** **The possibility of obtaining admissions of fact and documents to avoid unnecessary proof:**

The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents that will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents originating from each of the Parties and/or their respective agents, employees, and/or representatives. At present, the Parties do not require any ruling regarding the admissibility of evidence.

**(G)** **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance this case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

**(H)** **Suggestions on the advisability of referring matters to a magistrate judge or master:**

The Parties agree to the referring of routine discovery matters (e.g., motions to compel) to a Magistrate Judge.

**(I)** **A preliminary estimate of the time required for trial:**

Plaintiff believes that trial will take **7 days** and agree that this case should be assigned to the Standard Track pursuant to S.D. Fla. L. R. 16.1(a)(2)(B).

Defendants believe that trial will take 3-4 days and agree that this case should be assigned to the Standard Track pursuant to S.D. Fla. L. R. 16.1(a)(2)(B).

**(J)** **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The Parties propose the following dates:

(i)   Final pretrial conference: **February 1, 2023**

(ii)  Two-week trial period: **March 1, 2023**

CASE NO. 21-CV-61654-WPD

**(K)** **Any issues about (i) disclosure, discovery, or preservation of electronically stored information, including the forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist:**

The Parties do not foresee any such issues at this time.

**(L)** **Any other information that might be helpful to the Court:**

Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

Dated this 3rd day of January 2022.

| | |
|---|---|
| BLACK SREBNICK, P.A.<br>201 S. Biscayne Boulevard, Suite 1300<br>Miami, Florida 33131<br>305-371-6421 Telephone<br>305-358-2006 Fax<br><br>By: /s/ Jared Lopez<br>    Jared Lopez, Esq.<br>    Florida Bar No. 103616<br>    Donald J. Hodson, Esq.<br>    Florida Bar No. 120256<br>    JLopez@RoyBlack.com<br>    DHodson@RoyBlack.com<br>    civilpleadings@royblack.com<br><br>*Counsel for Plaintiff Mahmoud Charr* | DINES AND ENGLISH LLC<br>685 Van Houten Avenue<br>Clifton, New Jersey 07013<br>973-778-7575 Telephone<br>973-778-7633 Fax<br><br>By: /s/ Patrick C. English<br>    Patrick English, Esq.<br>    New Jersey Bar No. 023811978<br>    dinesandenglish@aol.com<br><br>*Counsel for Plaintiff Mahmoud Charr* |

5

CASE NO. 21-CV-61654-WPD

ZARCO EINHORN SALKOWSKI & BRITO, P.A.
One Biscayne Tower
2 South Biscayne Boulevard
34th Floor
Miami, Florida 33131

By: /s/ Alejandro Brito
     Alejandro Brito, Esq.
     Florida Bar No. 098442
     abrito@zarcolaw.com
     apiriou@zarcolaw.com

*Counsel for Defendants Don King, Don King Productions, Inc.,*
*and Epic Sports and Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court this 3rd day of January 2022 and electronically served via the CM/ECF system on: Mr. Alejandro Brito, Esq., Zarco Einhorn Salkowski & Brito, P.A., One Biscayne Tower, 2 South Biscayne Blvd., 34th Floor, Miami, Florida 33131, abrito@zarcolaw.com and apirious@zarcolaw.com.

                                                By: /s/ Jared Lopez
                                                     Jared Lopez, Esq.