UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAHMOUD CHARR,                                    CASE NO. 21-cv-61654-WPD

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation, EPIC SPORTS AND
ENTERTAINMENT, INC., a Florida
corporation, and JOHN DOES 1 - 5,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND MOTION TO STRIKE

THIS CAUSE came before the Court on Defendants Don King ("King"), Don King Promotions, Inc. ("DKP") and Epic Sports and Entertainment, Inc. ("Epic"), (collectively, "Defendants")'s Motion to Dismiss Amended Complaint and Motion to Strike (the "Motion"), filed September 6, 2022. [DE 52]. The Court has carefully considered Motion [DE 52], Plaintiff Mahmoud Charr ("Plaintiff" or "Charr")'s Response [DE 62], notes that Defendants did not file a Reply, and is otherwise fully advised in the premises.

### I. BACKGROUND

On August 10, 2021, Plaintiff filed this action against Defendants King, DPK, Epic, and John Does 1-5.[1] *See* [DE 1]. Defendants King and DPK moved to dismiss and strike. *See* [DE 12]. On November 30, 2021, the Court entered an Order dismissing Count II -- Breach of Contract (Purse Bid Agreement) against DKP and Count IV -- Civil Conspiracy against King and

---

[1] Defendants John Does 1-5 were dismissed without prejudice. *See* [DE 21].

DKP for failure to state a claim pursuant to Rule 12(b)(6), striking the claims for attorney's fees, and denying the remainder of the motion. *See* [DE 24]. On December 8, 2021, Defendant Epic filed an answer to the Complaint; on December 13, 2021, Defendants King and DPK filed an answer to the Complaint. *See* [DE's 29, 32]. On August 3, 2022, the Court granted Plaintiff's Motion to Amend Complaint, which sought to include World Boxing Association, Inc. ("WBA") and Gilberto Mendoza, Jr. ("Mendoza") as parties in this lawsuit and to assert additional claims against King, DPK, Epic, WBA, and Mendoza based on evidence obtained in discovery. *See* [DE's 43, 44]. Plaintiff filed his Amended Complaint, the operative pleading, on August 8, 2022. *See* [DE 45]. The Amended Complaint alleges that Defendants were trying to prohibit Plaintiff from participating in a heavyweight boxing match by failing to comply with the terms of a contract between DKP, Epic Sports and Plaintiff and also by exerting influence over the WBA so that the WBA would strip Plaintiff of his heavyweight title as a result of Plaintiff's failure to participate in the boxing match. *See id.* The Amended Complaint alleges the following causes of action:  Count I -- Violations of 15 USC §6308 against all Defendants; Count II -- Violation of 18 USC §1962 against King, DKP, Mendoza and WBA; Count III -- Breach of Contract against DKP and Epic Sports; Count IV -- Breach of Contract against DKP; Count V -- Tortious Interference with Business Relationship against King and DKP; Count VI -- Breach of Contract against WBA; and Count VII -- Civil Conspiracy against King, DKP, Mendoza and WBA. *See* [DE 45].

Defendant DKP and King filed the instant Motion to Dismiss and Motion to Strike, seeking to dismiss Counts I, II, IV and VII of the Amended Complaint for failure to state a claim upon which relief can be granted and to strike the requests for attorneys' fees in Counts III and IV. *See* [DE 52].

## II.     STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

## III.    DISCUSSION

Defendant DKP and King filed the instant Motion to Dismiss and Motion to Strike, seeking to dismiss Counts I, II, IV and VII of the Amended Complaint for failure to state a claim

upon which relief can be granted and to strike the requests for attorneys' fees in Counts III and IV. The Court addresses these grounds, in turn.

### a. Failure to State a Claim as to Count I – Violation of the Muhammad Ali Act

Count I alleges a claim against all Defendants for violating the Muhammad Ali Act, 15 U.S.C. § 6308 (the "Ali Act"). *See* [DE 45] at ¶¶91-103. Plaintiff brings a private right of action as a boxer for violation of the Ali Act, which is permitted by 15 U.S.C. § 6309(d). Defendants argue that Plaintiff fails to state a claim in Count I because Defendants King, DKP, and Epic are not officers or employees of any sanctioning organization. The Court disagrees.

15 U.S.C. § 6308(c) specifically provides that no officer or employee of a sanctioning organization may receive compensation, gifts, or benefits, directly or indirectly, from a promoter, boxer, or manager except as part of a published sanctioning fee charge that is reported to a commission. Plaintiff alleges that he is a "Boxer" as defined in 15 U.S.C. § 6301(1); that King, DKP, and Epic are "Promoters" as defined in 15 U.S.C. § 6301(9); and that the WBA is a "Sanctioning Organization" as defined in 15 U.S.C. § 6301(14). *See* ¶¶ 92-94. Plaintiff alleges that WBA officers and employees openly solicited monetary gifts, including but not limited to, WBA president Mendoza, and monetary payments have been made to entities of which Mendoza's son and another WBA employee were part (*i.e.* Sports Consulting Services, LLC). ¶98. He alleges that King, DKP, and Epic paid compensation, provided gifts, and/or provided other benefits to officers and employees of the WBA, directly and/or indirectly. ¶100. He further alleges that the WBA has failed to file the disclosures required under 15 U.S.C. § 6307d prior to receiving any compensation. ¶96. These allegations sufficiently allege a violation of 15 U.S.C. § 6308(c). The motion to dismiss shall be denied as to this claim.

### b. Failure to State a Claim as to Count II – Violation of RICO, 18 U.S.C. § 1692

Count II alleges a claim against Defendants King, DKP, Mendoza, and WBA for a violation of 18 U.S.C. § 1962 Racketeer Influenced Corrupt Organizations Act ("RICO"). *See* [DE 45] at ¶¶104-118.

The RICO statute makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). In addition to creating criminal penalties for racketeering activities, the statute also created a private, civil cause of action, which provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee...." 18 U.S.C. § 1964(c). "The upshot is that RICO provides a private right of action for treble damages to any person injured in his business or property by reason of the conduct of a qualifying enterprise's affairs through a pattern of acts indictable as mail fraud." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016) (quoting *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008).

"To recover, a civil plaintiff must establish that a defendant (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016) (citation omitted). A civil plaintiff must also show "(1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." *Id.* (citation omitted).

Defendants King and DKP argue that Count II is defective and must be dismissed for failure to state a claim (1) for failure to allege King and DKP's operation or management of the subject criminal enterprise; and/or (2) for failure to plead the pattern of racketeering activity with any reasonable particularity.  The Court agrees.

First, Plaintiff does not allege that King or DKP "operated or managed" WBA, which Plaintiff alleges is the RICO "enterprise."  *See* [DE 45] at ¶105.  Rather, as alleged in the Amended Complaint, WBA is "operated or managed" by Mendoza. *See id.* at ¶¶26-30. This pleading deficiency subjects Count II to dismissal.

Second, the Amended Complaint fails to plead the pattern of racketeering activity with the required particularity.  To successfully allege a pattern of racketeering activity under *Twombly/Iqbal*, a plaintiff must allege: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts are related to one another; and (3) the predicate acts demonstrate a continuing nature of criminal conduct. *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239–43 (1989); *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1264 (11th Cir. 2004).  Furthermore, "[b]ecause Plaintiff's section 1962(c) claim is based on an alleged pattern of racketeering consisting entirely of the predicate acts of mail and wire fraud, their substantive RICO allegations must comply not only with the plausibility criteria articulated in Twombly and Iqbal but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard, which requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citation omitted).  The RICO claim in the Amended Complaint fails to comply with Rule 9(b), which requires a plaintiff to allege facts with respect to each defendant's participation in the fraud: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person

responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id.* (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997) (applying the requirements to a RICO fraud complaint). Plaintiff's failure to meet these pleading requirements also independently requires dismissal of the RICO claim.

### c. Failure to State a Claim as to Count IV– Breach of Contract (Purse Bid Agreement)

Count IV alleges a claim which is entitled "Breach of Contract (Purse Bid Agreement)" against Defendant DKP. *See* [DE 45] at ¶¶127-135. The Court dismissed the nearly identical claim for failure to state a claim in its November 30, 2021 Order on Defendants' Motion to Dismiss Complaint and Motion to Strike. *See* [DE 24] at p. 11. In the Amended Complaint, Plaintiff adds two allegations to this claim, both of which are merely legal conclusions (¶129. "The bid by DKP constituted an acceptance of the purse bid terms and an offer to promote a bout pursuant to the terms of the referenced resolution."; ¶131. "Charr accepted the terms of the offer manifested by the bid of DKP."), and do not affect the Court's prior analysis and conclusion that dismissal is appropriate. Accordingly, the Court will dismiss Count IV for failure to state a claim. As Plaintiff has had ample opportunity to attempt to plead this claim, this dismissal shall be with prejudice.

### d. Failure to State a Claim as to Count VII – Civil Conspiracy

Count VII alleges a claim of civil conspiracy against King, DKP, Mendoza, and WBA arising from Charr's allegations that King, DKP, Mendoza, and WBA officials entered an agreement to illegally exert undue influence over the WBA for the malicious purpose of causing the WBA to strip Charr of his WBA Regular Heavyweight Champion title without cause and in violation of WBA rules. *See* [DE 45] at ¶¶153-158. In the Court's November 30, 2021 Order

on Defendants' Motion to Dismiss Complaint and Motion to Strike, the Court dismissed Plaintiff's claim for civil conspiracy against King and DKP arising from Charr's allegations that King, DKP, and five unknown entities or individuals based on the intra-corporate conspiracy doctrine, which "holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *See McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000); [DE 24] at p. 11. The Court held that a civil conspiracy claim could not proceed solely against King and DKP because Defendant King is alleged to own and operate Defendant DKP. *See id.* The Court dismissed the claim "without prejudice to bringing such a claim at a later time in the event Plaintiff identifies third parties with whom DKP and/or King wrongfully conspired." *See id.* Defendants move again to dismiss the claim based on the intra-corporate conspiracy doctrine because King and DKP cannot conspire among themselves. However, the intra-corporate conspiracy doctrine does not bar Plaintiff's claim as pled in the Amended Complaint, which alleges that King and DKP conspired with WBA and Mendoza. The multiplicity of actors necessary for the formation of a conspiracy is therefore met. The motion to dismiss shall be denied as to this claim.

  **e. Motion to Strike Claim for Attorney's Fees**

  Counts III and IV of the Complaint seek an award of attorney's fees in their claims for relief. *See* [DE 45]. Defendants move to strike those claims as unsupported by any contract or statute. In response, Plaintiff does not address this argument and thus concedes that the allegations do not support a claim for attorneys' fees. *See* [DE 62]; *see, e.g., Bargoot v. Sch. Bd. of Palm Beach Cty.*, No. 21-80849-CIV, 2022 WL 293313, at *7 (S.D. Fla. Feb. 1, 2022) ("[B]y virtue of failing to respond or address the argument, Plaintiff has conceded the argument.").

Accordingly, the Court will strike the claim for attorney's fees from Counts III and IV of the Amended Complaint.[2]

### IV.   CONCLUSION

Based upon the foregoing it is hereby **ORDERED and ADJUDGED** that:

1. Defendants' Motion to Dismiss Amended Complaint and Motion to Strike [DE 52] is **GRANTED IN PART AND DENIED IN PART**;

2. Count II is **DISMISSED WITHOUT PREJUDICE**;

3. Count IV is **DISMISSED WITH PREJUDICE**;

4. The claims for attorney's fees in Counts III and IV are **STRICKEN**;

5. The remainder of the Motion [DE 52] is **DENIED**;

6. On or before November 14, 2022, Plaintiff shall either file a Second Amended Complaint attempting to replead Count II or file a Notice stating it intends to proceed forward on the remaining claims.

7. Defendants King, DPK, and Epic shall then have fourteen (14) days following Plaintiff's compliance with Paragraph 6 to respond to the operative pleading.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 31st day of October, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

---

[2] Count IV is being dismissed in its entirety. *See supra*.