UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

MAHMOUD CHARR                                              Case No. 21-CV-61654-WPD

      Plaintiff

v.

DON KING, an individual;  DON KING
PRODUCTIONS, INC. a Florida corporation;
EPIC SPORTS AND ENTERTAINMENT, a
Florida corporation;  WORLD BOXING
ASSOCIATION, INC., a foreign corporation; and
GILBERTO MENDOZA JR., individual,

      Defendants
_____/

**DEFENDANT MENDOZA'S ANSWER  TO AMENDED COMPLAINT**

Defendant Gilberto Mendoza, Jr., ("Mendoza") by undersigned counsel and pursuant to Rule 12, of the Federal Rules of Civil Procedure, hereby files this Answer to Plaintiff's Amended Complaint [DE 45] as follows:

**PARTIES**

1. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

2. Admitted.

3. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

4. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

5. Admitted.

6. Mendoza admits that he is *sui juris*.

## JURISDICTION

7. Admitted.

8. Admitted.

9. Admitted.

10. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required.

11. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required.

12. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required.

13. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required.

14. Mendoza admits that this Court has personal jurisdiction over him.

## VENUE

15. Mendoza admits that venue is proper in this Court.

16. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required.

17. Mendoza admits that venue is proper in this Court.

## GENERAL ALLEGATIONS

I.   **Mahmoud Charr**

18. Admitted.

19. Denied.

2

20. Denied.

21. Denied.

**II.   Don King and DKP**

22. Mendoza admits that Don King is a boxing promoter.

23. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

24. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

25. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required. Nevertheless, the allegations are denied.

**III.   The WBA and Gilberto Mendoza, Jr.**

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted.

**IV.   Racketeering Activity**

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

3

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

**III(*sic*) Charr/Bryan Bout.**

45. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required. Nevertheless, the allegations are denied.

46. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required. Nevertheless, the allegations are denied.

47. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required. Nevertheless, the allegations are denied.

48. The allegations herein are directed to other parties in the case and, therefore, no response by Mendoza is required. Nevertheless, the allegations are denied.

**V. Promoter Agreement**

49. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

50. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

51. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

52. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

### VI. Breach of Promoter Agreement

53. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

54. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

55. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

56. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

57. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

### VII. Charr/Bryan (Rescheduled).

58. Admitted.

59. Admitted.

60. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

61. Admitted.

**VIII.  Bout Contract**

62.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

63.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

64.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

65.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

66.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

**IX      Revised DKP Bout Contract**

67.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

68.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

69.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

70.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

71.     Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

## X.    DKP/King Obstruction

72.    Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

73.    Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

74.    Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

75.    Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

76.    Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

77.    Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

## XI.    Charr Stripped of Regular Heavyweight Champion Title

78.    Mendoza admits that Charr lost his title but denies all other allegations.

79.    Denied.

80.    Mendoza admits that a fight between Bryan and Stiverne took place but denies all other allegations.

81.    Denied.

82.    Denied.

83.    Mendoza admits that Bryan became champion but denies all other allegations.

84.    Mendoza admits that a purse was held but denies all other allegations.

85. Denied.

86. Denied.

87. Denied.

88. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

89. Mendoza is without knowledge or sufficient information to respond to these allegations and, therefore, denies the allegations.

90. Denied.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 6308 (THE MUHAMMAD ALI ACT")

91. Mendoza's previous responses are adopted as if fully set forth herein.

92. Admitted.

93. Admitted.

94. Admitted.

95. Denied.

96. Denied.

97. No response is required as the cited statute speaks for itself.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. No response is required as the cited statute speaks for itself.

## COUNT II
## VIOLATION OF 18 U.S.C. § 1962, RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO")

104. Mendoza's previous responses are adopted as if fully set forth herein.

105. Denied.

106. Denied.

107. Admitted.

108. Admitted.

109. Admitted.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

## COUNTS III - VI

119 - 152   No allegations are made against Mendoza in these sections.

## COUNT VII
## CIVIL CONSPIRACY

153. Mendoza's previous responses are adopted as if fully set forth herein.

154. Denied.

9

155. Denied.

156. Denied.

157. Denied.

158. Denied.

## AFFIRMATIVE DEFENSES

First:   Plaintiff's damages, if any, were caused solely by Plaintiff's failure, and those of other defendants, to cause the cancellation of the purse bid scheduled for May 28, 2019.

Second:   Plaintiff's damages, if any, were caused solely by Plaintiff's failure, and those of other defendants, to present the required executed agreements so as to permit the Charr/Bryan bout from going forward.

Third:   Plaintiff's damages, if any, were caused solely by Plaintiff's failure to travel to the United States for the Charr/Bryan bout thereby causing it to be canceled.

## DEMAND FOR JURY TRIAL

Defendant Mendoza demands a trial by jury on all issues so triable.

WHEREFORE, it is prayed that Plaintiff take nothing by this action against Mendoza and for an award of costs and any other relief deemed appropriate.

>Joseph J. Portuondo, Esq.
>110 Merrick Way
>Suite 3 - B
>Coral Gables, Florida 33134
>PH:   (305) 666 - 6640
>Email: jjp@portuondolaw.com
>
>By: *Joseph J. Portuondo*
>        Joseph J. Portuondo, Esq.
>        Fla. Bar No. 310034

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record to the Service List below:

By: /s/ *Joseph J. Portuondo*
Joseph J. Portuondo, Esq.

### SERVICE LIST
*CASE NO. 21-CV-61654-WPD*

Alejandro Brito, Esq.
Brito, PLLC
2121 Ponce de Leon Blvd
Suite 650
Coral Gables, FL 33134
(305) 614 - 4071
abrito@britopllc.com
*Counsel for Mendozas Don King, Don King Productions, Inc.* and *Epic Sport and Entertainment, Inc.*

Patrick English, Esq.
Dines and English
685 Van Houten Avenue
Clifton, NJ 07013
(973) 778 - 7575
dineandenglish@aol.com
*Counsel for Plaintiff*

Donald J. Hodson, Esq.
Black Srebrink P.A.
201 S. Biscayne Blvd
Suite 1300
Miami, FL 33131
(305) 358 - 6421
dhodson@RoyBlack.com
*Counsel for Plaintiff*

Jared Lopez, Esq.
Black Srebrink P.A.
201 S. Biscayne Blvd
Suite 1300
Miami, FL 33131
(305) 358 - 6421
Jlopez@RoyBlack.com
*Counsel for Plaintiff*