UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 21-cv-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation, EPIC SPORTS AND
ENTERTAINMENT, INC., a Florida
corporation, and JOHN DOES 1 - 5,

    Defendants.

_____/

**DEFENDANTS DON KING AND DON KING PROMOTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendants, Don King ("King") and Don King Promotions, Inc. ("DKP") (collectively, the "King Defendants"), by and through undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby file this Answer and Affirmative Defenses to Plaintiff's Amended Complaint [DE 45], as follows:

**Answer**

1. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

2. Admitted.

3. Admitted.

4. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

5. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

6. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

7. Admitted that this Court possesses subject matter jurisdiction, but denied that Plaintiff is entitled to the requested relief.

8. Admitted that this Court possesses subject matter jurisdiction, but denied that Plaintiff is entitled to the requested relief.

9. Admitted that this Court possesses jurisdiction, but denied that Plaintiff is entitled to the requested relief.

10. Admitted that the Court possesses personal jurisdiction over King. All other allegations are denied.

11. Admitted that the Court possesses personal jurisdiction over DKP. All other allegations are denied.

12. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

13. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

14. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

15. Admitted that venue is proper.

16. Admitted that venue is proper.

17. Admitted that venue is proper.

18. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

19. Denied.

20. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

21. Denied.

22. Admitted that King owns and operates DKP. All remaining allegations are denied.

23. Denied. In addition, the allegations in this paragraph are irrelevant and are subject to being stricken.

24. Denied.

25. It is admitted that King and DKP are legally separate and distinct entities. Denied that King engages in business with the WBA in his individual capacity.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted that the WBA issued a Resolution on March 6, 2019, the terms of which speak for themselves.

46. Admitted.

47. The WBA Rules speak for themselves with respect to the purse bid process. The King Defendants deny any mischaracterization of the WBA Rules set forth in paragraph 47 of the Amended Complaint.

48. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

49. Denied.

50. The terms of the Promoter Agreement speak for themselves. The King Defendants deny any mischaracterization of the Promoter Agreement set forth in paragraph 50 of the Amended Complaint.

51. The terms of the Promoter Agreement speak for themselves. The King Defendants deny any mischaracterization of the Promoter Agreement set forth in paragraph 51 of the Amended Complaint.

52. The terms of the Promoter Agreement speak for themselves. The King Defendants deny any mischaracterization of the Promoter Agreement set forth in paragraph 52 of the Amended Complaint.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Admitted that the WBA issued a Resolution on February 19, 2020, the terms of which speak for themselves.

59. Admitted that the WBA issued a Resolution on February 19, 2020, the terms of which speak for themselves.

60. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

68. Denied.

69. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Admitted that Plaintiff's counsel contacted counsel for the King Defendants, but it is denied that Plaintiff's counsel was engaging in such communications for a legitimate purpose.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Admitted that the bout occurred on January 30, 2021. The remaining allegations are denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

**Count I – Violations of 15 U.S.C. §6308 ("The Muhammad Ali Act")**
**Charr v. King, DKP, Epic, WBA and Mendoza**

91. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 90 of the Amended Complaint as if fully set forth herein.

92. The statement in this paragraph is not a factual allegation and is, instated a statement of law. As such, a response is not necessary. In the event that a response is necessary, the King Defendants deny the allegation on the grounds that this cause of action is improperly alleged against the King Defendants.

93. Denied.

94. The statement in this paragraph is not a factual allegation and is, instated a statement of law. As such, a response is not necessary. In the event that a response is necessary, the King Defendants deny the allegation on the grounds that this cause of action is improperly alleged against the King Defendants.

95. Denied.

96. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

97. The statement in this paragraph is not a factual allegation and is, instated a statement of law. As such, a response is not necessary. In the event that a response is necessary,

the King Defendants deny the allegation on the grounds that this cause of action is improperly alleged against the King Defendants.

98. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

99. The King Defendants are without knowledge or information sufficient to respond to these allegations and, therefore, deny the allegations.

100. Denied.

101. Denied.

102. Denied.

103. The statement in this paragraph is not a factual allegation and is, instated a statement of law. As such, a response is not necessary. In the event that a response is necessary, the King Defendants deny the allegation on the grounds that this cause of action is improperly alleged against the King Defendants.

**Count II – Violation of 18 U.S.C. §1962**
**Charr v. King, DKP, Mendoza and Epic**

104. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 103 of the Amended Complaint as if fully set forth herein.

105. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

106. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

107. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

108. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

109. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

110. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

111. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

112. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

113. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

114. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

115. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

116. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

117. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

118. This claim has been dismissed by the Court and subsequently abandoned by Plaintiff. As such, no response from the King Defendants is required.

## Count III – Breach of Contract (Promoter Agreement)
### Charr v. DKP and Epic

119. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 118 of the Amended Complaint as if fully set forth herein.

120. Denied.

121. The terms of the Promoter Agreement speak for themselves. The King Defendants deny any mischaracterization of the Promoter Agreement set forth in paragraph 50 of the Amended Complaint.

122. The terms of the Promoter Agreement speak for themselves. The King Defendants deny any mischaracterization of the Promoter Agreement set forth in paragraph 50 of the Amended Complaint.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## Count IV – Breach of Contract (Purse Bid Agreement)
### Charr v. DKP and Epic

127. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 118 of the Amended Complaint as if fully set forth herein.

128. This claim has been dismissed with prejudice by the Court. As such, no response from the King Defendants is required.

129. This claim has been dismissed with prejudice by the Court. As such, no response from the King Defendants is required.

130. This claim has been dismissed with prejudice by the Court. As such, no response from the King Defendants is required.

131. This claim has been dismissed with prejudice by the Court. As such, no response from the King Defendants is required.

132. This claim has been dismissed with prejudice by the Court. As such, no response from the King Defendants is required.

133. This claim has been dismissed with prejudice by the Court. As such, no response from the King Defendants is required.

134. This claim has been dismissed with prejudice by the Court. As such, no response from the King Defendants is required.

135. This claim has been dismissed with prejudice by the Court. As such, no response from the King Defendants is required.

### Count V – Tortious Interference with Business Relationship
### Charr v. King and DKP

136. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 53 of the Amended Complaint as if fully set forth herein.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

## Count VI – Tortious Interference with Business Relationship
### Charr v. WBA

144. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 143 of the Amended Complaint as if fully set forth herein.

145. This claim is not alleged against the King Defendants.

146. This claim is not alleged against the King Defendants.

147. This claim is not alleged against the King Defendants.

148. This claim is not alleged against the King Defendants.

149. This claim is not alleged against the King Defendants.

150. This claim is not alleged against the King Defendants.

151. This claim is not alleged against the King Defendants.

152. This claim is not alleged against the King Defendants.

## Count VII – Civil Conspiracy
### Charr v. King, DKP Mendoza and WBA

153. The King Defendants re-allege and incorporate by reference the responses provided to paragraphs 1 through 152 of the Amended Complaint as if fully set forth herein.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

**WHEREFORE**, Don King Promotions, Inc. and Don King, having fully answered Plaintiff's Amended Complaint, respectfully requests that the Court enter judgment in their

favor and against Plaintiff and award Don King Promotions, Inc. and Don King their costs in defending this action, along with any other relief that this Court deems just and proper.

**Affirmative Defenses**

1. Plaintiff's claim under the Muhammad Ali Act is barred on the grounds that the Act does not impose liability on the King Defendants, or provide a remedy for Plaintiff, for any conduct alleged to have occurred.

2. Plaintiff's claim for breach of contract is barred on the grounds that the alleged Promoter Agreement does not impose the obligations upon DKP that Plaintiff relies upon as the basis for this claim.

3. Plaintiff's claim for breach of contract is barred on the grounds that the written instrument that Plaintiff is seeking to enforce is illegible.

4. Plaintiff's claim for tortious interference is barred on the grounds that any act alleged to have been engaged in by the King Defendants were legal acts in themselves and violated no rights of the Plaintiff.

5. Plaintiff's claim for tortious interference is barred on the grounds that the King Defendants did not owe a duty to Plaintiff and were entitled to conduct their business in a manner that they each determined to be in their own best interests.

6. Plaintiff's claim for tortious interference is barred on the grounds that to the extent that Plaintiff can establish the existence of a business relationship with the WBA, such a relationship is terminable at will and/or is subject to the rules set forth by the WBA, with which Plaintiff failed to comply.

7. While the King Defendants deny that Plaintiff has sustained any damages, if it should be determined that Plaintiff has alleged legally cognizable claims, such damages must

be reduced or denied in their entirety, to the extent that Plaintiff has failed to take reasonable action to mitigate his alleged damages.

8. The relief sought by Plaintiff is barred by Plaintiff's failure to perform his contractual obligations.

9. Any injuries or damages allegedly sustained by Plaintiff were not proximately caused by any act(s) or omission(s) on the part of the King Defendants.

10. Any injuries or damages allegedly sustained by Plaintiff were caused solely by Plaintiff's own conduct and/or inaction.

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Defendants Don King and Don King Promotions, Inc*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
**ALEJANDRO BRITO**
Florida Bar No. 098442
Primary: abrito@britopllc.com
Secondary: apiriou@britopllc.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 28, 2022 the foregoing was served via the Court's CM/ECF System upon:

Patrick English, Esq.
New Jersey Bar No. 023811978
DINES AND ENGLISH, LLC
685 Van Houten Avenue
Clifton, New Jersey 07013
dinesandenglish@aol.com

Jared Lopez, Esq.
Florida Bar No. 103616
Donald Hodson, Esq.
Florida Bar 120256
BLACK SREBNICK, P.A.
201 S. Biscayne Boulevard,
Suite 1300 Miami, Florida 33131
JLopez@RoyBlack.com
DHodson@RoyBlack.com
civilpleadings@royblack.com

*Counsel for Plaintiff Mahmoud Charr*

Joseph J. Portuondo, Esq.
Fla. Bar No. 310034
110 Merrick Way
Suite 3 - B
Coral Gables, Florida 33134
jjp@portuondolaw.com

*Counsel for Defendant Gilberto Mendoza, Jr.*

/s/ *Alejandro Brito*