UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO. 21-CV-61654-WPD

MAHMOUD CHARR,

      Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation,
EPIC SPORTS AND ENTERTAINMENT,
INC., a Florida corporation,
WORLD BOXING ASSOCIATION, INC.,
and GILBERTO MENDOZA, JR.,
individually,

      Defendants.

_____ /

## AMENDED JOINT DISCOVERY PLAN AND SCHEDULING REPORT

Plaintiff, Mahmoud Charr ("Charr" and/or "Plaintiff"), and Defendants, Don King ("King"), Don King Productions, Inc. ("DKP"), Epic Sports and Entertainment, Inc. ("Epic"), World Boxing Association, Inc. ("WBA"), and Gilberto Mendoza, Jr. ("Mendoza") (collectively "Defendants"), by and through their undersigned counsel and pursuant to this Court's Order permitting counsel to file an Amended Joint Scheduling Report and Joint Discovery Report [ECF No. 72], hereby file this Amended Joint Discovery Plan and Scheduling Report along with the attached Joint Proposed Scheduling Order, and state as follows:

### I.Fed. R. Civ. P. 26(F)(3) – Discovery Plan

**(A)** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**:

CASE NO. 21-CV-61654-WPD

The Parties do not believe any changes should be made to the required disclosures and agree to serve the initial disclosures by **January 31, 2022.**

**(B)** **The subjects on when discovery may be needed, when discovery should be completed, and when discovery should be conducted in phases or be limited to or focused on particular issues:**

Plaintiff filed a seven-count Amended Complaint in this case asserting claims for Violations of Muhammad Ali Act against King, DKP, Epic, WBA, and Mendoza (Count I); Violations of the RICO statute against King, DKP, WBA, and Mendoza (Count II) (which has been dismissed against King and DKP); Breach of Contract: Promoter Agreement against DKP and Epic (Count III); Breach of Contract: Purse Bid Agreement against DKP (Count IV) (which has been dismissed with prejudice); Tortious Interference with a Business Relationship against King and DKP (Count V); Breach of Contract: WBA Rules and Decrees against WBA (Count VI); and Civil Conspiracy against King, DKP, WBA, and Mendoza (Count VII).

The Complaint alleges King, DKP, Epic, WBA, and Mendoza illegally conspired to prevent Plaintiff from participating in a WBA Regular Heavyweight Championship title bout and that DKP and the WBA also breached separate agreements with Plaintiff pertaining to the promotion of and Plaintiff's participation in the bout such that Plaintiff incurred damages including, but not limited to, the loss of his title as the WBA Regular Heavyweight Champion as well as other economic losses.

At present, Plaintiff anticipates the need for extensive discovery in this case due to the number of parties and nature of claims involved.

Defendant WBA does not believe any discovery in this Court is proper as to WBA or the claims raised against it (Counts I, II, VI, and VII). As set forth in Defendant World Boxing Association, Inc.'s Motion to Dismiss Counts I, II, VI, and VII of the Amended Complaint (ECF No. 74) Charr improperly raised his claims against WBA in this Court because (1) he failed to exhaust administrative remedies by proceeding through WBA's internal dispute resolution process, which is set forth at length in the WBA Rules to which Charr concedes he is bound, (2) venue is improper pursuant to Charr's agreement to file any post-exhaustion claims against WBA in Washington State, (3) Charr fails to state a valid claim against WBA because he did not plead sufficient supporting facts, and (4) as to Count I, Charr failed to allege harm sufficient for Article III standing to sue Charr in federal court. WBA further notes that, of the seven causes of action Charr cites above to support an alleged need for broad discovery, this Court already has dismissed two: Counts II (a RICO claim dismissed without prejudice, but Charr declined to attempt to amend this claim, thereby abandoning it), and IV (a breach of contract claim dismissed with prejudice). *See* Order on Defendants' Motion to Dismiss Amended Complaint and Motion to Strike (ECF No. 63); Plaintiff's Notice of Intent to Proceed Forward with Remaining Counts Pursuant to October 31, 2022 Order (ECF No. 67).

CASE NO. 21-CV-61654-WPD

Defendants King, DKP, Mendoza and Epic submit that they will need to obtain discovery relating to Plaintiff's compliance with his obligations under the subject contracts, as well as Plaintiff's compliance with his obligations under the applicable rules which applies to the subject boxing bouts.

The Parties agree this case is appropriately assigned to the **Standard Track** and submit that a scheduling order consistent with the attached Joint Proposed Scheduling Order is appropriate for this matter.

**(C)   Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The Parties have or will propound written discovery, which they will work to conclude expeditiously. Such discovery includes the propounding of interrogatories, requests for production, and requests for admissions. Discovery shall be limited to the extent provided by the Federal Rules of Civil Procedure. Additionally, the Parties will take depositions, some, but not all, of which likely will be conducted via Zoom and/or some other method of videoconference. Defendants King, DKP, Mendoza and Epic will seek to conduct the deposition of the Plaintiff in person.

**(D)   Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order:**

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it immediately upon discovery of the privileged information and without retaining a copy. The Parties will comply with the Court's rules governing redaction of account and social security numbers as well as other similar information deemed sensitive or confidential.

**(E)   What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The Parties are not aware of any necessary changes at this time; however, the Parties respectively reserve their right to amend this response as necessary.

**(F)   Any other orders that the court should issue under Rule 26(e) or under Rule 16(b) and (c):**

The Parties will raise any other matters with the Court via motion and/or a request for status conference, should such matters arise.

## I.        Local Rule 16.1.B.2 – Conference Report

**(A)    The likelihood of settlement.**

CASE NO. 21-CV-61654-WPD

The Parties have agreed to keep settlement discussions open.

**(B)**      **The likelihood of appearance in the action of additional parties.**

Plaintiff does not expect additional defendants will be added to this lawsuit.

Currently, Defendant WBA does not anticipate adding additional third parties to the action, but WBA reserves the right to do so as discovery proceeds. Defendants King, DKP, Mendoza and Epic do not anticipate adding additional third parties to the action, but they reserve the right to do so as discovery proceeds Defendants anticipate adding additional third parties to the action.

**(C)**      **Proposed limits on time:**

     i.      Cutoff to join other parties and amend the pleadings: **July 1, 2023**

     ii.      Deadline for filing dispositive motions: **November 1, 2023**

         All pretrial motions and *Daubert* motions (which include motions to strike experts) must be filed by this date. Each party is limited to filing one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.

     iii.      Deadline to complete discovery: **October 1, 2023**

**(D)**      **Proposals for the formulation and simplification of issues:**

The Parties agree to cooperate in trying to simplify the issues through discovery.

**(E)**      **The necessity or desirability of amendments to the pleadings:**

Plaintiff does not anticipate the need to further amend his pleadings to add additional parties or claims. WBA has not yet filed an Answer and at this time cannot predict the need to amend its pleading. Defendant DKP anticipates filing a counterclaim and crossclaim by or before July 1, 2023.

**(F)**      **The possibility of obtaining admissions of fact and documents to avoid unnecessary proof:**

The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents that will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents originating from each of the Parties and/or their respective agents, employees, and/or representatives. At present, the Parties do not require any ruling regarding the admissibility of evidence.

CASE NO. 21-CV-61654-WPD

**(G)**    **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance this case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

**(H)**    **Suggestions on the advisability of referring matters to a magistrate judge or master:**

The Parties agree to the referring of routine discovery matters (e.g., motions to compel) to a Magistrate Judge.

**(I)**    **A preliminary estimate of the time required for trial:**

Plaintiff believes that trial will take **14 days** and agree that this case should be assigned to the **Standard Track** pursuant to S.D. Fla. L. R. 16.1(a)(2)(B).

Defendants DKP, King, Mendoza and Epic believe that trial will take 5-7 days–and agree that this case should be assigned to the **Standard Track** pursuant to S.D. Fla. L. R. 16.1(a)(2)(B).

**(J)**    **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The Parties propose the following dates:

(i)    Final pretrial conference: **February 1, 2024**

(ii)   Two-week trial period: **March 1, 2024**

**(K)**    **Any issues about (i) disclosure, discovery, or preservation of electronically stored information, including the forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist:**

The Parties do not foresee any such issues at this time.

**(L)**    **Any other information that might be helpful to the Court:**

Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

CASE NO. 21-CV-61654-WPD

Dated this 9th day of January 2023.

BLACK SREBNICK, P.A.
201 S. Biscayne Boulevard, Ste. 1300
Miami, Florida 33131
305-371-6421 Telephone
305-358-2006 Fax

By:   /s/ Jared Lopez
        Jared Lopez, Esq.
        Florida Bar No. 103616
        Donald J. Hodson, Esq.
        Florida Bar No. 120256
        JLopez@RoyBlack.com
        DHodson@RoyBlack.com
        civilpleadings@royblack.com

    *Counsel for Plaintiff Mahmoud Charr*

DINES AND ENGLISH LLC
685 Van Houten Avenue
Clifton, New Jersey 07013
973-778-7575 Telephone
973-778-7633 Fax

By:   /s/ Patrick C. English
        Patrick English, Esq.
        New Jersey Bar No. 023811978
        dinesandenglish@aol.com

    *Counsel for Plaintiff Mahmoud Charr*

BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134

By: /s/ Alejandro Brito
        Alejandro Brito, Esq.
        Florida Bar No. 098442
        abrito@britopllc.com
        apiriou@britopllc.com

*Counsel for Defendants Don King, Don King Productions, Inc.,
and Epic Sports and Entertainment, Inc.*

CASE NO. 21-CV-61654-WPD

ACTUATE LAW LLC
641 W. Lake Street, 5th Floor
Chicago, Illinois 60661
Phone: 312-462-0543

By: /s/ Stacy J. Rodriguez
      Stacy J. Rodriguez, Esq.
      Fla. Bar No. 44109
      James J. Ward, Esq.
      Fla. Bar No. 93651
      stacy.rodriguez@actuatelaw.com
      james.ward@actuatelaw.com

*Counsel for World Boxing Association, Inc.*

Joseph J. Portuondo, Esq.
110 Merrick Way
Suite 3-B
Coral Gables, Florida 33134
PH: (305) 666-6640
Email:  jjp@portuondolaw.com

By: /s/ Joseph J. Portuondo
    Joseph J. Portuondo, Esq.
    Fla. Bar No. 310034

*Counsel for Defendant Gilberto Mendoza, Jr.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court this 9th day of January 2023 and electronically served via the CM/ECF system on:  Alejandro Brito, Esq., Brito, PLLC, 2121 Ponce de Leon Boulevard, Coral Gables, Florida 33134, abrito@britopllc.com, apiriou@britopllc.com; Stacy J. Rodriguez, Actuate Law, 545 NW 26 St., Suite 640, Miami, Florida 33127, stacy.rodriguez@actuatelaw.com; Joseph J. Portuondo, Esq., 110 Merrick Way, Suite 3-B, Coral Gables, Florida 33134, jjp@portuondolaw.com.

                        By: /s/ Jared Lopez
                            Jared Lopez, Esq.