UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAHMOUD CHARR,                                          CASE NO. 21-cv-61654-WPD

        Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC, a
foreign corporation,
EPIC SPORTS AND ENTERTAINMENT,
INC., a Florida corporation,
WORLD BOXING ASSOCIATION, INC.,
a foreign corporation, and
GILBERTO MENDOZA, JR.,
individually,

        Defendants.
_____/

## ORDER ON DEFENDANT WORLD BOXING ASSOCIATIONS, INC.'S MOTION TO DISMISS COUNTS I, II, VI, AND VII OF THE AMENDED COMPLAINT

THIS CAUSE came before the Court on Defendant World Boxing Association ("WBA" or "Defendant")'s Motion to Dismiss Counts I, II, VI, and VII of the Amended Complaint (the "Motion"), filed January 5, 2023. [DE 74]. The Court has carefully considered Motion [DE 74], Plaintiff Mahmoud Charr ("Plaintiff" or "Charr")'s Response [DE 84], Defendant's Reply [DE 87], and is otherwise fully advised in the premises.

### I.    BACKGROUND

On August 10, 2021, Plaintiff filed this action against Defendants King, DPK, Epic, and John Does 1-5.[1] *See* [DE 1]. Defendants King and DPK moved to dismiss and strike. *See* [DE 12]. On November 30, 2021, the Court entered an Order dismissing Count II -- Breach of

_____

[1] Defendants John Does 1-5 were dismissed without prejudice. *See* [DE 21].

Contract (Purse Bid Agreement) against DKP and Count IV -- Civil Conspiracy against King and DKP for failure to state a claim pursuant to Rule 12(b)(6), striking the claims for attorney's fees, and denying the remainder of the motion. *See* [DE 24].   On December 8, 2021, Defendant Epic filed an answer to the Complaint; on December 13, 2021, Defendants King and DPK filed an answer to the Complaint. *See* [DE's 29, 32]. On August 3, 2022, the Court granted Plaintiff's Motion to Amend Complaint, which sought to include World Boxing Association, Inc. ("WBA") and Gilberto Mendoza, Jr. ("Mendoza") as parties in this lawsuit and to assert additional claims against King, DPK, Epic, WBA, and Mendoza based on evidence obtained in discovery. *See* [DE's 43, 44].

Plaintiff filed his Amended Complaint, the operative pleading, on August 8, 2022. *See* [DE 45].  The Amended Complaint alleges that Defendants were trying to prohibit Plaintiff from participating in a heavyweight boxing match by failing to comply with the terms of a contract between DKP, Epic Sports and Plaintiff and also by exerting influence over the WBA so that the WBA would strip Plaintiff of his heavyweight title as a result of Plaintiff's failure to participate in the boxing match. *See id.* The Amended Complaint alleges the following causes of action: Count I -- Violations of 15 USC §6308 against all Defendants; Count II --Violation of 18 USC §1962 against King, DKP, Mendoza and WBA; Count III -- Breach of Contract against DKP and Epic Sports; Count IV -- Breach of Contract against DKP; Count V --Tortious Interference with Business Relationship against King and DKP; Count VI -- Breach of Contract against WBA; and Count VII -- Civil Conspiracy against King, DKP, Mendoza and WBA. *See* [DE 45].

Defendant DKP and King filed a Motion to Dismiss and Motion to Strike, seeking to dismiss Counts I, II, IV and VII of the Amended Complaint for failure to state a claim upon which relief can be granted and to strike the requests for attorneys' fees in Counts III and IV. *See*

[DE 52].  On October 31, 2022, the Court entered an Order on Defendants' Motion to Dismiss Amended Complaint and Motion to Strike. *See* [DE 63].  Therein, the Court dismissed without prejudice Count II --Violation of RICO, 18 U.S.C. §1692; dismissed with prejudice Count IV-- Breach of Contract (Purse Bid Agreement); struck the claims for attorney's fees in Counts III and IV; and denied the remainder of the motion. *See id.*  On November 14, 2022, Plaintiff filed a Notice of Intent to Proceed Forward with Remaining Counts Pursuant to October 31, 2022 Order, stating that Plaintiff would not be filing a Second Amended Complaint attempting to replead Count II. *See* [DE 67].

Defendant Gilberto Mendoza, Jr. filed his Answer and Affirmative Defenses to the Amended Complaint on November 1, 2022. *See* [DE 64].  Defendants Epic Sports and Entertainment, Inc., Don King, and Don King Promotions, Inc. filed their Answer and Affirmative Defenses to the Amended Complaint on November 28, 2022. *See* [DE's 69, 70].

On January 5, 2023, Defendant WBA filed the instant Motion to Dismiss Counts I, II, VI, and VII of the Amended Complaint. [DE 74].

## II.   STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken

as true and must be read to include any theory on which the plaintiff may recover. *See Linder v.*

*Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d

43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare

recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Iqbal*,

129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974),

*overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

## III.   DISCUSSION

Defendant WBA filed the instant Motion to Dismiss, seeking to dismiss Counts I, II, VI

and VII of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6).

[DE 74].

### a.   Failure to Exhaust Administrative Remedies as to Counts II, VI, and VII, and Part of Count I (as Pled against WBA)

Plaintiff Charr and Defendant WBA both agree that the WBA Rules should be considered

in the Court's evaluation of the claims pled in the Amended Complaint. *See* RULES OF

WORLD BOXING ASSOCIATION (6/11/15) ("WBA Rules") [DE 74-1]; [DE 74] at pp. 6-7;

[DE 84] at pp. 5-8.  Plaintiff does not attach the WBA Rules to the Amended Complaint;

however, he relies on them repeatedly, thus incorporating them by reference as a material and

central component of his claims. See [DE 45].  Further, the WBA Rules are "the contract" on

which Plaintiff expressly bases Count VI, his claim for breach of contract against WBA. *See* [DE

45] at ¶¶ 148-151. As such, the WBA Rules are properly considered on a motion to dismiss. *See*

*Kuber v. Prudential Ins. Co. of Am.*, No. 19-80151-CIV-DIMITROULEAS, 2019 WL 7899139 at *3 (S.D. Fla. May 31, 2019) (on a 12(b)(6) motion, "[t]he Court may also consult documents that are attached to the motion to dismiss under the 'incorporation by reference' doctrine," which permits the review of documents that are "central to the plaintiff's claim" and are of undisputed authenticity (*quoting Horsley v. Feldt*, 304 F. 3d 1125, 1134 (11th Cir. 2022)).

Defendant WBA argues in its Motion to Dismiss that Plaintiff Charr had an obligation to pursue administrative remedies in a timely fashion before bringing this suit. Chapter F of the WBA Rules sets forth a multi-tiered administrative procedure for challenging a rating decision. *See* [DE 74-1] at pp. 30-35. "A person directly affected by a decision of the Ratings Committee may file a formal Request for Ratings Information or Request for Reconsideration, or both." (WBA Rules F.1). To request a ratings explanation (Step 1 in the administrative remedies process), a boxer must make a written and signed request "within ten (10) days after the latest rankings are published." (WBA Rules F.4.) "Failure to timely request an Explanation shall constitute a waiver by the boxer and his agents of any and all claims" and "[n]o additional remedy may be sought from a court of law." Within seven days of receipt of a conforming request, the WBA must "respond in writing explaining the rationale or basis for its rating of the boxer in question." (WBA Rules F.4.c). The boxer or his agent "may then file a request for reconsideration of the rating" (Step 2 in the administrative remedies process), and Rule F.5 outlines the process for submitting a request for reconsideration. (WBA Rules F.4.d., F.5). WBA is required to "respond within fifteen (15) days after receipt of a request" for reconsideration "or explain why a longer time to respond is warranted." (WBA Rules F.5.d). "After receiving the answer of the [WBA] in response to the request [for reconsideration], the boxer making the requests or on whose behalf the request was made may then file an appeal of the decision" (Step

3 in the administrative remedies process). (WBA Rules F.5.g). The appeal "may not be considered unless all applicable administrative procedures have been met and all administrative reviews have been exhausted." WBA Rules F.6-18 set for the appeals process in detail. In general, a person may file a written appeal of any decision regarding a request for reconsideration and "[a]ny other decision not subject to a Request for Reconsideration" with the appeal to be reviewed de novo by a three to five member panel of disinterested WBA members or non-members. (WBA Rules F.6-7, 13).

Importantly, "[n]o member, boxer, promoter, manager, agent, or other person or entity, may seek relief in any court of a matter subject to reconsideration or appeal unless said party has first exhausted the administrative remedies provided in these [WBA] Rules." (WBA Rules F.17). Even after the administrative remedies have been fully exhausted, the venue for any permissible court action by a boxer who is asserting "a claim or right against the [WBA]" or "request[ing] relief arising from the [WBA's] … Rules" lies exclusively "in the courts of Pierce County, State of Washington, United States of America." (WBA Rules F.18.b). In the context of such action against the WBA, [t]he sole and exclusive monetary remedy… shall be limited to a return of reasonable fees, expenses, or costs the Party has paid to the [WBA] giving rise to the Party's claim." (WBA Rules F.18.e). WBA shall not "be liable to any Party for punitive, consequential, direct, or indirect damages, including, but not limited to, lost profits, loss of earning capacity, delay, interest or attorney fees." (WBA Rules F.18.d).

Defendant WBA argues that because Counts II, VI, VIII, and Count I (as asserted against WBA) are based on allegations that WBA failed to adhere to WBA Rules, Plaintiff Charr must first exhaust his administrative remedies prior to bringing these claims in a court.  Upon careful consideration, the Court agrees with Defendant WBA that, regardless of the form or theory of the

individual claims pled against WBA, each of Charr's claims against WBA is rooted in allegations that WBA violated or failed to enforce its own rules and regulations governing the purported actions and events at issue. *See* [DE 45].  Defendant WBA contends that Charr's claims against WBA must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because he has made no effort to comply with the contractually required remedies contained in the WBA Rules. *See, e.g., Boger v. A. Gallerani, M.D., PLLC,* No. 20-21987-CIV, 2020 WL 10142134, at *3 (S.D. Fla. July 20, 2020) ("Plaintiffs do not adequately plead exhausting their administrative remedies or a reason why exhaustion should be excused. Accordingly, dismissal is warranted.").  The Court agrees.  The Amended Complaint fails to adequately allege that this condition precedent to suit has been satisfied, which is fatal to these claims.  Charr's response of futility is unavailing. This argument is impermissibly raised in the response brief, as it was not pled in the Amended Complaint.  Moreover, "[t]he futility exception, however, requires more than that the grievance procedures be unpromising." *Jimenez v. Collier Transit Mgmt., Inc.*, 337 F. App'x 804, 808 (11th Cir. 2009).  Rather, Plaintiff must ordinarily at least have attempted to use the administrative remedies as set forth in the WBA Rules and have been denied meaningful relief. *See id.*  Accordingly, the Court will dismiss Plaintiff's claims against Defendant WBA. The Court need not address the remainder of Defendant WBA's arguments asserted in support of dismissal.

## IV.    CONCLUSION

Based upon the foregoing it is hereby **ORDERED and ADJUDGED** that:

1.    Defendant WBA's Motion to Dismiss Counts I, II, VI, and VII of the Amended Complaint [DE 74] is **GRANTED**;

2.      Counts I, II, VI, and VII of the Amended Complaint [DE 45] are hereby

**DISMISSED** as to Defendant WBA.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this

15th day of March, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record