**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

MAHMOUD CHARR,

   Plaintiff,

v.               Case No. 21-CV-61654-WPD

DON KING, individually,
DON KING PRODUCTIONS, INC, a
foreign corporation,
EPIC SPORTS AND ENTERTAINMENT,
INC., a Florida corporation,
WORLD BOXING ASSOCIATION, INC., a
foreign corporation, and
GILBERTO MENDOZA, JR., individually,

   Defendants.
_____/

**DEFENDANT WORLD BOXING ASSOCIATION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I. INTRODUCTION**

   Defendant World Boxing Association ("WBA") asks this Court to Deny Plaintiff Mahmoud Charr's Motion for Reconsideration of this Court's Order of March 15, 2023.

   "Disagreement with the Court's ruling is an insufficient basis for reconsideration." *Martes v. Sacco*, No. 10-80962-CIV-DIMITROULEAS, 2011 WL 13272347, at *1 (S.D. Fla. Apr. 7, 2011). Furthermore, a "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Yet, Plaintiff's motion is a textbook example of a challenge to the Court's reasoning and decision, with Charr repeating the same previously available, or previously raised and rejected, arguments to attempt to keep WBA in this lawsuit, and hoping for a different result.

1

Reconsideration is appropriate only based on "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *AWT S.A. Group NYC, LLC v. Empresa Publica Tame Linea Aerea Del Ecuador*, No. 18-62128-CV-DIMITROULEAS, 2019 WL 2105879, at *1 (S.D. Fla. Apr. 3, 2019) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002)). Charr agrees that he has provided no new evidence. *See* Plaintiff's Motion for Reconsideration and Clarification (ECF No. 89; the "Reconsideration Motion")) at 1-2. The other two grounds are not met either. There has been no intervening change in controlling law, despite Charr's desperate citation to a recent Supreme Court opinion that happens to address a narrow and irrelevant topic regarding the exhaustion of remedies. Charr also fails to identify any portion of the Court's narrow ruling that constitutes clear error or creates a manifest injustice to Charr. Therefore, this Court should deny the Motion in full.

## II.  PROCEDURAL BACKGROUND

Boxer Mahmoud Charr filed this lawsuit against boxing promoters Don King, Don King Productions, Inc. and Epic Sports and Entertainment, Inc. (collectively, "King Defendants" or "DKP") on August 10, 2021. *See* Complaint (ECF No. 1). He obtained leave of Court to amend his complaint and add new claims against WBA and its President, Gilberto J. Mendoza nearly a year later on August 3, 2022. *See* Order Granting Leave to Amend Complaint (ECF No. 44).

WBA moved to dismiss the claims against it because, among other reasons, Charr had failed to seek relief for any WBA decisions that allegedly harmed him through the organization's mandatory internal reconsideration and appeal process. *See* Defendant World Boxing Association, Inc.'s Motion to Dismiss (ECF No. 74; the "Motion to Dismiss") at 9-13. This Court agreed with WBA that "each of Charr's claims against WBA is rooted in allegations

2

that WBA violated or failed to enforce its own rules and regulations governing the purported actions and events at issue." *See* Order on Defendant World Boxing Association, Inc.'s Motion to Dismiss Counts I, II, VI and VII of the Amended Complaint (ECF No. 88; the "Order") at 7. Accordingly, the Court ruled that "Charr's claims against WBA must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because he has made no effort to comply with the contractually required remedies contained in the WBA Rules. *Id.*

Charr now requests that this Court reconsider its decision and reinstate his fatally deficient claims against WBA, largely repeating the same excuses that this Court rejected in its previous decision. *See generally* Reconsideration Motion.

### III.  ARGUMENT
**A.  Legal Standard**

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (1992); *see also Smith v. Ocwen Financial*, 488 Fed. App'x 426, 428 (11th Cir. 2012) (a "motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment"). "For a court to reconsider its prior judgment the moving party must present facts or law of a 'strongly convincing nature' that would induce a court to reverse its prior decision." *Jerkins v. HPT IHG Props. Trust*, No. 19-62198-CIV- DIMITROULEAS, 2019 WL 13257004, at *1 (S.D. Fla. Dec. 3, 2019). Reconsideration may be justified in three specific circumstances: "(1) an intervening change in the controlling law; (2) the availability of

3

new evidence; and (3) the need to correct clear error or prevent manifest injustice." *See id.* (quoting *Burger King Corp*, 181 F. Supp. 2d at 1369). Charr's motion falls far short of showing any of these circumstances.

Because Charr's Motion does not identify any intervening change in controlling law, presents no new evidence, and fails to identify any clear error or manifest injustice resulting from this Court's decision, this Court should deny the Motion in full.

**B.    Charr Presents No Valid Basis for Reconsideration of the Order**

As demonstrated in the chart and more detailed discussions below, Charr cites no change in controlling case law and no clear error or manifest injustice that this Court overlooked.[1] Moreover, Charr raises no arguments or points for reconsideration that were previously unavailable or not already raised and rejected. Instead, Charr attempts to rehash previously rejected positions and case law and additionally raises irrelevant challenges to portions of the Court's Order that have no impact on the Court' ultimate decision to dismiss WBA.

|   | **Charr's Argument** | **Was this argument previously raised or could Charr have raised it previously?** |
|---|---|---|
| Point 1 | Futility is an affirmative defense that need not be pled. Recons. Mtn. at 3-4. | Yes. Charr already argued exhaustion of remedies and futility issues. (ECF No. 84 at 17-20). |
| Point 2 | Charr had no opportunity to appeal WBA's decision. Recons. Mtn. at 4-5. | Yes. Charr already raised this argument. (ECF No. 84 at 8-9, 17-20). |
| Point 3 | The Court failed to address the argument that a biased appeal procedure voided any requirements that it be followed. Recons. Mtn. at 5-6. | Yes. Charr already raised this argument and cited this case law. (ECF No. 84 at 17-20). The Court acknowledged this point at page 7 of the Order and rejected it as an opposition to dismissal. |

---

[1] Charr does not allege he has identified any new, previously unavailable evidence and has not sought reconsideration on that ground. *See* Reconsideration Motion at 1-2. Thus, the second potential ground for reconsideration is not met and need not be addressed.

4

| Point 4 | The Supreme Court issued an intervening decision in *Perez v. Sturgis Public Schools*. Recons. Mtn. at 7-8. | No. However, this opinion does not present a controlling change in law, nor is it relevant to this Court's Order. *See* Section III.C., below. |
|---|---|---|
| Point 5 | The Court's ruling takes away a right provided in the Muhammad Ali Act. 8-10. | Yes. Charr already raised this argument. (ECF No. 84 at 10-11, 19). |
| Point 6 | A "suggestion" in the Order about Charr's pleading a rule violation is false. Recons. Mtn. at 11. | Yes. Charr could have specified what WBA Rules he alleged were violated in his Opposition. Moreover, Charr concedes this is not "a basis for the dismissal." Reconsideration Motion at 11. Accordingly, this is not a proper basis for reconsideration. |
| Point 7 | The Amended Complaint does not just allege Rules violations. Recons. Mtn. at 11-12. | Yes. Charr already raised these arguments. *See* ECF No. 84 at 5-8, 13-15. |
| Point 8 | Charr skips and raises no Point 8 in the Reconsideration Motion. | N/A. |
| Point 9 | Another Court suggestion in the Order regarding payments is false. Recons. Mtn. at 12-13. | Yes, Charr alleged that unspecified payments to "Sports Consulting Services, LLC" constituted sufficiently detailed allegations of unlawful payments in his Opposition. ECF No. 84 at 13-14. Moreover, Charr concedes this is not "the basis of the Dismissal." Reconsideration Motion at 12. Accordingly, this is not a proper basis for reconsideration. |
| Point 10 | The Court has jurisdiction over Charr's claims against WBA. Recons. Mtn. at 13-14. | Yes, Charr already raised these arguments. *See* ECF No. 84 at 16-17. Moreover, he concedes that "the Court did not rule on this basis" or "opine on this issue in its decision." Reconsideration Motion at 13, 14. Accordingly, this is not a proper basis for reconsideration. |
| Point 11 | Not a Request for Reconsideration, but for Clarification about Charr's right to amend. Recons. Mtn. at 14-15. | N/A. Charr never sought leave from the Court to amend claims against WBA in his Opposition brief or at all. |

**C.     No Controlling Law Has Changed Since the Order (Reconsideration Point 4)**

In a strained attempt to manufacture a valid basis for reconsideration of the Court's narrow dismissal Order, Charr alleges that "the United States Supreme Court issued an opinion

5

[on March 21, 2023] which we believe clarifies certain aspects of the law regarding exhaustion of remedies." Reconsideration Motion at 2. In fact, the case Charr relies on—*Luna Perez v. Sturgis Public Schools*, 589 U.S. __, Case No. 21-887 (Mar. 21, 2023)—established no new principle of law and is entirely irrelevant to the dismissal grounds relied upon in this Court's March 15, 2023 Order.

*Luna Perez* held, consistent with established law, that exhaustion of administrative remedies is not required where "the remedy a plaintiff seeks is not one [the administrative process] provides." *Luna Perez*, Slip Op. at 6. Though, to be sure, *Luna Perez* touches on the general doctrine of exhaustion of administrative remedies, it neither presented any "change in controlling law," nor does it help Charr. *See Burger King Corp.*, 181 F. Supp. 2d at 1369. All parties agree that, had Charr proceeded appropriately through WBA's internal appeal process, WBA had both the authority and the ability to restore his title. No party disputes that WBA possesses exclusive authority to determine, pursuant to its Rules, its own titleholder and rankings for each weight class and that reconsideration of WBA's decision (through its internal dispute process) as to the heavyweight champion could have resulted in Charr retaining his title.

In *Luna Perez*, the plaintiff alleged that he had been discriminated against under the Americans with Disabilities Act ("ADA"). Slip Op. at 2. The plaintiff alleged years of covered-up misconduct from age 9 to 20, wherein he had received "inflated grades" and been advanced "from grade to grade regardless of his progress." *Id.* After obtaining "forward-looking equitable relief" in the form of a settlement, the plaintiff *also* sought to recover compensatory damages for the years he had been deprived of an education and his injuries covered up by the school system. *Id.* The defendant argued that a separate statute, the Individuals with Disabilities Education Act ("IDEA") required exhaustion of administrative remedies before suing under the

6

ADA. *Id.* The Supreme Court disagreed, holding that exhaustion was not required "if the remedy a plaintiff seeks is not one IDEA provides." *Id.* at 6.

Charr's situation is entirely different. IDEA expressly clarifies that "'[n]othing in [IDEA] shall be construed to restrict' the ability of individuals to seek 'remedies' under the ADA or 'other Federal laws protecting the rights of children with disabilities.'" *Id.* at 3 (quoting 20 U.S.C. § 1415(l)). Exhaustion of remedies under IDEA was required only before "'seeking relief that is also available under this subchapter.'" *Id.* (quoting 20 U.S.C. § 1415(f)(1)(A)). Because these plain terms of IDEA clearly allowed for ADA claims unless seeking the same "relief" available under IDEA, Luna Perez's claim for extra-IDEA relief under the ADA was clearly permissible by the statute's language. *Id.* at 4-6. Indeed, much of the Court's analysis focused on whether "remedies" under section 1415(l) and "relief" under section (f)(1)(a) of IDEA were synonymous. *Id.*

The WBA rules, in contrast, state that "[f]ailure to timely request reconsideration shall constitute a waiver by the boxer and his agents of any and all rights or claims. No additional remedy may be sought from a court of law." WBA Rules F.5.b. They state further that "[n]o member, boxer, promoter, manager, agent, or other person or entity, may seek relief in any court of a matter subject to reconsideration or appeal unless said party has first exhausted the administrative remedies provided in these Rules." *Id.*, at F.17. This Court has already ruled that "regardless of the form or theory of the individual claims pled against WBA, each of Charr's claims against WBA is rooted in allegations that WBA violated or failed to enforce its own rules and regulations governing the purported actions and events at issue." *See* Order at 6-7.

Thus, *Luna Perez* has little to do with this matter other than touching on the doctrine of exhaustion of administrative remedies. Even Charr stops short of stating that *Luna Perez*

7

changes controlling law for purposes of this case and the Court's reasoning for dismissing WBA in the Order. Instead, Charr advises the Court only that the *Luna Perez* opinion provides "recent guidance" that is "relevant." *See* Reconsideration Motion at 7. "Relevant guidance" from *Luna Perez* may apply to some case before this Court, but it does not apply to this case. Nowhere does Charr explain which part of the Court's Order is now erroneous due to *Luna Perez*. Nor can Charr do so in good faith. Indeed, the *Luna Perez* case concerned statutory interpretation of a particular exhaustion-scheme not at issue here, and the Court ruled it did not restrict causes of action brought under a different specific statute (also not at issue here) based on its precise language. In contrast, this Court has already ruled that Charr's claims against WBA are of exactly the sort requiring exhaustion under the WBA Rules: Charr's challenge to a championship decision. Charr had the opportunity—and was required to—proceed via WBA's administrative process under the Rules if he wished to seek reconsideration and reinstate his championship title. It is undisputed that he chose not to even attempt to do so. Charr does not dispute the availability of this avenue to seek relief and avoid any damages he now claims years later that he has suffered.

**D.  Charr Raises No New Arguments Regarding Exhaustion or Futility (Reconsideration Points 1-3) or the Policy Behind the Muhammad Ali Act (Reconsideration Point 5) that Were Not Previously Raised or Could Not Have Been Previously Raised**

In his Reconsideration Points 1-3 and 5, Charr attempts to relitigate issues already briefed and rejected by the Court without pointing to any specific part of the Order that is clear error (vs. a point Charr simply disagrees with) or results in a manifest injustice. Charr disregards that motions for reconsideration "should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc.*, 808 F. Supp. at 1563.

8

Finding little help in the *Luna Perez* decision beyond its timing and its general subject matter, Charr pivots to rely instead on established case law that he failed to cite in his original briefing: *Jones v. Brock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). *See* Reconsideration Motion at 3. Charr's briefing in response to WBA's Motion to Dismiss did not cite or reference *Jones* in any capacity, though the case was decided in 2007 and Charr thoroughly addressed the issues of exhaustion and futility during dismissal briefing. *See* Opposition (ECF No. 84) at 8-9, 17-20. He has thus waived the opportunity to rely upon the *Jones* decision and has no valid basis to raise it on reconsideration. *See Jerkins v. HPT IHG Props. Trust*, No. 19-62198-CIV- DIMITROULEAS, 2019 WL 13257004, at *1 (S.D. Fla. Dec. 3, 2019) (denying reconsideration where plaintiff's "argument could have been raised prior to the Court's Dismissal Order" and so "was waived by Plaintiff" who "impermissibly attempts to present authorities available to her at the time of the Court's decision on the Defendant's Motion to Dismiss").

Regardless, Charr may have omitted *Jones* from his initial briefing because it does not strengthen his position. *Jones* concerned interpretation and application of the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997 et seq, which "requires prisoners to exhaust prison grievance procedures before filing suit." 549 U.S. at 202. The Court answered the narrow question presented: "whether exhaustion under the PLRA is a pleading requirement the prisoner must satisfy in his complaint or an affirmative defense the defendant must plead and prove." *Id.* at 204. *Jones* concerned three prisoner complaints. *Id.* at 207-11. One prisoner "provided the dates on which his [administrative grievance] claims were filed at various steps of the [agency] grievance procedures" but failed to "attach copies of the grievance forms or describe the proceedings with specificity." *Id.* at 208. The other two filed multiple administrative

9

grievances, but named additional parties unnamed as grievance defendants in their complaints, running afoul of the "total exhaustion" rule specific to the statute at issue. *Id.* at 209-11. Thus, all three plaintiffs in *Jones* attempted to exhaust their administrative remedies; they simply failed to sufficiently comply with judge-made rules that required technical pleadings standards for exhaustion. Accordingly, it was inappropriate to dismiss their complaints under Rule 12(b)(6); each complaint contained sufficient allegations for exhaustion purposes. *Id.* at 224.

The issue in this case does not concern technical pleading standards. The issue is that Charr made no effort to comply or participate in any way in WBA's administrative dispute resolution process. WBA did not seek dismissal because Charr failed to attach his Request for Reconsideration to his Complaint. WBA sought dismissal because Charr did not attempt to request reconsideration at all. It is undisputed that Charr took no effort file a Request for Reconsideration or seek any remedy under the WBA Rules. Charr faces not a technical pleading error but an admitted failure to comply with the very rules under which he now seeks to recover. Neither the recent *Luna Perez* case, nor the older *Jones* case has any significance for this Court's ruling and Charr fails to raise any new arguments that were not raised, or could not have been raised, prior to dismissal.

Charr also raises a host of additional issues that he alleges support reconsideration, each of which either was raised or could have been raised in his Opposition. Charr seeks to relitigate: the timing of heavyweight boxer Trevor Bryan's elevation to the vacated champion title (*compare* Reconsideration Motion at 4-5 *with* Opposition at 8), the general policy underlying the Muhammad Ali Act, which Charr claims provides him a right of action (*compare* Reconsideration Motion at 8-10 *with* Opposition at 10-11, 19), and reliance on caselaw he has already brought to this Court's attention (*compare* Reconsideration Motion at 5 (citing *Trout v.*

10

*Organizacion Mundial de Boxeo, Inc.*, 965 F.3d 71 (1st Cir. 2020) [2]) *with* Opposition at 18 (also citing *Trout*) and *compare* Reconsideration Motion at 10 (citing *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496 (1982)) *with* Opposition at 18 (also citing *Patsy*)).

To show that any of these previously raised and rejected arguments rise to the level of a "manifest injustice" justifying reconsideration, Charr must "do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Café v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp.2d 1270, 1283 (S.D. Fla. 2003). "Rather, clear error or manifest injustice occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp.2d 1284, 1292-93 (S.D. Fla. 2012) (quoting *Compania de Elaborados de Café*, 401 F. Supp.2d at 1283)).

Charr's Reconsideration Motion falls far short of this standard. He has identified no error "of apprehension" by the Court. In the Court's ruling on the merits of WBA's Motion to Dismiss, it determined that Charr's claims arose under the WBA Rules, that those Rules required Charr to proceed through WBA's administrative process before filing suit, and that Charr did not do that. These simple, undisputed facts necessitated dismissal of Charr's claims against WBA. Nothing in Charr's Reconsideration Motion explains how this straightforward application of the plain text of WBA's rules results in an error "of apprehension" or a "manifest injustice." Nor does Charr do anything more than attempt to impermissibly relitigate the issues.

---

[2] To reiterate why *Trout* is entirely inapplicable here, that case concerned the unconscionability of an arbitration clause that allowed for unilateral appointment of a biased arbitrator. *Trout*, 965 F.3d at 81. The case had absolutely nothing to do with exhaustion of administrative remedies as a prerequisite to suit. *See generally id.*

*See AWT S.A. Group NYC, LLC v. Empresa Publica Tame Linea Aerea Del Ecuador*, No. 18-62128-CV-DIMITROULEAS, 2019 WL 2105879, at *1 (S.D. Fla. Apr. 3, 2019) (denying motion for reconsideration of a dismissal order based on an agreed dispute resolution method and forum where the plaintiff was "merely disagreeing with the Court's previous rulings and attempting to relitigate an issue the Court has already considered and rejected" and noting that "any new argument" raised on reconsideration "could and should have been raised prior to the entry of the Court's dismissal order"). This Court should therefore deny Charr's Motion.

E. **Charr Merely Disagrees with the Court's Conclusion that His Claims Against WBA are Rooted in the Rules (Reconsideration Point 7) and Charr Already Litigated and Lost this Argument.**

Charr's Point 7 for reconsideration, *see* Reconsideration Motion at 11-12, is nothing more than a disagreement with the Court's ruling that, "regardless of the form or individual theory of the individual claims pled against WBA, each of Charr's claims against WBA is rooted in allegations that WBA violated or failed to enforce its own rules" *see* Order at 6-7. Disagreement "is an insufficient basis for reconsideration." *See Martes v. Sacco*, 2011 WL 13272347, at *1; *see also AWT S.A. Group NYC, LLC v. Empresa Publica Tame Linea Aerea Del Ecuador*, 2019 WL 2105879, at *1 (reconsideration denied where "Plaintiff is merely disagreeing with the Court's previous rulings and attempting to relitigate an issue the Court has already considered and rejected"). The Court has already considered and expressly rejected Charr's arguments on this point. *See Sream, Inc. v. Habsa Enterprise, Inc*., No. 16-81662-CIV-DIMITROULEAS, 2017 WL 11631955, at *1 (S.D. Fla. Mar. 28, 2017) (denying reconsideration where the motion "simply re-argues the same points … already presented to the Court in [the] original briefs" that the Court "already carefully considered and rejected"). Therefore, this is not a valid basis for reconsideration. *See id*.

**F.     The Court Need Not Address Charr's Arguments for Reconsideration of Facts or Issues on Which the Court Did Not Rely to Dismiss WBA (Reconsideration Points 6, 9, and 10).**

Charr provides various other "points" for reconsideration that he concedes are not the basis for this Court's dismissal ruling and he fails to request any particular form of relief. Therefore, these requests—set forth in Charr's reconsideration Points 6, 9, and 10—require no ruling. As his Point 6, Charr alleges that the Court inappropriately "suggest[ed] that no specific Rules violations were referenced" in his Amended Complaint. *See* Reconsideration Motion at 11. But, Charr concedes this purported suggestion was not "a basis for the dismissal," *see id.*, such that there is no valid basis for reconsideration of the Order dismissing WBA. Similarly, in Point 9, Charr complains that the Court's Order incorrectly "suggests" that Charr failed to specify any instances of an improper payment in his Amended Complaint. *See id.*, at 12-13. Again, Charr concedes that this was not "the basis of the Dismissal." *See id.*, at 12. Finally, the same is true for Charr's reconsideration Point 10 regarding whether Pierce County, Washington is the proper venue for claims against WBA such that this Florida Court lacks jurisdiction. *See id.*, at 13-14. Charr concedes that "the Court did not opine on this issue in its decision" such that there is nothing to reconsider. *See id.*, at 14. Moreover, as to this last point, Charr does nothing more than impermissibly repeat the same arguments he already raised in opposition to the Motion to Dismiss. *Compare* Opposition at 16-17 *with* Reconsideration Motion at 13-14.

This Court should disregard entirely Charr's "points" unrelated to the three standards for reconsideration provided by binding case law. *See Burger King Corp*, 181 F. Supp. 2d at 1369.

### G. Sufficient Alternative Grounds Exist to Dismiss Charr's Complaint

Even if this Court were to agree with Charr's argument as to his failure to exhaust administrative remedies, sufficient additional grounds exist to confirm this Court's earlier decision of dismissal. WBA will not repeat them here, but briefly summarizes the additional grounds for dismissal for ease of reference:

- Venue is improper in the Southern District of Florida because the WBA Rules require claims against WBA and requests for relief based in the WBA Rules to be brought in Pierce County, Washington. *See* ECF 74 at 13-14.

- Charr's Amended Complaint fails to make out a violation of the Muhammad Ali Act against WBA as a matter of law. *See* ECF 74 at 14-16.

- This Court has already ruled that Charr's Racketeer Influenced and Corrupt Organizations Act claim is fatally deficient. *See* ECF 74 at 16-17.

- Charr has failed to show how any act or failure to act by WBA caused him any cognizable harm sufficient to convey Article III standing to sue. *See* ECF 74 at 15-16.

This Court need not reach any of these issues because Charr's Motion facially fails to meet any standard required for reconsideration. However, WBA's other arguments from its 12(b)(6) motion provide independently sufficient grounds to affirm dismissal of each of Charr's claims against WBA.

### H. This Court Should Deny Charr's Request to Amend His Complaint

Finally, Charr requests clarification from the Court as to whether he may amend the claims against WBA raised in (and now dismissed from) the Amended Complaint. *See* Reconsideration Motion at 14. Charr's belated and vague request for clarification regarding his right to amend should be denied for multiple reasons. First, Charr never requested leave to

amend his claims against WBA when briefing the dismissal issues. In fact, Charr still has not sought leave to amend and provides neither this Court nor WBA any insight as to what factual allegations would excuse his utter failure to comply with the WBA Rules. Charr instead attempts to disguise his vague request for permission to amend as one for clarification. But there is no valid basis to "clarify" an issue no party ever requested a ruling on and that the Court had no obligation to address in the Order. In reality, Charr seeks an advisory opinion and is attempting to bypass this Court's requirements for seeking leave to amend, including:

- Filing a Motion for Leave to Amend that appends the proposed amended pleading and allowing a defensive response to the actual proposal (*see* S.D. Fla. Local Rule 15.1 and 7.1(c));

- Providing a memorandum with authorities that support an argument as to why leave to amend should be granted (*see* S.D. Fla. Local Rule 7.1(a)(1)); and

- Conferring with WBA's counsel in good faith prior to seeking leave to amend and certifying this conference to the Court (*see* S.D. Fla. Local Rule 7.1(a)(3)).

Charr's improper request should be denied outright for these reasons alone.

Second, as stated above, the problem with Charr's claims against WBA is not a technical one that can be addressed by restating his pleadings, as in *Jones*, 549 U.S. at 199. The problem is that he entirely ignored WBA's internal rules process to efficiently and expeditiously address ratings and championship decisions without litigation. While Charr claims he "can certainly plead futility," *see* Opposition at 14-15, he fails to explain how or what good faith factual allegations could allegedly save his claims against WBA. For purposes of exhaustion, "[t]he test for 'futility' ***is not*** . . . whether the [plaintiffs'] claims would succeed, but whether the [plaintiffs] could have availed themselves of the grievance procedure." *Mason v. Continental Grp., Inc.*, 763 F.2d 1219, 1224 (11th Cir. 1985) (affirming dismissal of claims and requiring terminated employee plaintiffs to follow a contractual grievance procedure before filing suit,

15

even where the entire plant where they were working was closing down, rendering the success of any such grievance process obviously unlikely). To meet *Mason*'s standard for futility, Charr would have to amend his complaint to add facts demonstrating that he *could not* have availed himself of WBA's reconsideration and appeal process. Charr has never and could never make this argument. This Court has already rejected Charr's futility claims in its ruling because it is undisputed that Charr did not even attempt to avail himself of the WBA administrative remedies:

> Charr's response of futility is unavailing. This argument is impermissibly raised in the response brief, as it was not pled in the Amended Complaint. *Moreover, '[t]he futility exception, however, requires more than that the grievance procedures be unpromising.'* Rather, Plaintiff must ordinarily at least have attempted to use the administrative remedies as set forth in the WBA Rules and have been denied meaningful relief.

Order at 7 (quoting *Jiminez v. Collier Transit Mgmt., Inc.*, 337 F. App'x 804, 808 (11th Cir. 2009) (internal citations omitted)). This statement of law and its application to Charr's inaction remains true, irrespective of what he may attempt to allege about the WBA administrative process in any hypothetical amendment. The fact is, Charr never even attempted to avail himself of that process. That undisputed fact is sufficient to defeat any potential "futility" allegations that Charr might try to add in via amendment. *See Jimenez*, 337 F. App'x at 808 (rejecting plaintiff's argument that the defendant "had already made up her mind to fire him . . . obviating the need for a formal meeting" as no excuse "for failing to exhaust his remedies"). Where Charr never sought relief under the WBA Rules, he may not sue and escape the exhaustion of administrative remedies requirement by amending to add bad faith or boilerplate allegations of futility.

Third, and finally, based on his inability to factually and legally support a futility argument that could overcome this Court's exhaustion ruling and on the additional grounds for

16

dismissal of each claim against WBA set forth in the Motion to Dismiss and summarized herein, allowing Charr to amend his dismissed claims against WBA would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." (citation omitted)).

For these reasons, the Court should deny Charr's request for clarification regarding his right to amend the dismissed claims against WBA.

## IV. CONCLUSION

For the foregoing reasons, WBA respectfully requests that the Court deny Charr's Motion for Reconsideration.

Dated: April 18, 2023                    Respectfully submitted,

/s/ *Stacy J. Rodriguez*

Stacy J. Rodriguez
Fla. Bar No. 44109
James J. Ward
Fla. Bar No. 93651
ACTUATE LAW, LLC
641 W. Lake Street, 5th Floor
Chicago, Illinois 60661
Phone: 312-462-0543
stacy.rodriguez@actuatelaw.com
james.ward@actuatelaw.com

Robert E. Mack (*admitted pro hac vice*)
Gabriel Hinman (*admitted pro hac vice*)
Smith Alling, P.S.
1501 Dock Street
Tacoma, Washington 98402
Phone: (253) 627-1091
rmack@smithalling.com
gabe@smithalling.com

*Counsel for World Boxing Association, Inc.*

17

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 18, 2023, a true and correct copy of this Opposition brief was furnished to all parties receiving electronic notification in this case via the Clerk of the Court's CM/ECF system, as stated on the following service list.

*/s/ Stacy J. Rodriguez*
Attorney

**Service List**

Donald J. Hodson, Esq.

Kandell, Kandell, P.A.
2665 S. Bayshore Drive
Grand Bay Plaza, Suite 603
Miami, FL 33131
dhodson@royblack.com

Jared M. Lopez, Esq.
Black Srebnick Kornspan & Stumpf
201 S. Biscayne Blvd., Ste. 1300
Miami, FL 33131
jlopez@royblack.com

Joseph J. Portuondo, Esq.
110 Merrick Way
Coral Gables, FL 33134
jjp@portuondolaw.com

Patrick C. English, Esq.

Dines and English, LLC
685 Van Houten Ave.
Clifton, NJ 07013
dinesandenglish@aol.com

Alejandro Brito, Esq.
Brito, PLLC
2121 Ponce de Leon Blvd., Ste. 650
Coral Gables, FL 33134
abrito@britopllc.com