UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO. 21-CV-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation,
EPIC SPORTS AND ENTERTAINMENT,
INC., a Florida corporation,
WORLD BOXING ASSOCIATION, INC.,
a foreign corporation, and
GILBERTO MENDOZA, JR., individually,

    Defendants.

_____/

**PLAINTIFF MAHMOUD CHARR'S REPLY TO DEFENDANT
WBA'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff, Mahmoud Charr ("Charr"), by and through his undersigned counsel and pursuant to the applicable Florida Rules of Civil Procedure, hereby files this Reply to Defendant, World Boxing Association, Inc.'s ("WBA"), Response to Plaintiff's Motion for Reconsideration and in support thereof states:

**INTRODUCTION**

Plaintiff has carefully reviewed Defendant's Response to Plaintiff's Motion for Reconsideration of the order entered March 15, 2023 ("Defendant's response"). The response misconstrues and mischaracterizes the basis for Plaintiff's motion. Presumably, this was done intentionally to emesh the Court in misdirection and mislead the Court into believing there are no

grounds for reconsidering the order of dismissal. As hereinafter discussed, Plaintiff's Motion for Reconsideration proves the opposite.

### I. Plaintiff Was Not Required to Plead Futility and Defendant Improperly Used Its Motion to Dismiss as a Motion for Summary Judgement

Take, as an example of Defendant's misdirection, the first point raised in Plaintiff's Motion for Reconsideration. There, it is explained that the Court dismissed Plaintiff's claims against Defendant (in part) because Plaintiff allegedly failed to plead futility. The Court's order addresses this issue as follows: "Charr's response of futility is unavailing. The argument is impermissibly raised in the response brief, as it was not pled in the Amended Complaint." Mar. 15, 2023, Ord. at 7. With respect to this finding, Plaintiff argued in his Motion for Reconsideration that the Court inappropriately placed a pleading burden on Plaintiff that it should not have. This burden, in turn, formed a basis for the Court's dismissal of Plaintiff's claims. Notably, Defendant's response to Plaintiff's Motion for Reconsideration essentially fails to dispute this point and does not address any of the case law Plaintiff cites as support for this argument.

Indeed, Plaintiff's motion makes clear that the Court erred by imposing this pleading burden on Plaintiff. As a result, the Court accepted a factual premise unsupported by any facts, to-wit: Defendant's claim that because the WBA has rules that govern certain disputes between the WBA and fighters in some instances, the facts in this case do not matter because—as inferred from the Court's ruling—the mere existence of these rules is dispositive of the issue (which it is not). In reaching this conclusion, the Court also improperly considered evidence beyond the four corners of the Amended Complaint. Hence, when considering only Plaintiff's allegations (and the attached exhibits) in accordance with the applicable motion to dismiss standard, there was no basis for the

CASE NO. 21-CV-61654-WPD

Court to find that Plaintiff did not make an effort to protect his title—which the Court merely assumed[1] based on the bare assertions in Defendant's Motion to Dismiss.

## II. The Principles Set Forth in *Luna Perez,* Decided Shortly After the Court's Ruling, Are Directly Applicable to Plaintiff's Motion for Reconsideration

Defendant next argues that there is no new case law applicable to the issues before the Court since the order of dismissal was entered on March 15, 2023. This is incorrect. Nonetheless, Defendant asserts in a conclusory fashion: "[T]he case Charr relies on—*Luna Perez v. Sturgis Public Schools*, 589 U.S. __, Case No. 21-887 (Mar. 21, 2023)—established no new principle of law and is entirely irrelevant to the dismissal grounds relied upon in this Court's March 15, 2023 Order." In terms of Eleventh Circuit law, this assertion is flat-out wrong. Long-standing Eleventh Circuit Law very strictly applied an exhaustion of remedies standard to damage actions. *See, N.B. v. Alachua County School Board*, 84 F. 3d 1376 (1996). This case, like *Luna Perez* involves an exhaustion of remedies. The claim at issue in *Alachua* was brought under the Individuals With Disabilities Act (IDEA) and 42 U.S.C. 1983. The Eleventh Circuit in *Alachua* affirmed a lower court's dismissal of an action based on the fact that an exhaustion of internal remedies had not been completed by the plaintiff in that case, which requested monetary damages.

This was the law in the Eleventh Circuit until a few weeks ago when *Luna Perez v. Sturgis Public Schools*, 589 U.S. __, Case No. 21-887 (Mar. 21, 2023) was decided by the United States Supreme Court. In *Luna Perez*, the Supreme Court specifically ruled:

> **"it is . . . our job to apply faithfully the law Congress has written," and " '[w]e cannot replace the actual text with speculation as to Congress' intent.' " *Henson* v. *Santander Consumer USA Inc.*, 582 U. S. 79, 89 (2017) (quoting *Magwood* v. *Patterson*, 561 U. S. 320, 334 (2010)). Even on its own terms, it is unclear what the school district's argument proves. Either interpretation of §1415(*l*) operates to preclude some**

---

[1] A factually incorrect assumption.

unexhausted claims. Under our view, for example, a plaintiff who files an ADA action seeking both damages and the sort of equitable relief IDEA provides may find his request for equitable relief barred or deferred if he has yet to exhaust §1415(f) and (g). Brief for United States as *Amicus Curiae* 22. It is "quite mistaken to assume," too, that any interpretation of a law that does more to advance a statute's putative goal "must be the law." *Henson*, 582 U. S., at 89. Laws are the product of "compromise," and no law " 'pursues its . . . purpose[s] at all costs.' " *Ibid*. And it isn't exactly difficult to imagine that a rational Congress might have sought to temper a demand for administrative exhaustion when a plaintiff seeks a remedy IDEA can supply with a rule excusing exhaustion when a plaintiff seeks a remedy IDEA cannot provide." *Id.*

To this end, Defendant does not deny anywhere in its response that the WBA rules, upon which Defendant relied when moving to dismiss the Amended Complaint, that the Court cannot provide the relief requested by Plaintiff with respect to his claims against Defendant in this case. In fact, WBA Rule 18(d) reads:

"**Limitation of Liability and Disclaimer. In no event shall the Association be liable to any Party for punitive, consequential, direct, or indirect damages, including, but not limited to, lost profits, loss of earning capacity, delay, interest or attorney fees, directly or indirectly resulting from any act or omission of the Association, its employees, officers, directors, or agents . . . .**" *Id.*

Defendant's response simply ignores this rule as well as the Congressional intent of the Muhammad Ali Act and RICO as-is addressed in Section 5 of Plaintiff's Motion for Reconsideration. Plaintiff of course understands that *Luna-Perez* arose in the context of IDEA, but the principles articulated by the Supreme Court in that case are certainly not limited to IDEA cases only. Moreover, the WBA Rules do not provide a context in which damages for improper actions can be provided, and Defendant's response similarly does not address this point as well as the absolute right given by Congress in Section 6(d) of the Muhammad Ali Act, which reads:

"**PRIVATE RIGHT OF ACTION- Any boxer who suffers economic injury as a result of a violation of any provision of this Act may bring an action in the appropriate Federal or State court <u>and recover the damages suffered, court costs, and reasonable attorneys fees and expenses.</u>**" *Id.*

Similarly, the WBA Rules do not provide any substitute for the Congressionally granted right and remedy contained in 18 USC Section 1964, which provides:

> **"Any person injured in his business or property by reason of a violation of 1962 of this chapter [ 18 USC Section 1962 may sue therefore in any appropriate United States district Court and <u>shall recover threefold the damages he sustains and the cost of suit including attorney's fees.</u>"** *Id.*

It is obvious that Congress did not intend the rights given by the above-cited acts to be thwarted by an exhaustion of remedies requirement, which can not provide the relief sought by Plaintiff with respect to his claims against Defendant in the Amended Complaint. Again, Defendant's response simply fails to address this. Defendant does, however, state correctly that that the factual context of *Luna Perez* was in the Individuals with Disabilities Education Act (IDEA)—but Defendant fails to explain why this should prevent the same law from applying in this case. Indeed, the principle resulting from the order in *Luna Perez* is that if an exhaustion process does not provide the relief sought, a litigant is not required to follow this process prior to filing an action. This is clear.

### III. Plaintiff's Reply to the Issues Raised on Pages 4-5 of Defendant's Response

On pages 4 and 5 of Defendant's response, Defendant includes a chart that is both misleading and fails to conform with the issues addressed in the Court's ruling. As an initial matter, Plaintiff's Motion for Reconsideration argues that although the Court's ruling indicated otherwise, the burden of pleading and showing futility was not Plaintiff's burden at the motion to dismiss stage. Again, this was addressed in the first section of this reply. While it is accurate that Plaintiff did, indeed, argue futility in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, this is not the same as responding to the Court's opinion incorrectly assigning the burden.

Next, Defendant argued in its Motion to Dismiss (and in its response) that there was an opportunity for Plaintiff to appeal Defendant's decision under WBA rules. However, as supported by the allegations in the Amended Complaint, there was no such opportunity. The stripping and the placement of Defendant, Don King's, fighter in the WBA Championship bout occurred virtually simultaneous to the stripping of Plaintiff's title. While Plaintiff did, in fact, argue this point in response to Defendant's Motion to Dismiss (and in Plaintiff's Motion for Reconsideration), it seems the Court may have missed this argument as it did not appear to be addressed in the Court's ruling. Furthermore, in the absence of any factual developments, Defendant's argument to the contrary seems more in the vein of a Motion for Summary Judgement than a Motion to Dismiss. In other words, dismissing Plaintiff's claims on this basis constituted a manifest injustice and, respectfully, clear error.

The same is true with respect to the issues addressed in Section 3 of Defendant's Response to Plaintiff's Motion for Reconsideration and the chart included by Defendant in that section as support for its arguments to the contrary. Again, Plaintiff acknowledges that the aforesaid issue was raised in Plaintiff's original papers, but it is not, insofar as Plaintiff can tell, addressed by the Court in its order granting Defendant's Motion to Dismiss the Amended Complaint. As set forth in Plaintiff's pleadings, the WBA appeal process concludes with a decision made by Gilberto Mendoza—the President of the WBA and, more significantly, one of the other named defendants in this lawsuit. This is made clear by WBA Rule (F)(14), which reads in relevant part:

> **"[T]he President may adopt in whole or in part the preliminary decision, and may modify it before approving it. He may also remand it to the appeals panel for further consideration. A preliminary decision once approved by the President becomes a final decision, and shall be sent to the appellant and any party of record."** *Id.*

CASE NO. 21-CV-61654-WPD

Additionally, and with respect to the same issue, WBA Rule (F)(7) specifies that any appeals panel is to be appointed by the President—i.e., Gilberto Mendoza. Hence, Plaintiff's arguments are sound: No person or entity should be the judge and jury of their own case. Defendant's attempt to argue otherwise by distinguishing the facts in *Trout v. Organización Mundial de Boxeo, Inc.*, 961 F 3rd 71 (1st Cir 2020) from those in this case (i.e., because that case involved an arbitration proceeding rather than an internal appeals process) is also unavailing. The principle expounded in *Trout* is clear. Plaintiff further notes that the claims in *Trout* were brought, in part, under the Muhammad Ali Act.

How much more compelling is the holding where the organization, itself, is (as here alleged) to be a racketeering organization? This is equivalent to arguing that wronged boxers should have been required to appeal to Frankie Corbo and Blinky Palermo in the days of mob-controlled of boxing. *See*, John Mcain and Ken Nahagian, *A Fighting Chance for Professional Boxing,* 15 Stanford Law and Policy Reciew, 7, 11-12, 14-15, *inter alia,* reported bribery of the WBA; "Boxing and the Mob", hyperlink: https://boxinguncut.wordpress.com/2015/07/28/boxing-and-the-mob-frank-palermo/; *see also International Boxing Club v. United States*, 358 U.S. 242 (1959). Respectfully, and as supported by this example, the Court's ruling that Plaintiff must have exhausted all internal remedies was therefore a manifest injustice.

Following along with the chart on pages 4 and 5 of Defendant's response, it is correct that the Muhammad Ali Act was raised in Plaintiff's opposition to Defendant's Motion to Dismiss. Plaintiff previously addressed this by pointing out that the thrust of the *Luna Perez* decision is that not only is an internal appeals process that does not contemplate the relief sought unnecessary to be invoked prior to suit, but that it is also the job of the trial court to **"apply faithfully the law Congress has written,"** and which the trial court **"cannot replace . . . with speculation as to**

7

**Congress' intent."** Again, the Congressional intent behind both quoted sections of the Mumammad Ali Act and RICO is clear and any failure to honor this intent would be, as Plaintiff respectfully submits, a manifest injustice.

Defendant further argues that Plaintiff failed to cite any violation of WBA rules in his Amended Complaint and Motion for Reconsideration. However, as Plaintiff's motion makes clear, the factual allegations in the Amended Complaint support that the use of the form WBA bout contract is/was part of the WBA Rules at the time of the tortious conduct committed by Defendant in this case. As with the other issues raised in Defendant's response, Plaintiff addressed this matter thoroughly in Section 6 of his Motion for Reconsideration, although, as far as Plaintiff can discern from the Court's ruling on Defendant's Motion to Dismiss, this does not appear to be a basis for the order dismissing Plaintiff's claims against Defendant. Nonetheless, Plaintiff will briefly address this issue next.

In short, Plaintiff alleged in the Amended Complaint that usage of the WBA's standard bout contract is required by WBA Rules. Plaintiff also makes clear that the WBA's Resolutions are to be considered. Plaintiff will not address these points at length because it is very clear, despite a contrary suggestion by the Court's ruling, that one of the gravamen of the Amended Complaint was, as supported by the allegations, that Defendant did not enforce its own regulations, decisions, and rules to ensure that the WBA standard bout contract was used. *See, e.g.,* Amend. Compl. at para. 47, 58-60, 68, 70, and Ex. C. This was also pointed out in Plaintiff's response. Thus, Defendant's contention to the contrary is simply incorrect.[2]

---

[2] The WBA is correct that there was a numbering error and that there is no point 8 in the Motion for Reconsideration.

Defendant's response also glosses over Plaintiff's allegations regarding the improper payments made by Defendant, Don King, to Defendant, Gilberto Mendoza, Jr., and Defendant (a self evident Muhammad Ali Act violation). More specifically, Defendant merely states that this was not the basis for the Court's ruling. *See* Def. Resp. at 5. However, this was a basis for Plaintiff's claim arising from Defendant's violation of the Muhammad Ali Act. Indeed, Plaintiff alleged in the Amended Complaint that: "King and DKP [allowed] the WBA to retain money "deposited" by King and DKP for scheduled bouts, which should otherwise have been returned by the WBA to King and DKP under league (WBA) rules. *See* Amend. Compl. at par. 38. Plaintiff's discovery—which was propounded prior to the Court's ruling—would undoubtedly have revealed the specific amounts of these payments; however, it was necessary for Plaintiff to specify as much in the Amended Complaint or for purposes of making it past the motion to dismiss stage.

As supported by the allegations in the Amended Complaint, Plaintiff also alleged that: "King and DKP [allowed] the WBA to retain money 'deposited' by King and DKP for scheduled bouts, which should otherwise have been returned by the WBA to King and DKP under league rules." *See* Amend. Compl. at par. 38. Again, without the benefit of discovery Plaintiff does not have a precise accounting of these amounts; however, as before, this information is not necessary for Plaintiff's claims to have survived Defendant's Motion to Dismiss. The same is true with respect to Plaintiff's allegations in the Amended Complaint that payments were made to a third party (Sports Consulting Services, LLC) operated by at least one of Defendant's employees as well as the son of the WBA President and co-Defendant, Gilberto Mendoza, Jr. *See* Amend. Compl. at para. 35-36. These allegations are of course among those underpinning Plaintiff's claim against Defendant for violations of the Muhammad Ali Act. Accordingly, it is clear that the Court erred by dismissing Plaintiff's claim in light of these allegations as well.



www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | p 305.371.6421

CASE NO. 21-CV-61654-WPD

Notably, should the Court reconsider its prior ruling, Plaintiff does not want to be caught short by a dismissal of the same claims on other grounds. This is why Plaintiff has similarly opted to address the issue of proper forum in this reply. As was pointed out in Plaintiff's Motion for Reconsideration, any transfer of the claims in this action directed at Defendant would necessarily fragment this case inappropriately. Plaintiff raised this point on page 14 of his Motion for Reconsideration while noting that Defendant has also postulated this reason as an alternate ground for dismissing Plaintiff's claims in the Amended Complaint. To that end, Plaintiff stands by his prior remarks on this issue in the Motion for Reconsideration.

And finally, with respect to Plaintiff's request for clarification, Defendant knows full well what Plaintiff is asking of the Court, but, again, wishes to confuse the issue. Plaintiff cannot determine from the order if the Court intended to dismiss Plaintiff's claims against Defendant with prejudice. Naturally, if this is the case, Plaintiff cannot move to amend. If it is not, Plaintiff retains this ability. This is the extent of Plaintiff's request for clarification of the order, which Defendant also misrepresents was not previously raised by Plaintiff. In short, Plaintiff expressly stated in his response to Defendant's Motion to Dismiss that: "While Plaintiff declined to amend the Complaint as to King under the theory that sufficient causes of action remain, this would not be the case as to the WBA should we not prevail on this motion." *See* Pl.'s Resp. at 15, n. 9. Thus, contrary Defendant's assertion, Plaintiff did alert the Court of this request.

## Conclusion

The holding in *Luna Perez* is not irrelevant as Defendant would have the Court believe. This case exemplifies the principle as articulated by the United States Supreme Court in *Luna Perez* that internal resolution processes are not required where those processes cannot provide the relief requested. How much more significant this principle is in light of clear public policy as set forth

10



www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | p 305.371.6421

CASE NO. 21-CV-61654-WPD

in the Muhammad Ali Act and the RICO Statutes that damages are available for acts prohibited by those statutes.

Plaintiff is also not oblivious to the fact that Motions for Reconsideration are disfavored. Likewise, Plaintiff is not oblivious to the fact that judges do not generally appreciate claims that errors were made. Nonetheless, Plaintiff respectfully submits that the dismissal of Plaintiff's claims directed at Defendant in the Amended Complaint was erroneous and created a manifest injustice to Plaintiff.

WHEREFORE, Plaintiff, Mahmoud Charr, respectfully requests the Court grant Plaintiff's Motion for Reconsideration and vacate the order dismissing Plaintiff's claims against Defendant, World Boxing Association, Inc., in addition to any other relief the Court deems just and proper.

Dated: May 2, 2023

Respectfully submitted,

| | |
|---|---|
| **BLACK SREBNICK, P.A.**<br>201 S. Biscayne Blvd., Suite 1300<br>Miami, Florida 33131<br>305-371-6421 Telephone<br>305-358-2006 Fax<br><br>By:   Jared Lopez<br>      Jared Lopez, Esq.<br>      Florida Bar No. 103616<br>      Donald J. Hodson, Esq.<br>      Florida Bar No. 120256<br>      jlopez@RoyBlack.com<br>      dhodson@RoyBlack.com<br>      civilpleadings@royblack.com<br><br>*Counsel for Plaintiff Mahmoud Charr* | **DINES AND ENGLISH LLC**<br>685 Van Houten Avenue<br>Clifton, New Jersey 07013<br>973-778-7575 Telephone<br>973-778-7633 Fax<br><br>By:   /s/ Patrick C. English<br>      Patrick C. English, Esq.<br>      New Jersey Bar No. 023811978<br>      dinesandenglish@aol.com<br><br>*Counsel for Plaintiff Mahmoud Charr* |

11

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

CASE NO. 21-CV-61654-WPD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court this 2nd day of May, 2023, and electronically served via the CM/ECF system on: Alejandro Brito, Esq., Brito, PLLC, 2121 Ponce de Leon Boulevard, Coral Gables, Florida 33134, abrito@britopllc.com, apiriou@britopllc.com; Stacy J. Rodriguez, Actuate Law, 545 NW 26 St., Suite 640, Miami, Florida 33127, stacy.rodriguez@actuatelaw.com; Joseph J. Portuondo, Esq., 110 Merrick Way, Suite 3-B, Coral Gables, Florida 33134, jjp@portuondolaw.com.

By: /s/ Patrick English, Esq
    Patrick English