UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO. 21-CV-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation,
EPIC SPORTS AND ENTERTAINMENT,
INC., a Florida corporation,
WORLD BOXING ASSOCIATION, INC., a
foreign corporation, and
GILBERTO MENDOZA, JR., individually,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' BETTER RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Plaintiff, Mahmoud Charr ("Charr"), by and through his undersigned counsel, hereby files this Motion to Compel Defendants', Don King ("King"), Don King Productions, Inc. ("DKP"), and Epic Sports and Entertainment, Inc. ("Epic") (collectively "Defendants"), Better Responses to Plaintiff's First Request for Production served April 18, 2022, and in support thereof states:

    1.    On April 18, 2022, Plaintiff served a separate Request for Production on Defendants, King, DKP, and Epic, which are collectively represented by the same counsel in this lawsuit (Brito, LLC).

CASE NO. 21-CV-61654-WPD

2. On June 8, 2022, Defendants served their respective (and separate) responses to this discovery along with only a portion of the documents sought by Plaintiff's First Request for Production.

3. Plaintiff's Request No. 11 to Defendant, King, asked for "[a]ll documents related to any relationship between Don King and Epic Sports and Entertainment, Inc. including but not limited to: (a) all contracts; (b) documents evidencing monies paid to Epic Sports by King; (c) all correspondence between Epic Sports and King related to Mahmoud Charr; and (d) all documents related to any legal defense provided by King's attorneys to Epic Sports in this lawsuit."

4. Defendant replied: "King is not in possession, custody or control of documents responsive to this request" despite Plaintiff already having in his possession at least one contract evidencing a prior business relationship between Defendant, King, and Defendant, Epic, (as referenced in the Amended Complaint) and both defendants being represented by the same law firm and attorney in this lawsuit, Mr. Alejandro Brito of Brito, LLC.

5. Plaintiff's Request No. 15 to Defendant, King, asked for "[a]ll documents related to the cancellation of the World Boxing Association, Inc. purse bid for May 28, 2019." Defendant replied: "Documents responsive to this request will be produced" but did not produce all responsive documents.

6. Plaintiff's Request No. 30 to Defendant, King, asked for "[a]ll documents relied on by Don King as support for any of the affirmative defenses asserted in response to the Complaint filed in this action." Defendant replied: "King is not in possession, custody or control of documents responsive to this request."

7. Naturally, if these answers are true, there appears to be no identifiable, factual basis for Defendant, King, to deny the allegations in Plaintiff's lawsuit and/or to support

2



CASE NO. 21-CV-61654-WPD

Defendant's Affirmative Defenses to Plaintiff's claims in this case, which, even without more, warrants the striking of Defendant's Answer and Affirmative Defenses.

8. Alternatively, if Defendant has the requested items in his possession and simply failed to locate and procure this evidence in discovery consistent with his discovery obligations, Defendant should be sanctioned and ordered to produce this evidence immediately as Defendant has not objected to its production and, thus, prevented Plaintiff from prosecuting his claims by withholding this evidence.

9. Plaintiff's Request No. 11 to Defendant, DKP, similarly asked for "[a]ll documents related to any relationship between Don King and Epic Sports and Entertainment, Inc. including but not limited to: (a) all contracts; (b) documents evidencing monies paid to Epic Sports by King; (c) all correspondence between Epic Sports and King related to Mahmoud Charr; and (d) all documents related to any legal defense provided by King's attorneys to Epic Sports in this lawsuit."

10. Defendant (again) replied: "DKP is not in possession, custody or control of documents responsive to this request" despite Plaintiff already having in his possession at least one contract evidencing a prior business relationship between Defendant, DKP, and Defendant, Epic, (as referenced in the Amended Complaint) and both defendants being represented by the same law firm and attorney in this lawsuit, Mr. Alejandro Brito of Brito, LLC.

11. Plaintiff's Requests No. 12 through 17 to Defendant, DKP, asked for an assortment of documents and communications by and between between Defendant, DKP, and World Boxing Association, Inc. that concern the WBA's decision to strip "[Plaintiff] of the WBA 'Regular Heavyweight Champion title'"; to elevate Defendant, DKP's, own fighter (Trevor Bryan) to the title of WBA "Interim" Heavyweight Champion; to cancel the May 8, 2019

CASE NO. 21-CV-61654-WPD

purse bid; and to alter or otherwise use purse bid contracts that did not conform with WBA rules for the January 29, 2021 and March 2, 2020 WBA purse bids.

12. Defendant replied to Request Nos. 12 - 17 by stating that all "[d]ocuments responsive to [these] request[s] will be produced" but did not produced all responsive documents and communications in its possession.

13. Plaintiff's Requests No. 25 and No. 28 to Defendant, DKP, asked for "[a]ll correspondences between any non-party and Don King Productions, Inc. or any agent, employee, and/or representative of DKP, including, but not limited to, its attorneys, which relates to Mahmoud Charr" (Req. No. 25) and "[a]ll documents relating to any and all attempts by Don King Productions, Inc. to obtain a Visa for Mahmoud Charr" (Req. No. 28).

14. Defendant replied to both discovery requests by stating that "[d]ocuments responsive to this request will be produced" but has similarly failed to produce any/all responsive documents in its possession.

15. Plaintiff's Request No. 30 to Defendant, DKP, asked for "[a]ll documents relied on by Don King Productions, Inc. as support for any of the affirmative defenses asserted in response to the Complaint filed in this action" to which Defendant again replied that "[a]ll responsive [items] to this request will be produced" but has failed to produce any/all responsive documents in its possession.

16. Plaintiff's Request No. 11 to Defendant, Epic, asked for "[a]ll documents related to any relationship between Epic Sports Entertainment, Inc. and Don King including but not limited to: (a) agreements to promote Mahmoud Charr; (b) agreements to defend Epic Sports in this lawsuit; and (c) payments made to Epic Sports by Don King." Hence, the same argument applies.

4

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | p 305.371.6421 f 305-358-2006

CASE NO. 21-CV-61654-WPD

17. If this answer is true, there appears to be no identifiable, factual basis for Defendant, Epic, to deny the allegations in Plaintiff's lawsuit and/or to support Defendant's Affirmative Defenses in this case, which, even without more, warrants the striking of Defendant's Affirmative Defenses.

18. Alternatively, if Defendant, Epic, has the requested items in its possession and simply failed to locate and procure this evidence consistent with his discovery obligations, Defendant should be sanctioned and ordered to produce it immediately as Defendant has not objected to its production and prevented Plaintiff from prosecuting his claims by withholding this evidence.

19. Plaintiff's Request No. 12 to Defendant, Epic, asked for "[a]ll documents related to any relationship between Epic Sports and Entertainment, Inc. and Don King Productions, Inc. including but not limited to: (a) agreements to promote Mahmoud Charr; (b) agreements to defend Epic Sports in this lawsuit; and (c) payments made to Epic Sports by DKP."

20. Defendant, Epic, replied: "Documents relating to the promotion of Plaintiff that are requested in subparagraph (a) (as it pertains to DKP) will be produced. With respect to the remainder of this request, Epic Sports is not in possession, custody or control of documents responsive to this request."

21. In other words, Defendant's response as well as the discovery responses by Defendants, King and DKP, do not deny the existence of an agreement between Defendants, King and/or DKP, and Defendant, Epic, to defend Epic in this lawsuit, but instead, merely claim that none of the defendants have this evidence in their possession—despite being represented by the same attorney.

BlackSrebnick
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | p 305.371.6421 f 305.358-2006

CASE NO. 21-CV-61654-WPD

22. Defendant's response to this request as well as the discovery responses by Defendants, King and DKP, to the similar requests propounded by Plaintiff also do not deny that there is evidence of "payments made to Epic Sports by Don King," but instead, merely claim that none of the defendants have this evidence in their possession either—again, despite being represented by the same attorney.

23. Plaintiff's Requests No. 13 - 17 to Defendant, Epic, asked for an assortment of documents and communications by and between between Defendant, Epic, and World Boxing Association, Inc. ("WBA") concerning the decision to strip "[Plaintiff] of the WBA Regular Heavyweight Champion title"; to elevate Defendant, Epic's, own fighter (Trevor Bryan) to WBA "Interim" Heavyweight Champion; to use a purse bid contract that complied with WBA rules for the May 28, 2019 purse bid; and for "[a]ll documents related to the cancellation of the [WBA] purse bid scheduled for May 28, 2019."

24. Defendant, Epic, replied to Requests No. 13 - 15 and 17 by stating that "Epic Sports is not in possession, custody or control of documents responsive to this request" such that, once again, Defendants, King, DKP, and Epic, do not deny that the items sought by these requests exist, but instead, that none of the defendants nor their attorney have possession of this evidence.

25. Defendant, Epic, replied to Request No. 16 (i.e., seeking "[a]ll documents related to any attempts by Epic Sports and Entertainment, Inc. to comply with contract attached to the Complaint as Exhibit A and executed on or about May 26, 2019") by stating that all "[d]ocuments responsive to [these] request[s] will be produced" but did not produced all responsive documents and communications in its possession.

CASE NO. 21-CV-61654-WPD

26. Plaintiff's Request No. 18 to Defendant, Epic, asked for "[a]ll documents relied on by Epic Sports and Entertainment, Inc. as support for any affirmative defenses asserted in response to the Complaint filed in this action." As with Defendant, King's, response to the same request, Defendant, Epic, responded: "Epic Sports is not in possession, custody or control of documents responsive to this request." Hence, the same argument applies.

27. If Defendant, Epic's, response to this request is accurate, there appears to be no identifiable, factual basis for Defendant's Affirmative Defenses to Plaintiff's claims in this case, which, even without more, warrants the striking of Defendant's Affirmative Defenses.

28. Alternatively, if Defendant, Epic, does possess the requested information and has simply failed to locate and procure this evidence consistent with its discovery obligations, Defendant should be sanctioned and ordered to produce it immediately as Defendant has not objected to its production and has otherwise prevented Plaintiff from prosecuting his claims by withholding this evidence.

29. Plaintiff's Request No. 21 to Defendant, Epic, asked for "[a]ll other correspondence by and between Epic Sports and Entertainment, Inc. and any other defendants in this action including, but not limited to, written and electronic communications relating to Mahmoud Charr." As with Defendants, King and DKP's, responses to the same request, Defendant, Epic, replied: "Epic Sports is not in possession, custody or control of documents responsive to this request."

30. Again, it is readily inferred from Defendant's response as well from the responses provided by Defendants, King and DKP, to essentially the same discovery that none of these defendants are denying that such communications exist, but instead, claim that neither

CASE NO. 21-CV-61654-WPD

Defendant, King, DKP, nor Epic have this evidence in their possession (or in their attorney's possession), which is implausible.

31. Plaintiff's Request No. 22 to Defendant, Epic, similarly asks for "[a]ll other correspondence by and between Epic Sports and Entertainment, Inc. and any non-party including, but not limited to, written and electronic communications relating to Mahmoud Charr" to which Defendant offered the same answer: "Epic Sports is not in possession, custody or control of documents to this request." For the same reason, this is simply implausible.

32. In short, Defendants' responses to Plaintiff's aforesaid discovery requests are either inaccurate, incomplete, and/or woefully nonresponsive and have resulted in preventing Plaintiff from obtaining various evidence that is material to his claims against Defendants in this case. Additionally, Defendants have failed to timely object to the above discovery requests such that Defendants have waived any objection with respect to the production of this information.

WHEREFORE, Plaintiff, Mahmoud Charr, respectfully requests the Court impose sanctions against Defendants, Don King, Don King Productions, Inc., and Epic Sports and Entertainment, Inc. ("Defendants"), for failing to comply with their discovery obligations and order Defendants to provide better responses—and all documents responsive to—Plaintiff's Requests for Production, in addition to any other relief deemed just and proper.

## CONFERENCE PURSUANT TO LOCAL RULE 7.1

Plaintiff's counsel, Mr. Patrick English, has conferred about the issues raised in this motion with Defendant's counsel, Mr. Alejandro Brito, who opposes this motion and argues that all responsive evidence has been produced by Defendants. Accordingly, the Parties have satisfied the good-faith conference requirements under S.D. Fla. L. R. 7.1(a)(3) but were unable to reach an agreement as to the issues set forth herein.

CASE NO. 21-CV-61654-WPD

Dated: July 3, 2023.

Respectfully submitted,

| | |
|---|---|
| BLACK SREBNICK, P.A.<br>201 S. Biscayne Boulevard, Suite<br>Miami, Florida 33131<br>305-371-6421 Telephone<br>305-358-2006 Fax<br><br>By /s/ Jared Lopez<br>    Jared Lopez, Esq.<br>    Florida Bar No. 103616<br>    Donald J. Hodson, Esq.<br>    Florida Bar No. 120256<br>    JLopez@RoyBlack.com<br>    DHodson@RoyBlack.com<br>    civilpleadings@royblack.com<br><br>*Counsel for Mahmoud Charr* | DINES AND ENGLISH LLC<br>685 Van Houten Avenue<br>Clifton, New Jersey 07013<br>973-778-7575 Telephone<br>973-778-7633 Fax<br><br>By:   /s/ Patrick C. English<br>    Patrick English, Esq.<br>    New Jersey Bar No. 023811978<br>    dinesandenglish@aol.com<br><br>*Counsel for Mahmoud Charr* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court and electronically served via the CM/ECF system on July 3, 2023, to the following individuals: Alejandro Brito, Esq., Brito, PLLC, 2121 Ponce de Leon Boulevard, Coral Gables, Florida 33134, abrito@britopllc.com, apiriou@britopllc.com; and Joseph J. Portuondo, Esq., 110 Merrick Way, Suite 3-B, Coral Gables, Florida 33134, jjp@portuondolaw.com.

By: /s/ Patrick English, Esq
Patrick English