UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation,
EPIC SPORTS AND ENTERTAINMENT,
INC., a Florida corporation,
WORLD BOXING ASSOCIATION, INC., a
foreign corporation, and
GILBERTO MENDOZA, JR., individually,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION

THIS CAUSE is before the Court upon Plaintiff Mahmoud Charr ("Plaintiff" or "Charr")'s Motion for Reconsideration and Clarification (the "Motion") [DE 89]. The Court has carefully considered the Motion, Defendant World Boxing Association, Inc. ("WBA")'s Response [DE 90], Plaintiff's Reply [DE 93], arguments by counsel at the June 30, 2023 hearing, and is otherwise fully advised in the premises.

    **A.**    **Background**

On August 10, 2021, Plaintiff filed this action against Defendants Don King ("King"), Don King Productions, Inc. ("DPK"), Epic Sports and Entertainment ("Epic"), and John Does 1-5. *See* [DE 1]. Defendants King and DPK moved to dismiss and strike. *See* [DE 12]. On November 30, 2021, the Court entered an Order dismissing Count II -- Breach of Contract (Purse Bid Agreement) against DKP and Count IV -- Civil Conspiracy against King and DKP for

failure to state a claim pursuant to Rule 12(b)(6), striking the claims for attorney's fees, and denying the remainder of the motion. *See* [DE 24]. On December 8, 2021, Defendant Epic filed an answer to the Complaint; on December 13, 2021, Defendants King and DPK filed an answer to the Complaint. *See* [DE's 29, 32].

On August 3, 2022, the Court granted Plaintiff's Motion to Amend Complaint, which sought to include WBA and Gilberto Mendoza, Jr. ("Mendoza") as parties in this lawsuit and to assert additional claims against King, DPK, and Epic based on evidence obtained in discovery. *See* [DE's 43, 44]. On August 8, 2022, Plaintiff filed his Amended Complaint, the operative pleading. *See* [DE 45]. The Amended Complaint alleges that Defendants were trying to prohibit Plaintiff from participating in a heavyweight boxing match by failing to comply with the terms of a contract between DKP, Epic Sports and Plaintiff and also by exerting influence over the WBA so that the WBA would strip Plaintiff of his heavyweight title as a result of Plaintiff's failure to participate in the boxing match. *See id.*

The Amended Complaint alleges the following causes of action: Count I -- Violations of 15 USC §6308 against all Defendants; Count II --Violation of 18 USC §1962 against King, DKP, Mendoza and WBA; Count III -- Breach of Contract against DKP and Epic Sports; Count IV -- Breach of Contract against DKP; Count V --Tortious Interference with Business Relationship against King and DKP; Count VI -- Breach of Contract against WBA; and Count VII -- Civil Conspiracy against King, DKP, Mendoza and WBA. *See* [DE 45].

Defendants DKP and King filed a Motion to Dismiss and Motion to Strike, seeking to dismiss Counts I, II, IV and VII of the Amended Complaint for failure to state a claim upon which relief can be granted and to strike the requests for attorneys' fees in Counts III and IV. *See* [DE 52]. On October 31, 2022, the Court entered an Order on Defendants' Motion to Dismiss

Amended Complaint and Motion to Strike. *See* [DE 63].  Therein, the Court dismissed without prejudice Count II --Violation of RICO, 18 U.S.C. § 1692; dismissed with prejudice Count IV-- Breach of Contract (Purse Bid Agreement); struck the claims for attorney's fees in Counts III and IV; and denied the remainder of the motion. *See id.*  On November 14, 2022, Plaintiff filed a Notice of Intent to Proceed Forward with Remaining Counts Pursuant to October 31, 2022 Order, stating that Plaintiff would not be filing a Second Amended Complaint attempting to replead Count II. *See* [DE 67].

Defendant Gilberto Mendoza, Jr. filed his Answer and Affirmative Defenses to the Amended Complaint on November 1, 2022. *See* [DE 64].  Defendants Epic, King, and DPK filed their Answer and Affirmative Defenses to the Amended Complaint on November 28, 2022. *See* [DE's 69, 70].

On January 5, 2023, Defendant WBA filed a Motion to Dismiss Counts I, II, VI, and VII of the Amended Complaint. *See* [DE 74].  That Motion was fully briefed. *See* [DE's 84, 87].  On March 15, 2023, the Court entered an Order on Defendant WBA's Motion to Dismiss Counts I, II, VI, and VI of the Amended Complaint, granting the Motion. *See* [DE 88] (hereinafter, the "Dismissal Order").  Therein, the Court considered the WBA Rules attached to the Motion to Dismiss because the Amended Complaint relied on them repeatedly and expressly based Count VI on a breach of contract of the WBA Rules. *See* RULES OF WORLD BOXING ASSOCIATION (6/11/15) ("WBA Rules") [DE 74-1]; [DE 74] at pp. 6-7; [DE 84] at pp. 5-8. *See* [DE 88] at pp. 4-5. The WBA Rules provide in part that:

> "No member, boxer, promoter, manager, agent, or other person or entity, may seek relief in any court of a matter subject to reconsideration or appeal unless said party has first exhausted the administrative remedies provided in these [WBA] Rules." (WBA Rules F.17).

> In the context of such action against the WBA, [t]he sole and exclusive monetary remedy… shall be limited to a return of reasonable fees, expenses, or costs the Party has paid to the [WBA] giving rise to the Party's claim." (WBA Rules F.18.e).
>
> WBA shall not "be liable to any Party for punitive, consequential, direct, or indirect damages, including, but not limited to, lost profits, loss of earning capacity, delay, interest or attorney fees." (WBA Rules F.18.d).

*See* [DE 88] at p. 6.

In the Dismissal Order, the Court agreed with Defendant WBA that Plaintiff Charr had an obligation to pursue the WBA administrative remedies in a timely fashion before bringing this suit:

> Upon careful consideration, the Court agrees with Defendant WBA that, regardless of the form or theory of the individual claims pled against WBA, each of Charr's claims against WBA is rooted in allegations that WBA violated or failed to enforce its own rules and regulations governing the purported actions and events at issue.

[DE 88] at pp. 6-7.

> The Amended Complaint fails to adequately allege that this condition precedent to suit has been satisfied, which is fatal to these claims. Charr's response of futility is unavailing. This argument is impermissibly raised in the response brief, as it was not pled in the Amended Complaint. Moreover, "[t]he futility exception, however, requires more than that the grievance procedures be unpromising." *Jimenez v. Collier Transit Mgmt., Inc.*, 337 F. App'x 804, 808 (11th Cir. 2009). Rather, Plaintiff must ordinarily at least have attempted to use the administrative remedies as set forth in the WBA Rules and have been denied meaningful relief. *See id.*

[DE 88] at p. 7.

On April 4, 2023, Plaintiff filed the instant Motion for Reconsideration and Clarification. [DE 89].  Therein, Plaintiff seeks reconsideration of the Court's decision dismissing Counts I, II, VI, and VII of the Amended Complaint against the WBA.  Alternatively, in the event the Court denies reconsideration, Plaintiff seeks clarification as to whether the Court's dismissal of his claims against the WBA was with prejudice and whether the Dismissal Order allowed Plaintiff to move to amend the Amended Complaint. [DE 89]. The Court addresses these issues, in turn.

B.     Motion for Reconsideration

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision. *Id.* (citing *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)). Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F. Supp. 2d at 1369. "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

Upon careful consideration of the arguments raised in Plaintiff's Motion for Reconsideration, the Court finds that as to nearly every issue, Charr is merely disagreeing with the Court's previous rulings and attempting to relitigate issues the Court has already considered and rejected. These arguments include that Plaintiff did not need to plead exhaustion of remedies or futility because failure to exhaust is an affirmative defense; that Plaintiff was not required to proceed through WBA's administrative grievance process under the WBA Rules before bringing his claims against the WBA under Counts I, II, VI, and VII of the Amended Complaint because he had "no opportunity" to seek reconsideration and reinstatement of his championship title via WBA's administrative process; that the biased nature of the WBA's administrative process rendered the grievance procedures futile and thus voided the requirement that Plaintiff even attempt to seek relief under same prior to bringing suit against the WBA in

court. Additionally, Plaintiff's contentions in his Motion for Reconsideration that the Court erred in holding that each of Charr's claims against the WBA is rooted in allegations that the WBA violated or failed to enforce its own rules and regulations governing the purported actions and events at issue, regardless of the form or theory, and that the Court's ruling takes away rights expressly given by Congress, merely raise arguments already submitted by Charr in response to the Motion to Dismiss and disagree with the Court's rulings in its Dismissal Order.

Plaintiff also argues that reconsideration of the Dismissal Order is required because in *Luna Perez v. Sturgis Pub. Sch.*, 143 S. Ct. 859 (Mar. 21, 2023), the United States Supreme Court issued an opinion which Plaintiff "believe clarifies certain aspects of the law regarding exhaustion of remedies." [DE 89] at p. 7. In *Luna Perez,* the Supreme Court held that exhaustion of the administrative process under the Individuals With Disabilities Education Act (IDEA) is not always a prerequisite for seeking extra-IDEA relief under the Americans With Disabilities Act (ADA), another federal anti-discrimination statute. The Court finds that *Luna Perez* is readily distinguishable from this case and therefore does not present a controlling change in law relevant to the dismissal grounds relied upon in the Court's Dismissal Order. The WBA Rules are in stark contrast to the language of the IDEA under scrutiny in *Luna Perez*. The IDEA expressly clarifies that "'[n]othing in [IDEA] shall be construed to restrict' the ability of individuals to seek 'remedies' under the ADA or 'other Federal laws protecting the rights of children with disabilities.'" *Id.* at 3 (quoting 20 U.S.C. § 1415(l)). In contrast, the WBA Rules at issue here state that "[f]ailure to timely request reconsideration shall constitute a waiver by the boxer and his agents of any and all rights or claims. No additional remedy may be sought from a court of law." WBA Rules F.5.b. They state further that "[n]o member, boxer, promoter, manager, agent, or other person or entity, may seek relief in any court of a matter subject to

reconsideration or appeal unless said party has first exhausted the administrative remedies provided in these Rules." Id., at F.17.

Finally, Plaintiff raises several issues in his Motion for Reconsideration that he concedes were not the basis for the Court's dismissal of his claims against the WBA in the Dismissal Order.[1]  Of course, these are not proper grounds for reconsideration.

Based upon the foregoing, Plaintiff fails to meet the requirements for the extraordinary relief of reconsideration. Plaintiff's Motion for Reconsideration is **DENIED**.

**C.     Clarification**

A motion for clarification is a mechanism used to clarify the scope of the Court's prior order. By the instant Motion, Plaintiff asserts that he cannot determine from the Dismissal Order if the Court intended to dismiss Plaintiff's claims against the WBA with prejudice.  Plaintiff states that clarification is necessary so that Plaintiff can know whether he can move to amend. Upon careful consideration, Plaintiff's Motion for Clarification is **GRANTED**, as follows:

Because the Dismissal Order did not state that it dismissed Plaintiff's claims against the WBA with prejudice, the dismissal of those claims was without prejudice.  It did not prohibit Plaintiff from seeking leave to file an amended complaint, to the extent Plaintiff could do so in accordance with Rule 11 and the Court's rulings in the Dismissal Order.

---

[1] These issues are as follows:  "Point 6.  There is in The Court's Opinion a Suggestion that Plaintiff Never Referenced a Rule which was Allegedly Violated. This is Flatly Incorrect;" "Point 9.  The Court Incorrectly Suggests that Instances of an actual Impermissible Payment are not Specified;" and "Point 10.  The Court Has Jurisdiction Over Charr's Claims Against the WBA [because venue is permitted for Plaintiff's claims against the WBA outside of Pierce County, Washington]."

**D.     Conclusion**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Charr's Motion for Reconsideration and Clarification [DE 89] is **DENIED** as to the Motion for Reconsideration and **GRANTED** as to the Motion for Clarification, as set forth *supra*.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 5th day of July, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record