**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

CASE NO. 21-cv-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, DON KING PRODUCTIONS, INC.,
EPIC SPORTS AND ENTERTAINMENT, INC.,
WORLD BOXING ASSOCIATION, INC.,
and GILBERTO MENDOZA, JR.,

    Defendants.
_____/

**DEFENDANTS DON KING, DON KING PRODUCTIONS,
INC., AND EPIC SPORTS AND ENTERTAINMENT, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
BETTER RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

    Defendants DON KING ("King"), DON KING PRODUCTIONS, INC. ("DKP"), EPIC SPORTS AND ENTERTAINMENT, INC. ("Epic") (collectively hereinafter referred to as the "Defendants"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26, 34 and 37 and Local Rule 26.1, hereby submit this Memorandum in Opposition to Plaintiff's Motion To Compel Better Responses to Plaintiff's First Request for Production [D.E. 98] (the "Motion to Compel"), and in support state as follows:

**I.    Argument**

    **A.    Plaintiff's Motion is Procedurally Flawed**

    On April 18, 2022, Plaintiff served each of the Defendants with a Request for Production of Documents and First Set of Interrogatories. On June 8, 2022, after obtaining a brief extension of time in which to respond, Defendants each responded to Plaintiff's Request for Production of Documents and First Set of Interrogatories. Given the breadth and scope of the categories of the documents sought by Plaintiff, Defendants' Responses to Plaintiff's

Request for Production of Documents contained numerous objections. No genuine effort to substantively address the objections was made until May 16, 2023 (almost one year after the responses were served), when Plaintiff's counsel sent a letter to Defendants' counsel. *See* Exhibit A.[1]

Plaintiff's Motion to Compel[2], which was filed on July 3, 2023, is severely untimely and does not comply with Local Rule 26.1(g)(2)(A), which provides:

> A party must submit any discovery dispute to the Court by service of a motion (or, if the assigned judge prohibits discovery motions, in accordance with the assigned judge's discovery procedures) within the time periods set forth in (i)-(iv), as applicable:
>
> (i) for a discovery dispute relating to a written response or objection to a discovery request or to a privilege log, a party shall submit the dispute within twenty-eight (28) days of service of the written response or objection that is the subject of the dispute;

Local Rule 26.1(g)(2)(A).

Local Rule 26.1(g)(2)(B) states that "[f]ailure to submit a discovery dispute to the Court within the time periods set forth in (A)(i)-(iv), absent a showing of good cause, may, in the Court's discretion, constitute grounds for denial of the requested relief." Plaintiff's Motion to Compel sets forth no good faith showing as to why Plaintiff waited over one year in which to file the Motion to Compel since the time that Defendants objected to the Request for Production

---

[1] In Plaintiff's counsel's May 16, 2023 letter, Plaintiff raises arguments with respect to various document requests, yet the Motion to Compel appears to be limited only to the Request Numbers 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, 25, 28, and 30.

[2] Plaintiff's Motion to Compel is limited solely to the responses to the Request for Production of Documents and does not relate to Defendants' Answers to Plaintiff's First Set of Interrogatories.

of Documents. Standing alone, this serves as sufficient grounds for this Court to deny the Motion to Compel.

Plaintiff's Motion to Compel likewise fails to comply with Local Rule 26.1(g)(3), which provides that "[i]f applicable, the moving party must attach to the motion the disputed discovery item and any objection and response thereto." Plaintiff's Motion to Compel does not attach either Plaintiff's document requests or the responses from any of the Defendants (which made responding to Plaintiff's Motion to Compel, which reverts between the different documents requests served on each of the Defendants, challenging).

### B.     Plaintiff's Motion Is Also Substantively Deficient

**1.     *Request number 11*** - Request number 11 seeks the production of any written agreements between the Defendants. Defendant Epic has stated that "Documents relating to the promotion of Plaintiff that are requested in subparagraph (a) (as it pertains to DKP) will be produced." Indeed, the responsive document was produced. In addition, it bears noting that the document was also attached to Plaintiff's Complaint as Exhibit B. *See* D.E. 1, Ex. B. Defendant DKP inadvertently stated that it did not possess responsive documents when, in reality, it was the party who produced the document to Plaintiff in discovery. In his Motion, Plaintiff elects to ignore Defendant Epic's response and elects not to inform the Court that it is already in possession of the responsive document.

**2.     *Request numbers 12 through 17*** – as noted in the Motion to Compel, these requests seek "an assortment of documents and communications by and between between [*sic*] Defendant, DKP, and World Boxing Association, Inc. that concern the WBA's decision to strip "[Plaintiff] of the WBA 'Regular Heavyweight Champion title'"; to elevate Defendant, DKP's, own fighter (Trevor Bryan) to the title of WBA "Interim" Heavyweight [*sic*] Champion; to cancel the purse bid; and to alter or otherwise use purse bid contracts that did not conform

with WBA rules for the January 29, 2021 and March 2, 2020 WBA purse bids." *See* D.E. 98, ¶11. In response to each of these requests, DKP produced responsive documents. Plaintiff contends in his Motion to Compel that DKP "did not produce all responsive documents." *See* D.E. 98, ¶5. Plaintiff makes no effort in explaining his position as to which documents were allegedly not produced that are responsive to this request.

As these requests relate to Epic, they are listed as Request numbers 13 - 15 and 17[3], to which Epic stated that it was "not in possession, custody or control of documents responsive to this request." Again, Plaintiff takes issue with the response but fails to articulate a genuine basis for its position. For example, Plaintiff presumptively is claiming that Epic should possess documents relating to "the selection or elevation of Trevor Bryan to the position of World Boxing Association, Inc. ("WBA") "Interim" Heavyweight Champion," as set forth in request number 15. However, as Plaintiff knows, Epic does not represent Trevor Bryan (given the DKP does) and, as such, there is no reasonable basis why Epic would possess documents relating to the ranking of a fighter that it does not represent.

---

[3]   Namely, the requests directed to Epic are:

13.   All correspondence between Epic Sports and Entertainment, Inc. ("Epic Sports") and any agent, employee, and/or representative of World Boxing Association, Inc. ("WBA") regarding stripping Mahmoud Charr of the WBA "Regular" Heavyweight Champion title.

14.   All correspondence between Epic Sports Entertainment, Inc. ("Epic Sports") and any agent, employee, and/or representative of World Boxing Association, Inc. ("WBA") regarding stripping Mahmoud Charr of the WBA "Interim" Heavyweight Champion title.

15.   All documents related to the selection or elevation of Trevor Bryan to the position of World Boxing Association, Inc. ("WBA") "Interim" Heavyweight Champion.

17.   All documents related to the cancellation of the World Boxing Association, Inc. ("WBA") purse bid scheduled for May 28, 2019.

3. ***Request numbers 21 and 22*** – here, Plaintiff sought from Epic "[a]ll other correspondence by and between Epic Sports and Entertainment, Inc. and any other defendants in this action including, but not limited to, written and electronic communications relating to Mahmoud Charr." Epic plainly stated that "it is not in possession, custody or control of documents responsive to this request." Plaintiff, without much elaboration, takes the position that such a response is implausible.

Plaintiff likewise raises an "implausibility" argument as it pertains to request 22 upon Epic which also sought communications between Epic and third parties relating to Plaintiff. Notwithstanding Plaintiff's bald contention, Epic does not possess any such documents.

4. ***Request numbers 25 and 28*** - these requests were directed to DKP and sought "[a]ll correspondences between any non-party and Don King Productions, Inc. or any agent, employee, and/or representative of DKP, including, but not limited to, its attorneys, which relates to Mahmoud Charr" and "[a]ll documents relating to any and all attempts by Don King Productions, Inc. to obtain a Visa for Mahmoud Charr," respectively. DKP has stated that it would produce responsive documents, which it did. Plaintiff claims, once again, that not all responsive documents have been produced, but offers no support for this contention. Moreover, Plaintiff offers no proposed solution to this discovery dispute.

5. ***Request numbers 30 and 18*** – here, in request number 30 Plaintiff seeks that King produce "[a]ll documents relied on by Don King as support for any of the affirmative defenses asserted in response to the Complaint filed in this action." King has stated that he "is not in possession, custody or control of documents responsive to this request." Plaintiff takes issue with the response and contends that King's failure to possess responsive documents is tantamount to King lacking an ability to deny the allegations in the Amended Complaint. *See* D.E. 98, ¶6. This contention is lacking in merit and plainly ignores the legal nature of the

affirmative defenses in the Answer and also ignores the relationship between the parties. Specifically, King has no relationship with Plaintiff. The claims alleged by Plaintiff are that he entered into a contractual relationship with DKP, not King. A request identical to request number 30 was sent to DKP, to which DKP agreed to produce responsive documents. A distinction between DKP and King is important given the nature of claims in the Amended Complaint. The only cause of action alleged against King is Count I, for an alleged violation of the Muhammad Ali Act. That claim alleges that King was engaged in alleging paying compensation or giving gifts to employees of the WBA. Plaintiff has produced no documents to substantiate that claim. Yet, he takes issue with King not possessing documents which support any affirmative defenses that King may rely upon. It is unclear what Plaintiff seeks to obtain in relation to Request number 30. In any event, the motion to compel any further response should be denied.

Similarly, in his request number 18 to Epic, Plaintiff seeks documents relied upon by Epic in support of its affirmative defenses. The claims alleged against Epic are Count I (violation of the Muhammad Ali Act) and Count III (Breach of Promoter Agreement). For the same reasons that King does not possess documents relating to the alleged bribes, Epic likewise possesses no such documents. As it pertains to Count III, the Promoter Agreement was attached to the Complaint and was likewise produced in discovery. The legal nature of the affirmative defenses simply underscores the absence of documents to be produced.

## II.     An Award of Attorney's Fees is Warranted

Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure provides:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order

>   this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

*Fed.R.Civ.P.* 37(a)(5)(B).

Given the fatal flaws in Plaintiff's Motion to Compel (both procedurally and substantively) and the absence of any basis to support Plaintiff's Motion, Defendants submit that an award of their reasonable expenses incurred in opposing the Motion to Compel, including attorney's fees, is warranted.

### III.   Conclusion

**WHEREFORE**, Defendants, Don King, Don King Promotions, Inc. and Epic Sports and Entertainment, Inc. respectfully request that this Court enter an Order: (a) summarily denying Plaintiff's Motion To Compel Defendants' Better Responses To Plaintiff's First Request For Production, and (b) pursuant to Federal Rule 37(a)(5)(B), awarding Defendants their reasonable expenses incurred in opposing the Motion to Compel, including attorney's fees.

Dated: July 10, 2023                          Respectfully submitted,

                                                   **BRITO, PLLC**
*Counsel for Defendants*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, Florida 33131
Telephone: 305.624.4071
Facsimile: 305.440.4385

By: /s/ *Alejandro Brito*
     **ALEJANDRO BRITO**
     Florida Bar No. 098442
     E-mail: abrito@britopllc.com
     Secondary: apiriou@britopllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 10, 2023 the foregoing was served via the Court's CM/ECF System upon:

Patrick English, Esq.
New Jersey Bar No. 023811978
dinesandenglish@aol.com
DINES AND ENGLISH LLC
685 Van Houten Avenue
Clifton, New Jersey 07013
973-778-7575 Telephone
973-778-7633 Fax
*Counsel for Plaintiff Mahmoud Charr*

Jared Lopez, Esq.
Florida Bar No. 103616
Donald Hodson, Esq.
Florida Bar 120256
BLACK SREBNICK, P.A.
201 S. Biscayne Boulevard
Suite 1300
Miami, Florida 33131
305-371-6421 Telephone
305-358-2006 Fax
JLopez@RoyBlack.com
DHodson@RoyBlack.com
civilpleadings@royblack.com
*Counsel for Plaintiff Mahmoud Charr*

Joseph J. Portuando, Esq.
110 Merrick Way
Suite 3-B
Coral Gables, FL 33134
JJP@portuandolaw.com
*Counsel for Defendant Gilberto Mendoza, Jr.*

By: /s/ *Alejandro Brito*