UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

MAHMOUD CHARR,

          CASE NO. 21-CV-61654-WPD

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation, EPIC SPORTS AND
ENTERTAINMENT, INC., a Florida
corporation, and JOHN DOES 1-5,

    Defendants.
_____/

### DEFENDANT GILBERTO MENDOZA, JR.'s RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

#### I. INTRODUCTION AND RELIEF REQUESTED

On July 3, 2023, Plaintiff Mahmoud Charr ("Charr") filed a motion seeking "entry of an order compelling Defendant, Gilberto Mendoza, Jr., [("Mendoza" or "Defendant")] to provide his responses to Plaintiff's First Request for Production within fourteen (14) days."

This Court should deny Plaintiff's Motion to Compel ("Motion") for three reasons. First, Plaintiff's motion is untimely and procedurally improper. Second, Plaintiff's motion is moot because Defendant produced hundreds of pages responsive to Plaintiff's requests. Third, Plaintiff's motion should be denied because Plaintiff's requests primarily seek information outside Mendoza's possession, custody, and control. This Court should deny Plaintiff's Motion.

1

## II. FACTS

Charr served his First Request for Production on Defendant Mendoza on February 15, 2023. Charr erroneously alleges in his Motion that he served these requests on September 23, 2022. Motion at 1. This is untrue. Mendoza received no discovery request of any kind from Charr in September 2022.

Since February 15, 2023, counsel for Mendoza has been working with counsel for Charr and counsel for the World Boxing Association, Inc. ("WBA") to produce responsive records. Charr does not allege that Mendoza has missed any deadline, given Charr's agreement to extend any deadlines. Motion at 1. Counsel for Charr, Mendoza, and the WBA agreed that Mendoza would produce records in his possession, custody, and control as they became available.

While the parties had not established a firm deadline (which explains the lack of any alleged deadline in Charr's motion), Mendoza and the WBA attempted to convey responsive documents the week before Charr filed his motion. On June 27, 2023, counsel disclosed to Charr's attorney many responsive documents by email, but technical difficulties prevented effective transmission of the email. Accordingly, counsel inquired whether Charr would prefer to receive the documents via cloud-sharing immediately, or via thumb drive. Charr's Counsel stated his preference for a physical thumb drive. Thus, counsel for WBA and Mendoza agreed to physically bring the relevant documents (via thumb drive) to the court hearing scheduled for June 30, 2023. Because Charr's counsel did not appear at that hearing and instead attended via video conference the thumb drive was not handed over. Instead, counsel for Mendoza and the WBA arranged for the thumb drive to be mailed on July 3, 2023—the very day Charr filed his motion to compel.

On July 3, Mendoza and the WBA produced hundreds of pages of responsive records.

### III.  ARGUMENT

A.    <u>**Charr's Motion is Procedurally Improper and Fails to Comply with Local Rules**</u>

Under the local rules, a party must bring a motion relating to a discovery dispute "within twenty-eight (28) days of the service of the written response or objection" or "within twenty-eight (28) days of the date when the issue was first raised with the opposing party." Local Rule 26.1(g)(2)(A)(i), (iv). "Failure to submit a discovery dispute to the Court within the time periods set forth in [the local rules] absent a showing of good cause may, in the Court's discretion, constitute grounds for denial of the requested relief." *Id.* 26.1(g)(2)(B).

The discovery procedures for this matter, set out attached to the Court's General Order on Discovery Objections and Procedures at Dkt 36, further requires that the "movant shall include in the motion a certificate of good faith that complies with S.D. Fla. L.R. 7.1(a)(3) and that *specifically states the meaningful telephonic or in person conferral that was made by the parties*. A general statement that the parties conferred but were unable to resolve the issues is not sufficient and may result in the Motion being denied without prejudice." Dkt. 36 at 4 (emphasis added).

Charr has made no effort to comply with the relevant local rules and procedures. His motion flagrantly misstates the date he first served his Requests for Production on Mendoza by approximately five months. The only alleged "deadline" he alleges has passed (October 22, 2022) occurred months before he ever served any discovery requests and is well outside the 28-day window for filing discovery motions. On Charr's very admission, he himself agreed to extend the relevant discovery deadlines. *See* Motion at 1-2 (stating that the parties "continue to be engaged in discussions about the outstanding discovery" as recently as the filing of Charr's motion) Motion at 1-2. Even if Charr had not agreed to these "numerous extensions" and his

3

Requests for Production were due 30 days after service, Charr's motion comes months late and must be denied for failure to comply with Local Rule 26.1(g)(2)(A).[1]

Further, Charr's "Certificate of Conference Pursuant to Local Rule 7.1" presents a textbook example of the noncompliant "general statement" that fails to provide any meaningful information about the conference or the dispute to the Court. Charr's motion should be denied.

**B.**     **Charr's Motion Should be Denied as Moot**

Where a defendant provides responsive records to a Request for Production of Documents, a pending motion to compel production of those same documents becomes moot. *See, e.g.*, *Guest v. Carnival Corp.*, 917 F. Supp.2d 1242, 1247-48 (S.D. Fla. 2012); *Fed. Deposit Ins. Corp. v. Brudnicki*, 2013 WL 12087174 at *1 (N.D. Fla. 2013) ("Although production of the requested documents was delayed and Defendants were required to file their motion to compel because [Plaintiff] had refused to produce the documents, the requested documents are now being produced within an expedited time frame so that Defendants will have the benefit of these documents to the extent they are necessary to conduct further discovery. The Court therefore concludes that the motion to compel is moot.").

As explained above, Mendoza produced responsive documents to Charr's discovery requests on July 3, 2023, the very same date Plaintiff filed his motion. Because Mendoza has now responded to Charr's requests for production, his motion to compel alleging otherwise has become moot.

**C.**     **Charr Seeks Records Outside Mendoza's Possession, Custody, and Control, and Outside the Lawful Scope of Discovery**

---

[1] Charr appears to have filed his motion on the mistaken belief that "the discovery cut-off in this case is currently scheduled for July 3, 2023." Motion at 2. Per the Court's Scheduling Order, the discovery cutoff in this matter is set for October 1, 2023. Dkt. 76 at 2.

4

Charr has not provided the relevant Requests for Production for the Court's review. However, 41 of his 51 Requests for Production of documents seek not records of Defendant Mendoza but corporate records of the WBA. Though Mendoza is President of the WBA, Charr's efforts to seek WBA records from Mendoza in his personal capacity unlawfully ignores the WBA's corporate form and is an improper use of discovery. These 41 requests seek information outside Mendoza's possession, custody, and control and he cannot be compelled to respond to such requests.

A corporate officer lacks "control" over records such that discovery requests are properly directed to the entity itself. *See Siegmund v. Xuelian*, 2016 WL 1359595, *2 (S.D. Fla. 2016) *aff'd by* 746 Fed. App'x 889 (11th Cir. 2018) (A ruling that a former director "had control over the requested documents such that they could be compelled to produce them . . . improperly 'disregard[ed] [an entity's] corporate form and its existence as a distinct legal entity.'") (quoting *Am. Maplan Corp. v. Heilmayr*, 203 FRD 499, 502 (D. Kan. 2001)). A business's records should be sought directly from the business. *Id.*

The remaining 10 requests for production (Charr's Requests 2, 4, 7, 9, 25-28, 34, and 49) largely seek information outside the lawful scope of discovery because they largely seek information about Mendoza's wedding and details about his assets and real property. Charr has not even raised the efficacy of these requests for production in his motion; rather he simply demands that Mendoza provide a response which he has now done.

Charr's disregard for WBA's corporate form also requires denial of his motion.

### IV.  CONCLUSION

For the foregoing reasons, Defendant Mendoza respectfully requests that Charr's Motion to Compel be **DENIED** in full.

Dated:  July 15, 2023					Respectfully submitted

                                                    Joseph J. Portuondo, Esq.
                                                    110 Merrick Way
                                                    Suite 3 - B
                                                    Coral Gables, Florida 33134
                                                    PH:    (305) 666 - 6640
                                                    Email: jjp@portuondolaw.com

                                                    By: *Joseph J. Portuondo*
                                                        Joseph J. Portuondo, Esq.
                                                       Fla. Bar No. 310034

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record to the Service List below.

                                                    By: /s/*Joseph J. Portuondo*
                                                        Joseph J. Portuondo, Esq.

## SERVICE LIST
*CASE NO.  21-CV-61654-WPD*

Alejandro Brito, Esq.
Brito, PLLC
2121 Ponce de Leon Blvd
Suite 650
Coral Gables, FL 33134
(305) 614 - 4071
abrito@britopllc.com
Counsel for Don King,
*Don King Productions, Inc.* and
*Epic Sport and Entertainment, Inc.*

Jared Lopez, Esq.
Black Srebrink P.A.
201 S. Biscayne Blvd
Suite 1300
Miami, FL 33131
(305) 358 - 6421
mailto:Jlopez@RoyBlack.com
*Counsel for Plaintiff*

Stacy J. Rodriguez, Esq.
ACTUATE LAW, LLC
641 W. Lake Street, 5th Floor
Chicago, Illinois 60661
(312) 462-0543
stacy.rodriguez@actuatelaw.com
*Counsel for World Boxing Association*

Patrick English, Esq.
Dines and English
685 Van Houten Avenue
Clifton, NJ 07013
(973) 778 - 7575
dineandenglish@aol.com
*Counsel for Plaintiff*

Gabriel Hinman, Esq.
Smith Alling, P.S.
1501 Dock Street
Tacoma, Washington 98402
(253) 627-1091
Gabe@smithalling.com
*Counsel for World Boxing Association*

Robert Mack, Esq.
Smith Alling, P.S.
1501 Dock Street
Tacoma, Washington 98402
(253) 627-1091
Rmack@smithalling.com
*Counsel for World Boxing Association*