UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

MAHMOUD CHARR,                                         CASE NO. 21-cv-61654-WPD

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a foreign corporation,
EPIC SPORTS AND ENTERTAINMENT, INC., a Florida corporation,
WORLD BOXING ASSOCIATION, INC., a foreign corporation, and
GILBERTO MENDOZA, JR., individually
    Defendants.
_____/

**PLAINTIFF'S REPLY TO RESPONSE OF DON KING, DON KING PRODUCTIONS INC. AND EPIC SPORTS AND ENTERTAINMENT INC. <u>CONSOLIDATED OPPOSITION TO MOTION TO COMPEL</u>**

    Plaintiff Mahmoud Charr states this Reply to the Responses of Don King and Don King Productions to Plaintiff's motion to compel:

    1.    The Motion to compel is not procedurally flawed. The response tells only half the story.

    2.    While defendant served a response on June 8, 2022, <u>they served no documents</u>. Without being able to review the documents it was impossible to determine the adequacy of the response.

    3.    Counsel for Plaintiff followed up numerous times. During the week of April 21 Plaintiff had a call with Mr. Brito regarding the lack of Production. Then on April 28, 2023 a zoom



call was held. Among the other topics discussed was the document production by Don King, Don King Productions and Epic Sports.

4. It was not until the week of May 9, 2023 that any documents were produced. We cannot give the exact date due to a computer malfunction.

5. By May 12, counsel for plaintiff had an opportunity to review the handful of documents provided. The production was grossly deficient. As a result, counsel for Mr. Charr wrote a detailed letter outlining the deficiencies. A copy of that letter which includes the language of the requests are annexed hereto as Exhibit A.

6. We did not get any response at all. We received no objection or claim that the documents we sought were irrelevant or otherwise protected under any privilege.

7. We therefore sent a follow up email on June 21 in which Exhibit A was again sent. We pointed out that we had received no response and asked if there would be one. We again enclosed exhibit A. A copy of that email is annexed as Exhibit B.

8. Mr. Brito became unavailable due to a trip outside the county, a fact we learned when we called to press on the documents.

9. On June 23 in an email primarily about difficulties that the Mendoza/King defendants were having we reminded him once again that documents were due from the King defendants. See Exhibit C.

10. On July 3, 2023 we filed the motion to compel as it was clear we were being stonewalled.

11. Even after the motion was filed, we pointed out on July 6. 2023 that " ... you should provide "the documents I requested in an earlier letter, and which are the topic of a pending

motion." See exhibit C. Thus, the motion was filed well within 28 days of the time we realized that we were being stonewalled on production.

12. On the substance, we refer the Court to Exhibit A which outlines each request in detail and why what was produced was deficient. The relevance of the documents requested is straightforward.

13. With reference to the specific response to request 11 appearing at section B (1) of Defendant's memorandum, this is simply an untruth. We have been in contact with counsel for Epic who has informed us that there was no request to them by Mr. Brito to produce documents. We have been in touch with counsel for Epic regarding settlement discussions which, as is permitted, we can ethically do.

14. We honestly do not comprehend the position of the King Defendant as regards to requests 12-17, made at (8)(2) of their memorandum. King, for instance, has two attorneys working on this matter. Yet non-privileged communications between them and the WBA were not produced. Clearly, they were under his control. We have pointed this out to Mr. Brito, but the deficiency still exists. Moreover, based upon a recent production by the WBA it clearly appears that they retained monies paid by the King Defendants in direct violation of the Muhammad Ali Act There are no documents as to this provided. Mr. Brito is aware that King has asserted this because he in turn asserted it on behalf of the King defendants.

15. With respect to reference to Epic we have previously stated the basis for the request. Counsel for Epic has asserted that they were not even contacted to provide documents. See paragraph 13 herein.

16. As to requests 21 and 22. We are aware King and Epic entered a co-promotion Agreement A very poor copy is annexed to the Complaint. It is logical to assume that Epic has a

3



better copy. Again, according to Epic's independent counsel it was not even contacted for production.

17. The DKP defendants say there is no basis for requests 25 and 28. This is balderdash. We know for a fact since prior to this litigation that attorney Carl Lewis was assigned by the King Defendants the acquisition of a Visa for Charr. These would not be privileged. Not one document was produced.

18. The King defendants claim they have no documents related to affirmative defenses We will accept that representation and anticipate that they will be barred from attempting to use documents of this nature at trial.

19. We are well aware of Rule 37 (a)(5) (B) of the Federal Rules of Civil Procedure. If any award of fees is warranted, we respectfully submit it should be against Defendants as they have, in a massive way, failed to comply with their discovery obligations

Dated: July 24, 2023

    Respectfully submitted,

**BLACK SREBNICK, P.A.**
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
305-371-6421 Telephone
305-358-2006 Fax

By: /s/ Jared Lopez
    Jared Lopez, Esq.
    Florida Bar No. 103616
    Tazio A. Heller, Esq.
    Florida Bar No. 1031521
    JLopez@royblack.com
    THeller@RoyBlack.com
    civilpleadings@royblack.com



*Counsel for Plaintiff Mahmoud Charr*

**DINES AND ENGLISH LLC**
685 Van Houten Avenue
Clifton, New Jersey 07013
973-778-7575 Telephone
973-778-7633 Fax

By:   /s/ Patrick C. English
         Patrick English, Esq.
         New Jersey Bar No. 023811978
         dinesandenglish@aol.com

*Counsel for Plaintiff Mahmoud Charr*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY a true and correct copy of the foregoing was filed with the Court this 24th day of July 2023 and electronically served via the CM/ECF Court E-Filing system on: Alejandro Brito, Esq., Brito, PLLC, 2121 Ponce de Leon Boulevard, Coral Gables, Florida 33134, abrito@britopllc.com, apiriou@britopllc.com; Stacy J. Rodriguez, Actuate Law, 545 NW 26 St., Suite 640, Miami, Florida 33127, stacy.rodriguez@actuatelaw.com; Joseph J. Portuondo, Esq., 110 Merrick Way, Suite 3-B, Coral Gables, Florida 33134, jjp@portuondolaw.com.

By: /s/ Jared Lopez
      Jared Lopez, Esq.