# EXHIBIT A

# DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW
685 VAN HOUTEN AVENUE
CLIFTON, NEW JERSEY 07013

(973) 778-7575
FACSIMILE
(973) 778-7633

PATRICK C. ENGLISH
Email: dinesandenglish@aol.com
ALSO ADMITTED IN
THE UNITED STATES
DISTRICT COURTS FOR THE
SOUTHERN AND EASTERN DISTRICTS OF
NEW YORK, CONNECTICUT,
AND THE NORTHERN DISTRICT OF ILLINOIS

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
Email: jsdinesandenglish@verizon.net
OF COUNSEL
ALSO ADMITTED IN NEW YORK

May 16, 2023

Alejandro Brito
Brito, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134

Charr v. King et. al.

Dear Mr. Brito,

I have now reviewed the documents you sent last week.

When we last spoke you were going to look at the RFP's in light of the present posture of the case. As far as I can discern you have not done so.

I send this email do address deficiencies.

First, as to Epic. I am involved in another matter with John Wirt, Epic's Attorney and a part owner. He informed me that Epic was not contacted to produce documents. The production bears that out in that I can see no documents generated by or to Epic. It appears that the relatively scant documentation comes from the files of DKP's attorneys. You are representing Epic and this is a significant omission.

Secondly Mr. Lewis, one of DKP's attorneys, played a major role here. It is obvious that his files were not culled for discoverable documents. I am producing material involving myself and him but there is more as he claimed he was obtaining a P-1 Visa for Charr on behalf of DKP. As one


Exhibit A

of Mr. King's attorneys King/DKP is required to produce material from his files. It very clearly appears no attempt was made to do so. Documents which he holds are relevant as to numerous aspects of this case.

We turn to the individual Demands to King and DKP

The first DKP Demand is for "All documents related to monies transferred to World Boxing Association, Inc. ("WBA") by Don King Productions, Inc. ("DKP") or any agent, employee, and/or representative of DKP including but not limited to its attorneys."A similar request was made of King.

There are no responsive documents produced at all. This is relevant for two reasons: First we are aware that you alleged that DKP had overpaid the WBA and the strong implication was that the WBA "owed" King/DKP". This is a facial violation of the Muhammad Ali Act, and we cannot determine the accuracy without the documents we requested.

Secondly it goes to our allegation that other Ali Act violations occurred as well. Thus this is highly relevant and appropriate documents must be produced.

In order to forestall future issues, we note that NABA is in our view a subdivision of the WBA and the NABA President is and was the WBA Chief of Staff.

The next request is to produce "All documents related to items of value transferred to World Boxing Association, Inc. ("WBA") by Don King Productions, Inc. ("DKP") or any agent, employee, and/or representative of DKP including but not limited to its attorneys." A similar request was made King. There is a reason this is written this way. We are aware that certain promoters have seemingly provided vacations to Mr. Mendoza; we are also aware that Mr. Gonzales at least attended Mr. Mendoza's now infamous wedding. He is one of DKP's attorneys. Also, given that King has referred to Mendoza as his godson it seems unlikely that nothing was given.

RFP's 3 and 4 relate to SCS. We are aware that DKP and King have denied giving anything to SCS. If there are no such documents then nothing need be produced, but this should be double checked.

RFP 5 and 6 is similar to RFP 1 and 2 except it is particularized to Mendoza and his son. Thus my comments are equally applicable.

RFP 7 and 8 refer specifically to a WBA affiliated person, Ms. Cuba. She is related to SCS: if there are no documents so be it, but given the fact that it is apparent from the production that no thorough search was made I ask that further search be made.

RFP 10 reads "All documents related to deposits held by World Boxing Association, Inc. ("WBA") in connection with or otherwise deposited by Don King Productions, Inc. ("DKP") including but not limited to any demands by DKP for return of said deposits." Given that you, as a representative of DKP have alleged overpayments were made (as noted, an Ali Act violation) documents should exist, yet nothing at all was produced. If your allegation was true, there would have to be documentation.

RFP 11 reads "All document related to any relationship between Don King Productions, Inc. ("DKP") and Epic Sports and Entertainment, Inc. ("Epic Sports") including but not limited to: (a) all contracts; (b) documents evidencing monies paid to Epic Sports by DKP; (c) all correspondences between Epic Sports and DKP related to Mahmoud Charr; and (d) all documents related to any legal defense provided by DKP's attorneys to Epic Sports in this lawsuit." Yet, though we know that DKP and Epic partnered with respect to Charr no documents related to this category were produced. This even includes three party contracts and contract drafts, which we know exist. Documents responsive to this category go to our breach of contract count (at a minimum) and should be produced. Similarly any indemnification agreements are relevant and must be produced.

RFP's 12, 13, and 14 all have similar infirmities. There are a handful of documents from attorneys but as far as we can tell nothing from King or DKP. This leads us to believe that no real search was made . It must be. Please recall that we have been dealing with such matters for 40

years and are well aware that in normal circumstances there would be significant documentation

RFP 15 is significant. It requests "all documents related to the cancellation of the World Boxing Association, Inc. ("WBA") purse bid scheduled for May 28, 2019". As we understand it the bid was cancelled at the joint request of the King Parties and Epic. Yet there is not a single document relating to that. That is an impossibility and representations made to the WBA on this issue are a significant item in this litigation. We again point out that you represent both the King parties and Epic

RFP 16 and RFP 17 are seemingly not responded to at all. As you know, for the January 29 purse bid the standard contract was to be used. DKP declined to execute it and the WBA did not act on a default request and then went to a bid on March 3 with non standard terms. I see nothing related to this.

RFP 18 requests "All documents related to the WBA "Interim" Heavyweight title bout between Trevor Bryan and B.J. Flores including those reflecting sanction fees, applications to the World Boxing Association, Inc. ("WBA") to sanction the bout, site contracts, bout contracts, telecast contracts, and correspondences between the WBA and Don King Productions, Inc. ("DKP") concerning the bout." The bout between Bryan and Flores is a precursor to what transpired subsequently, but there is no application, no grant by the WBA, and no transmittals. All of these would be required and therefore presumably exist. Sanction fees are also highly relevant. For this bout we will waive the remainder of this request.

RFP 19 calls for the production of all documents related to the WBA "Regular" Heavyweight title bout between Trevor Bryan and Bermane Stiverne including applications to the World Boxing Association, Inc. ("WBA") requesting the bout be for the WBA "Regular" Heavyweight title, site contracts, bout contracts, telecast contracts, and correspondences between the WBA and Don King Productions, Inc. ("DKP") concerning the bout. There is an application dated 10/4/19 which may or may not relate to the Stiverne bout (we cannot tell) There are no transmittals, no indication of any response, and it does not appear to bear the signature of Trevor Bryan. Beyond that, there is nothing as far as we can tell. Sanction fees are

relevant to, inter alia, the assertion of WBA overpayments. Transmittals would show the context. The economic items and bout contracts would go to show the economic incentive to DKP and King to bypass Charr. These should be provided.

RFP 20 and RFP 21 are similar, with 20 relating the to "All documents related to the bout between Trevor Bryan and Jonathan Guidry including applications to the World Boxing Association, Inc. ("WBA") requesting the bout be for the WBA "Regular" Heavyweight title, site contracts, bout contracts, telecast contracts, and correspondences between the WBA and Don King Productions, Inc. ("DKP") concerning the bout."

RFP 22 calls for "All documents relating to the litigation pending in the United States District Court for the Southern District of New York between Don King Productions, Inc. ("DKP") and World Boxing Association, Inc. ("WBA") including all pleadings, filings, communications, and other non-privileged information exchanged during discovery." While it is accurate that pleadings are available the remainder of the request is not. This is particularly relevant because, as we understand it there were two mediation sessions and many other communications, including a DKP statement, conveyed through you, that King/DKP had overpayed the WBA. This goes directly to claims of Ali Act violations and sports bribery. Relevant documents must be produced. We note that since the RFP was sent the case was dismissed, but the documents should nonetheless be sent.

RFP 23 calls for "A copy of any and all wedding invitations sent by Gilberto Mendoza to Don King Productions, Inc. ("DKP") or any agent, employee, and/or representative of DKP including but not limited to its attorneys."We are aware of the text blatantly calling for money from promoters, managers, and their representatives (including DKP attorney Tony Gonzalez). This is evidence of Ali Act violations and conspiracy.

RFP 24 calls for "All other correspondences between any defendant in this action and Don King Productions, Inc. ("DKP") or any agent, employee, and/or representative of DKP including but not limited to its attorneys, which relates to Mahmoud Charr "and 25 requests "All other correspondences between any non-party and Don King Productions, Inc. ("DKP") or any agent, employee, and/or representative of DKP, including but not limited to its attorneys, which relates to Mahmoud Charr". There would be at a minimum correspondence between

DKP and with Epic. Mr. Lewis supposedly corresponded with third parties regarding immigration matters. It is clear that there was no good faith effort to search and produce.

I will waive the requirement to produce pleadings in other cases (RFP 26).

RFP 27 requests "A copy of the multi-bout Promotional Contract between Don King Productions, Inc. ("DKP") and Trevor Bryan." The relevance of this is to compare the amount Bryan got as opposed to the amounts Mr. Charr would have received. This goes to the question of damages.

RFP 28 requests "All documents relating to any and all attempts by Don King Productions, Inc. ("DKP") to obtain a Visa for Mahmoud Charr." This is a crucial set of documents and would come from the files of Mr. Lewis who purported to be attempting to obtain the Visa. This would be a major part of a claim against DKP. Yet there is nothing at all on this. We have already commented on the lack of documents from Mr. Lewis.

RFP 29 requests "All documents relating to claims by World Boxing Association, Inc. ("WBA") that monies or funds are currently owed and/or were previously owed to the WBA by Don King Productions, Inc. ("DKP")." There is a typo so what we are asking about is the claim that the WBA was overpaid . You are aware of that claim as you made it. Documents supporting that allegation should be produced as it goes directly to Ali Act claims, as well as other claims.

RFP 30 requests "All documents relied on by Don King Productions, Inc. ("DKP") as support for any of the affirmative defenses asserted in response to the Complaint filed in this action." As there are no documents which are seemingly responsive to this request are we to believe that there are none?

RFP 32 requests "All documents reflecting the identity of each individual or entity with an ownership interest in Don King Productions, Inc. ("DKP") as well as the amount of each individual or entity's respective ownership interest." If Don King is the sole owner I would accept a stipulation rather than the necessity of producing documents. If not, documents should be produced.

The RFP's to Don King are virtually identical, but the obligations are independent. The arguments made herein are equally applicable.

I am reluctant to get in a bitter back and forth on this, but it is entirely clear that almost no effort was made by the King defendants to meet their production obligations and no effort at all by Epic to meet its production obligation. We ask you to remedy this immediately.

The purpose of this email is to attempt to resolve a discovery dispute prior to requesting Court intervention. I am a firm believer in discussing matters by phone and if there are individual aspects you would like to discuss please feel free to call me.

Very truly yours,

Patrick C. English

CC: All Counsel