UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

MAHMOUD CHARR,

                                                                                              CASE NO. 21-CV-61654-WPD

         Plaintiff,

  v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a
foreign corporation, EPIC SPORTS AND
ENTERTAINMENT, INC., a Florida
corporation, WORLD BOXING ASSOCIATION,
INC., a foreign corporation, and GILBERTO
MENDOZA, JR., individually,
                                                                                               /

         Defendants.

### DEFENDANT GILBERTO MENDOZA, JR.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

      The deadline to file Motions to Amend Pleadings or Add Parties passed on July 1, 2023 pursuant to this Court's January 10, 2023 Scheduling Order, per stipulation of the parties. Dkt. 76. The Court denied Plaintiff Mahmoud Charr's ("Charr") and Defendant Gilberto Mendoza, Jr.'s request to extend the deadlines in that Scheduling Order on June 29, 2023. Dkt. 96.

      Now that the deadline has passed, Charr seeks leave to amend—apparently primarily to replead various dismissed claims against former Defendant World Boxing Association, Inc. ("WBA") and his Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against all Defendants. Because Charr has not shown that he exercised due diligence as required

1

by Federal Rule 16(b), and because he has already waived an express opportunity to amend his RICO claims, this Court should deny his untimely motion and limit Charr to the remaining claims in his Amended Complaint.

## I. PROCEDURAL HISTORY

Charr filed his complaint against Defendants Don King, Don King Productions, Inc. ("DKP"), and Epic Sports and Entertainment, Inc. ("Epic") (collectively the "King Defendants") on August 10, 2021—nearly two years ago. Dkt. 1. A year later, after dismissal of some of Charr's claims, the Court granted Charr's motion to amend his complaint and he added new allegations against the existing defendants, as well as against new Defendants Mendoza and the World Boxing Association, Inc. ("WBA"), essentially treating these two Defendants as identical in all respects. Dkt. 43, 44. Mendoza filed an answer to Charr's Amended Complaint on November 1, 2022. Dkt. 64.

On October 31, 2022, this Court dismissed Charr's RICO claims with prejudice because he failed "to plead the pattern of racketeering activity with the required particularity." Dkt. 63 at 6. Given two weeks to decide whether to amend this claim or proceed with the remaining claims, Charr opted to proceed and abandon his RICO claim. Dkt. 67. Though he stated his Notice was "not intended to impact Count II as to Defendants, Gilberto Mendoza, Jr. and World Boxing Association, Inc.," Charr did not move to amend his RICO claims against these Defendants within the timeline provided by the Court.

The parties jointly submitted a proposed updated scheduling order to reset all pretrial deadlines and set a new a new trial date for March 4, 2024. Dkt. 75. The Court accepted the parties' joint proposal and entered the scheduling order as agreed-upon on January 10, 2023.

2

Dkt. 76. Under that updated schedule, the deadline for motions to amend pleadings or add parties was July 1, 2023. *Id.*

Despite dismissal of Charr's claims against Defendant WBA on March 15, 2023, Charr made no effort to amend his complaint at that time. *See* Dkt. 88. On June 28, 2023, Charr and Mendoza filed a joint motion to reset the trial date and extend all deadlines by sixty days, which would have made the new deadline for amendment of pleadings September 1, 2023. Dkt. 95. The Court denied this motion, finding that "[t]he Court does not normally extend deadlines once set in a scheduling order, the Court has already extended the deadlines in this case by a full year, and the Court does not find good cause to grant the requested extensions here." Dkt. 96. The July 1 deadline fell on a Saturday; accordingly, Mendoza filed his Motion to Amend Answer on Monday, July 3, 2023, the last day such a motion remained timely. *See* Fed. R. Civ P. 6(a)(1)(C).

Charr waited until the July 1, 2023, deadline expired and filed his untimely motion to amend on July 24, 2023. Dkt. 109.

## II.  ARGUMENT

### A.  Charr's Motion is Untimely

"[W]here a party seeks leave to amend after the deadline to do so has passed, the movant must do more than argue leave is due under Rule 15(a). That is, the movant must also show 'good cause' under Rule 16(b) in order to obtain the right to amend." *Nunez v. City of Pompano Beach*, Case No. 20-62626-CIV-DIMITROULEAS, 2021 WL 9957665, at *1 (S.D. Fla. Sept. 22, 2021) (quoting *Banuchi v. City of Homestead et al.*, No. 20-25133-CIV, 2021 WL 4264254, at *3 (S.D. Fla. Sept. 20, 2021). Rule 16(b)(4) provides that the Court's scheduling order "may be modified only for good cause and with the judge's consent." "Only if 'good cause' for an

untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play." *Nunez*, 2021 WL 9957665 at *1 (quoting *Banuchi*, 2021 WL 4264254, at *3)). "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Charr has utterly failed to show good cause to ignore the Court's scheduling order. In fact, Charr and Mendoza already moved to reset the scheduling deadlines in this case and that motion was denied because the "Court [did] not find good cause to grant the requested extensions." Dkt. 96 at 1. Thus, Mendoza filed a Motion to Amend his Answer on July 3, the final day such a motion remained timely under the scheduling order. *See* Dkt. 99.[1] Charr did not seek leave to amend until the deadline had passed weeks before.

**B.     Charr Has Failed to Show Good Cause or Diligence**

As stated above, a party seeking to amend after the scheduling order deadline has passed must "show 'good cause' under Rule 16(b)." *Nunez*, 2021 WL 9957665, at *1. Rule 16(b)'s good cause requirement "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1419 (quoting Fed. R. Civ. P. 16 advisory committee's notes). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

---

[1] The deadline for amendment of pleadings fell on Saturday, July 1, 2023, making the final day for a timely motion Monday, July 3, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C).

4

Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted).

Here, Charr has made no effort to show diligence of any kind. His motion does not even acknowledge its untimeliness, the scheduling order, or Rule 16(b). Instead, Charr cites to Rule 15(a) and its application in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). *See* Motion ¶ 15-16, 22. Charr provides no explanation for why he did not seek leave to amend months ago when his claims against WBA were dismissed without prejudice. Instead, he conclusively states that "[t]here has been no undue delay here" without any explanation. Motion ¶ 20. Because Charr has not even attempted to show the diligence required to disregard the scheduling order under Rule 16(b) his request for untimely leave to amend his complaint should be denied.

C.  **Charr's New Allegations Do Not Constitute Good Cause**

Charr alleges that "[s]ince the Court's ruling new information has come to light . . . that King and DKP have overpaid the World Boxing Association" and "a witness has come forward . . . who would testify that he heard a conversation." Motion ¶ 17. Charr neither provides his alleged "new information" to the Court, nor does he identify his new "witness."

Leave to amend a pleading "may be denied because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421

5

F.3d 1227, 1236 (11th Cir. 2005) (quoting *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Among other proposed changes, Charr seeks to revitalize his dismissed Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against King, DKP, Mendoza, and the WBA. But Charr waived his right to replead this count nearly a year ago on November 14, 2022. Dkt. 67. When this Court dismissed Charr's RICO claims, it required Charr to "either file a Second Amended Complaint attempting to replead Count II or file a Notice stating it intends to proceed forward on the remaining counts." Dkt. 63 at 9. Charr filed a "Notice of Intent to Proceed Forward with Remaining Counts pursuant to the Order entered by the Court," thereby waiving any RICO claims. Dkt. 67 at 2.[2] Though Charr alleged that his Notice "is not intended to impact Count II as to Defendants, Gilberto Mendoza, Jr. and World Boxing Association, Inc.," Charr did not seek leave to file a Second Amended Complaint as to those Defendants either. Instead, he allowed the Order of dismissal to stand as to all parties until the current motion—approximately eight months later. Charr's delayed effort to revitalize a dismissed claim he has already waived does not show due diligence under Rule 16(b).

Charr also adds various new vague allegations that, for example:

> Charr was injured by defendants King, DKP, Mendoza, and the WBA through a conspiracy between them to do an unlawful act and/or to do a lawful act by unlawful means; by doing the overt acts described in this complaint with damage to plaintiff as a result of the acts performed pursuant to the conspiracy.

---

[2] While Charr alleged that his Notice "is not intended to impact Count II as to Defendants, Gilberto Mendoza, Jr. and World Boxing Association, Inc.," Charr did not seek

Proposed Second Amended Complaint ¶ 165. This proposed addition is the exact sort of "naked assertion of conspiracy" that fails to meet federal pleading standards. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (1955).

Charr's remaining proposed additions add little to the case and the Court should deny them. *See, e.g.*, Proposed Second Amended Complaint ¶¶ 31 ("Mendoza has complete control over the WBA"); 96 (purporting to interpret payments from King to WBA as evidence of unlawful conduct). All these proposed additions add little to the case and would be futile, as well as untimely under the Court's scheduling order.

### III.  CONCLUSION

Mendoza respectfully requests that this Court deny Charr's untimely Motion for Leave to File Second Amended Complaint.

>Joseph J. Portuondo, Esq.
>110 Merrick Way
>Suite 3 - B
>Coral Gables, Florida 33134
>PH:    (305) 666 - 6640
>Email: jjp@portuondolaw.com
>
>By: *Joseph J. Portuondo*
>     Joseph J. Portuondo, Esq.
>     Fla. Bar No. 310034

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record to the Service List below:

>By: /s/ *Joseph J. Portuondo*
>     Joseph J. Portuondo, Esq.

7

**SERVICE LIST**
*CASE NO. 21-CV-61654-WPD*

Alejandro Brito, Esq.
Brito, PLLC
2121 Ponce de Leon Blvd
Suite 650
Coral Gables, FL 33134
(305) 614 - 4071
abrito@britopllc.com
*Counsel for Don King,*
*Don King Productions, Inc.* and
*Epic Sport and Entertainment, Inc.*

Patrick English, Esq.
Dines and English
685 Van Houten Avenue
Clifton, NJ 07013
(973) 778 - 7575
dineandenglish@aol.com
*Counsel for Plaintiff*

Donald J. Hodson, Esq.
Black Srebrink P.A.
201 S. Biscayne Blvd
Suite 1300
Miami, FL 33131
(305) 358 - 6421
dhodson@RoyBlack.com
*Counsel for Plaintiff*

Jared Lopez, Esq.
Black Srebrink P.A.
201 S. Biscayne Blvd
Suite 1300
Miami, FL 33131
(305) 358 - 6421
Jlopez@RoyBlack.com
*Counsel for Plaintiff*

Stacy J. Rodriguez, Esq.
ACTUATE LAW, LLC
641 W. Lake Street, 5th Floor
Chicago, Illinois 60661
(312) 462-0543
stacy.rodriguez@actuatelaw.com
*Counsel for World Boxing Association*

Robert Mack, Esq.
Smith Alling, P.S.
1501 Dock Street
Tacoma, Washington 98402
(253) 627-1091
Rmack@smithalling.com
*Counsel for World Boxing Association*

Gabriel Hinman, Esq.
Smith Alling, P.S.
1501 Dock Street
Tacoma, Washington 98402
(253) 627-1091
Gabe@smithalling.com
*Counsel for World Boxing Association*