UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

MAHMOUD CHARR,                                              CASE NO. 21-cv-61654-WPD

    Plaintiff,

v.

DON KING, individually,
DON KING PRODUCTIONS, INC., a foreign corporation,
EPIC SPORTS AND ENTERTAINMENT, INC., a Florida corporation,
WORLD BOXING ASSOCIATION, INC., a foreign corporation, and
GILBERTO MENDOZA, JR., individually
    Defendants.
_____/

**PLAINTIFF MAHMOUD CHARR'S REPLY MEMORANDUM TO DEFENDANT MENDOZA'S RESPONSE IN SUPPORT OF PLAINTIFFS' <u>MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

    Mendoza's response begins with an assertion that we are out of time to file the motion, contending that this Motion should have been filed by July 1. Yet, this Court's ruling of July 5 (D.E. 101) expressly gave leave to file an amended complaint within the confines of Rule 11. Much has happened since that ruling. It is set forth in the accompanying Declaration of Mr. English. *See* Exhibit 1.

    Long ago, counsel for Mr. Charr timely served a subpoena on the World Boxing Association (WBA) even before they were initially joined in this action. They also timely served discovery on its President, Gilberto Mendoza, Jr.'s counsel was informed that Robert Mack, counsel for the WBA, was responsible for compiling documents on behalf of both the WBA and Mendoza.



www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006

For months Mr. English would request the status of document production and disclosure at least twice a week. There is concurrently a motion to compel pending.

On July 10, five days after the Court's ruling, Mr. Charr's counsel received a tranche of documents from the WBA/Mendoza. Upon review of those documents we discovered an accounting purporting to show a series of payments by Don King/Don King Productions (hereinafter King). This showed that King had paid over five hundred thirty-six thousand dollars $536,000) to the WBA and were held by the WBA as of the time of the accounting. The accounting showed that as a direct result of the actions taken by the WBA and Mendoza with respect to Charr the WBA netted one hundred ninety-seven thousand dollars ($197,000). These payments were clearly in violation of the Muhammad Ali Act, and we believe they constitute Sports Bribery.

Coincidentally, during the week of July 17, 2023 a witness disclosed that he was present when Don King discussed the balance he had with the WBA in the presence of Gilberto Mendoza, Junior.

On July 21, 2023, counsel for Mr. Charr received from a third party a copy of a letter purportedly from Gilberto Mendoza, Jr. soliciting advance "sanction fees" which in fact appeared to be a bribe. A demand for admission was very quickly sent to Defendant Mendoza. On the same date, we received from a third party a text exchange regarding a meeting pertaining to plaintiff. Neither the letter nor the text exchange had been provided by Mendoza or the WBA.

This Motion to Amend was filed on July 26, 2023. As the above timeline shows there was no undue delay at all. There was no lack of diligence as asserted by defendant Mendoza. The motion was in keeping with this Court's Order of July 5, 2023. It is shameful indeed for Mendoza to argue there was no due diligence, particularly given the very many calls asking Mendoza and the WBA to produce documents and the timeline above.

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305.358-2006

As to the RICO Count, we now have concrete evidence of a series of payments by King to the WBA. We now know that the WBA pocketed some one hundred and ninety-seven thousand dollars ($197,000.) We have in our possession a letter to a third party specifically requesting money as an advance on fees for bouts not scheduled – a bribe, part of a pattern of activity. We did not have that information as of July 1, but the actions of the WBA/Mendoza clearly fit the pattern of racketeering activity as set forth in RICO. This new information is contained in the proposed amended complaint.

It is axiomatic that we could not allege facts we did not have. It is also axiomatic that Mendoza and the WBA should not be heard to complain of any delay when they delayed production until after the deadline but well within the time frame contemplated by the Court in its July 5 Order.

Subsection C of Mendoza's reply alleges there is no just cause to allow this amendment. However, we now have information we did not have before. We have an accounting marked "Confidential" showing a series of transactions with King reflecting that he has paid them well over five hundred thousand dollars in excess of what they were entitled to. We have the document showing that by stripping Mr. Charr the WBA netted one hundred ninety-seven thousand dollars from King over what it would be entitled to. Clearly, as alleged, this violates the Muhammad Ali Act and, in common parlance, may fairly be described as bribes. The WBA/Mendoza had this document but did not timely produce it until after the Court's ruling.

We have a letter, facially authored by Gilberto Mendoza, Jr., signed by him and on WBA stationary, agreeing to a scheme for payment of advance sanction fees. Again this is a facial Violation of the Muhammad Ali Act but also reflects sports bribery. As with the King payments it

reflects a pattern of prohibited activity falling squarely into RICO. This letter was not provided by the WBA/Mendoza as part of discovery, but we provided a copy immediately.

We have a text exchange with one of the "fixers" and Mendoza discussing the fact that a "meeting" was held (quotes in the original) at which the fate of Charr was discussed. This text exchange was not provided by the WBA/Mendoza but upon receipt we provided it to them. We now have a witness who was present when King asserted in the presence of Mendoza that he had provided funds to the WBA.

If these new revelations do not constitute "good cause" nothing would.

At page 8 of its memorandum *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) is cited. Yet the amended complaint is not at all a "naked assertion" of the type disfavored in *Twombly*. We refer the Court to paragraph 31 alleging that Mendoza has "complete control over the WBA." While we believe the allegations contained in the general statement of facts are sufficient with regards to RICO they are supplemented by specifics in paragraphs 98 and 99 of the proposed amended complaint which very specifically allege the bribes made by the King defendants to the WBA. Those allegations are incorporated into the RICO count in paragraph 107 and referenced also in Paragraphs 115 and 117. There is nothing vague about it.

## CONCLUSION

Most respectfully, the response of Mendoza is without merit. New and specific information has been disclosed since the Court ruled. The Court very specifically allowed an application to amend in its order of July 5 so long as proper under rule 11. We are doing so.

The motion should be granted.

Dated: August 14, 2023

BlackSrebnick
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | p 305.371.6421 f 305-358-2006

    Respectfully submitted,

**BLACK SREBNICK, P.A.**
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
305-371-6421 Telephone
305-358-2006 Fax

By:   /s/ Jared Lopez
      Jared Lopez, Esq.
      Florida Bar No. 103616
      Tazio A. Heller, Esq.
      Florida Bar No. 1031521
      JLopez@royblack.com
      THeller@RoyBlack.com
      civilpleadings@royblack.com

*Counsel for Plaintiff Mahmoud Charr*

**DINES AND ENGLISH LLC**
685 Van Houten Avenue
Clifton, New Jersey 07013
973-778-7575 Telephone
973-778-7633 Fax

By:   /s/ Patrick C. English
      Patrick English, Esq.
      New Jersey Bar No. 023811978
      dinesandenglish@aol.com

*Counsel for Plaintiff Mahmoud Charr*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY a true and correct copy of the foregoing was filed with the Court this 14th day of August 2023 and electronically served via the CM/ECF Court E-Filing system on: Alejandro Brito, Esq., Brito, PLLC, 2121 Ponce de Leon Boulevard, Coral Gables, Florida 33134, abrito@britopllc.com, apiriou@britopllc.com; Stacy J. Rodriguez, Actuate Law, 545 NW 26 St., Suite 640, Miami, Florida 33127, stacy.rodriguez@actuatelaw.com; Joseph J. Portuondo, Esq., 110 Merrick Way, Suite 3-B, Coral Gables, Florida 33134, jjp@portuondolaw.com.

By: /s/ Jared Lopez
Jared Lopez, Esq.

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421 *f* 305-358-2006