# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO. 21-CV-61654-WPD

MAHMOUD CHARR,

    Plaintiff,

v.

DON KING, individually,

DON KING PRODUCTIONS, INC., a foreign corporation, EPIC SPORTS AND ENTERTAINMENT, INC., a Florida corporation, WORLD BOXING ASSOCIATION, INC., a foreign corporation, and GILBERTO MENDOZA, JR., individually,

    Defendants.

_____/

## DECLARATION OF PATRICK C. ENGLISH IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1. I am lead Counsel for Mahmoud Charr in the above matter.

2. The purpose of this Declaration is to dispel any argument that there was lack of diligence or undue delay in the filing of this motion.

3. We timely served a subpoena on the World Boxing Association (WBA) even before they were initially joined in this action. We also timely served discovery on its President, Gilberto Mendoza, Jr.

4. We were informed that Robert Mack, counsel for the WBA, was responsible for compiling documents on behalf of both the WBA and Mendoza.

5. For literally months I would request the status of document production and disclosure at least twice a week. There is concurrently a motion to compel pending.

6. On July 10, I received a tranche of documents from the WBA. Upon review of those documents we discovered an accounting purporting to show a series of payments by Don King/Don King Productions (hereinafter King) . This showed that King had paid over five hundred thirty six thousand dollars $536,000) to the WBA and were held by the WBA as of the time of the accounting. The accounting showed that as a direct result of the actions taken by the WBA and Mendoza with respect to Charr the WBA netted one hundred ninety seven thousand dollars ($197,000). These payments were clearly in violation of the Muhammad Ali Act and we believe they constitutes Sports Bribery.

7. Coincidentally, during the week of July 17, 2023 a witness disclosed that he was present when Don King discussed the balance he had with the WBA in the presence of Gilberto Mendoza, Junior.

8. On July 21, 2023 I received from a third party a copy of a letter purportedly from Gilberto Mendoza, Jr soliciting advance "sanction fees" which in fact appeared to be a bribe. A demand for admission was very quickly sent to Defendant Mendoza. On the same date I received from a third party a text exchange regarding a meeting pertaining to plaintiff. This exchange had not been provided by Mendoza.

9. This Motion to Amend was filed on July 26, 2023. As the above time line shows there was no undue delay at all.

10. We note that both the WBA and Mendoza are severely remiss in their document production obligations. One reason given is that they do not know how to retrieve WhatsApp and text communications and that certain WBA officials have failed to cooperate.

I hereby certify that the above is true. I recognize that if willfully false I am subject to punishment.

---------/-------------- Date: 8/14/23
Patrick C. English